UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ZURICH AMERICAN INSURANCE COMPANY,<br><br>　　　　Defendant. | Civil Action No. 21-CV-11530-ADB |

## ANSWER OF DEFENDANT ZURICH AMERICAN INSURANCE COMPANY

Defendant Zurich American Insurance Company ("Zurich"), by their undersigned attorneys, hereby answers the Complaint filed by Plaintiff President and Fellows of Harvard College's ("Harvard"). Except as expressly admitted, Zurich denies each and every allegation, statement, and matter contained in the Complaint, including all information contained in headings.

## PRELIMINARY STATEMENT

1.　　The allegations contained in paragraph 1 of the Complaint do not allege facts, and therefore require neither an admission nor denial. To the extent the allegations contained in paragraph 1 of the Complaint require a response, Zurich denies the allegations of paragraph 1 except admits that Harvard filed this lawsuit seeking recovery of defense costs allegedly incurred by Harvard in connection with an underlying lawsuit filed against Harvard.

2.　　Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and therefore denies them.

3.　　Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and therefore denies them. Zurich

respectfully refers to any such complaint in the case captioned *Students for Fair Admissions, Inc. v. President and Fellows of Harvard College (Harvard Corporation), et al.*, No. 1:14-cv-14176-ADB (the "SFFA Action") for a true and correct statement of its contents.

4. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and therefore denies them.

5. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and therefore denies them.

6. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and therefore denies them.

7. Denies the allegations contained in paragraph 7 of the Complaint except admits that Harvard sought coverage for the SFFA Claim under a primary Educational Institution Risk Protector liability insurance policy issued by National Union Fire Insurance Company of Pittsburgh, Pa. ("AIG") for the policy period of November 1, 2014 to November 1, 2015 with policy number 01-817-25-28 (the "AIG Policy").

8. Admits the allegations contained in paragraph 8 of the Complaint.

9. Denies the allegations contained in paragraph 9 of the Complaint, except admits that Zurich issued to Harvard a Zurich Excess Select Insurance Policy for the policy period of November 1, 2014 to November 1, 2015 with policy number IPR 3792308-03 (the "Zurich Policy").

10. Admits the allegations contained in paragraph 10 of the Complaint.

11. Denies the allegations contained in paragraph 11 of the Complaint, except admits that the Zurich Policy is excess to the AIG Policy, and refers to the Zurich Policy for its terms, conditions and limitations.

12. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and therefore denies them.

13. Denies the allegations contained in paragraph 13 of the Complaint except admits that Zurich has denied coverage for the SFFA Claim.

14. The allegations contained in paragraph 14 of the Complaint do not allege facts, and therefore require neither an admission nor denial. To the extent the allegations contained in paragraph 14 of the Complaint require a response, Zurich denies the allegations contained in paragraph 14 of the Complaint, and respectfully refers all questions of law to the Court.

## JURISDICTION AND VENUE

15. The allegations of paragraph 15 of the Complaint consist of a legal conclusion to which no response is required. To the extent that a response is deemed required, Zurich denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and refers all questions of law to the Court.

16. Zurich denies the allegations in Paragraph 16 of the Complaint and refers all questions of law to the Court.

17. The allegations of paragraph 17 of the Complaint consist of a legal conclusion to which no response is required. To the extent that a response is deemed required, Zurich denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and refers all questions of law to the Court.

## PARTIES

18. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and therefore denies them.

19. Admits.

## FACTUAL BACKGROUND

    A.    **The SFFA Claim**

20. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and therefore denies them.

21. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and therefore denies them.

22. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and therefore denies them.  Zurich respectfully refers to the alleged SSFA's complaint for its true and correct contents.

23. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and therefore denies them.  Zurich respectfully refers to the alleged SSFA's complaint for its true and correct contents.

24. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and therefore denies them.

25. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and therefore denies them.

26. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint and therefore denies them.

27. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint and therefore denies them.

28. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint and therefore denies them.

### B. The Insurance Policies

29. Admits.

30. Denies the allegations of paragraph 30 of the Complaint except admits that the Zurich Policy provides for an aggregate limit of liability of $15,000,000 and refers to the Zurich Policy for its complete terms, conditions and limitations.

31. Denies the allegations of paragraph 31 of the Complaint and refers to the Zurich Policy for its complete terms, conditions and limitations.

32. Admits.

33. Denies the allegations of paragraph 33 of the Complaint, except admits that the AIG Policy provided a $25 million aggregate limit of liability and a $2.5 million self-insured retention, and refers to the AIG Policy for the terms, conditions and limitations thereof.

34. Denies the allegations of paragraph 34 of the Complaint, and refers to the Zurich Policy for the terms, conditions and limitations thereof.

35. Denies the allegations of paragraph 35 of the Complaint, except admits that the quoted language appears in the Insuring Clause of the Zurich Policy but is not a complete recitation of such provision, and refers to the Zurich Policy for the terms, conditions and limitations thereof.

36. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint and therefore denies them.

37. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint and therefore denies them.

38. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and therefore denies them.

### C. Zurich's Denial of Coverage for the SFFA Claim

39. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint and therefore denies them.

40. Denies the allegations contained in paragraph 40 of the Complaint.

41. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint and therefore denies them.

42. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint and therefore denies them.

43. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint and therefore denies them.

44. Denies the allegations of paragraph 44 of the Complaint, except admits that Harvard provided Zurich with first notice of the SFFA Action on May 23, 2017.

45. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint and therefore denies them.

46. Denies the allegations of paragraph 46 of the Complaint, except admits that Zurich disclaimed coverage for the SFFA Claim by letter dated October 25, 2017 and refers to that letter for its true and complete contents.

47. Denies the allegations of paragraph 47 of the Complaint and refers to the letters for their true and complete contents.

48. Denies the allegations of paragraph 48 of the Complaint, except admits that the quoted language appears in but is not a complete quotation of the language of the Zurich Policy, and refers to the Zurich Policy for its complete terms, conditions and limitations.

- 6 -
4876-3905-7419.1

49. Denies the allegations of paragraph 49 of the Complaint, except admits that the Zurich Policy identifies the AIG Policy as the "Followed Policy," and refers to the Zurich Policy for its complete terms, conditions and limitations.

50. Denies the allegations of paragraph 50 of the Complaint and refers the Court to the AIG Policy for its complete terms, conditions and limitations.

51. Denies the allegations contained in paragraph 51 of the Complaint and refers all questions of law to the Court.

52. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint and therefore denies them.

53. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint and therefore denies them.

54. Denies the allegations contained in paragraph 54 of the Complaint and refers all questions of law to the Court.

55. Denies the allegations of paragraph 55 of the Complaint, except admits that Harvard and Zurich entered into a tolling agreement and refers to the tolling agreement for its true and complete contents.

## COUNT I
## BREACH OF CONTRACT

56. Zurich adopts and incorporates its prior responses to Paragraphs 1 through 55 of the Complaint as if fully set forth herein.

57. Denies the allegations of paragraph 57 of the Complaint, except admits that Harvard has paid the premiums for the Zurich Policy.

58. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint and therefore denies them

59. Denies the allegations of paragraph 59 of the Complaint.

60. Denies the allegations of paragraph 60 of the Complaint and refers all questions of law to the Court.

61. Denies the allegations of paragraph 61 of the Complaint and refers all questions of law to the Court.

62. Denies the allegations of paragraph 62 of the Complaint and refers all questions of law to the Court.

## COUNT II
## DECLARATORY JUDGMENT

63. Zurich adopts and incorporates its prior responses to Paragraphs 1 through 62 of the Complaint as if fully set forth herein.

64. Paragraph 64 of the Complaint is merely a characterization of the relief Harvard seeks in this action, and, accordingly, no response is required. To the extent that a response is required, Zurich denies that Harvard is entitled to a declaratory judgment on any of the issues described in Paragraph 64 of the Complaint against Zurich and further denies that Harvard is entitled to any other relief that it seeks in this action.

65. Denies the allegations of paragraph 65 of the Complaint, except admits that Zurich has denied coverage for the SFFA Claim and has not made any payments to Harvard in connection with the SFFA Claim.

66. Denies the allegations of paragraph 66 of the Complaint.

67. Denies the allegations of paragraph 67 of the Complaint.

68. Denies the allegations of paragraph 68 of the Complaint, except admits that Zurich denied coverage for the SFFA Claim.

69. Denies the allegations of paragraph 69 of the Complaint and refers all questions of law to the Court.

70. Denies the allegations of paragraph 70 of the Complaint and refers all questions of law to the Court.

71. Denies the allegations of paragraph 71 of the Complaint and refers all questions of law to the Court.

## AFFIRMATIVE DEFENSES

The affirmative defenses set forth herein are based upon information presently known to Zurich. In stating these affirmative defenses, Zurich does not assume any burden of proof it would otherwise not bear. All defenses are pled in the alternative, do not constitute an admission of liability or an admission that Harvard is entitled to any relief whatsoever, and are without prejudice to the allegations and denials in this Answer. Zurich reserves its right to amend these affirmative defenses in the future, and to assert additional or different affirmative defenses once more information becomes available.

## FIRST DEFENSE

The Complaint fails to state any claim upon which relief may be granted.

## SECOND DEFENSE

Harvard cannot meet its burden of proving that it satisfied all valid conditions precedent to coverage under the Zurich Policy.

## THIRD DEFENSE

Harvard's claims are barred, in whole or in part, by the terms, exclusions, conditions, endorsements, limits, deductibles, retentions, endorsements and limitations contained in the Zurich Policy, all of which are reserved and none of which are waived.

**FOURTH DEFENSE**

Harvard's claims are barred to the extent any amounts sought by Harvard do not fall within the definition of "Loss" in the Zurich Policy.

**FIFTH DEFENSE**

Harvard's claims may be barred, in whole or in part, because no coverage is available for pre-tender defense costs.

**WHEREFORE**, Zurich demands judgment dismissing the Complaint in its entirety together with costs and disbursements of this action, including reasonable attorneys' fees, and for such other and further relief as this Court may deem just and proper.

Dated:  February 7, 2022

>DONOVAN HATEM LLP
>By:  /s/ Paul Muniz
>Paul Muniz (BBO# 564786)
>53 State Street, 8th Floor
>Boston, MA 02109
>pmuniz@donovanhatem.com
>Tel: 617-406-4610
>Fax: 617-406-4501
>
>Of Counsel:
>ROPERS MAJESKI, PC
>Andrew L. Margulis (Pro Hac Vice forthcoming)
>andrew.margulis@ropers.com
>Andres Avila (Pro Hac Vice forthcoming)
>andres.avila@ropers.com
>750 Third Avenue, 25th Floor
>New York, NY  10017
>Telephone:    212.668.5927
>Facsimile:     212.668.5929
>
>*Attorneys for Defendant Zurich American Insurance Company*

- 11 -

**Certificate of Service**

   I hereby certify that the foregoing document will be filed through the ECF system and sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and courtesy electronic copies will be sent to counsel for parties who have not yet appeared in this action. /s/ Andrew Margulis

                DONOVAN HATEM LLP
                By:  /s/ Paul Muniz
                Paul Muniz (BBO# 564786)
                53 State Street, 8th Floor
                Boston, MA 02109
                pmuniz@donovanhatem.com
                Tel: 617-406-4610
                Fax: 617-406-4501

4876-3905-7419.1