UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ZURICH AMERICAN INSURANCE COMPANY,<br><br>　　　　　　Defendant. | Civil Action No. 21-CV-11530-ADB<br><br>**STIPULATED FRE 502(d) AND [PROPOSED] PROTECTIVE ORDER** |

**[Proposed] Protective Order**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following order shall govern the production or provision of confidential information or things by the Parties in this case and any Non-Party (provided such Non-Party recognize and accept the procedures herein) for the purpose of responding to discovery requests or inquiries.

WHEREAS the Parties believe in good faith that certain information discoverable in this case may include proprietary, financial, business, or other types of commercially valuable or otherwise private or sensitive information that the respective Parties maintain in confidence in the ordinary course of business; and

WHEREAS the Parties reasonably believe that public disclosure of such confidential information would cause financial and competitive harms to the disclosing party; and

WHEREAS the Parties believe that good cause exists for the entry of this order, which is narrowly tailored to protect the aforementioned confidential information of the Parties, pursuant to Federal Rule of Civil Procedure 26(c); and

WHEREAS the Parties also wish to protect from waiver the attorney-client privilege, the work product protection, and/or any other legally sustainable privileges or protections against disclosure of their documents and materials against the inadvertent production of such privileged or protected documents and materials during the discovery phase of this litigation;

THEREFORE, by reason of the foregoing, Plaintiff President and Fellows of Harvard College ("Harvard") and Defendant Zurich American Insurance Company ("Zurich") (collectively the "Parties"), by their counsel, jointly and respectfully request that the Court enter the following Stipulated FRE 502(d) and Protective Order (hereinafter, the "Protective Order") in this matter.

## **PURPOSE AND SCOPE OF THIS PROTECTIVE ORDER**

1. Disclosure and discovery activity in this action is likely to involve production of confidential, proprietary, financial, or private information that is not generally known for which special protection from public disclosure is warranted. The Parties wish to ensure that any such confidential information is not used for any purpose other than this litigation, is not made public, and is not disseminated beyond what is necessary for the purposes of this litigation, and that any disclosure of confidential information is made only in accordance with the procedures and requirements set forth in this Protective Order.

2. This Protective Order shall apply to trade secrets, confidential and proprietary information, documents and things that are produced or disclosed in any form during the course of this action by any Party or any nonparty, including:

    a.    through discovery;

    b.    in any pleading, document or other writing; or

    c.    in testimony given at a deposition.

This Protective Order similarly applies to all information copied or extracted from any of the above, and all copies, excerpts, summaries and compilations thereof. (All of the foregoing information, documents and things shall be referred to hereinafter collectively as "Litigation Materials.") This Protective Order does not apply to materials already in the possession of any party prior to the disclosure to that party during the course of this action, except where that party already has a duty to protect the confidentiality of such materials, or to any information that was or is publicly available. For the avoidance of doubt, this Protective Order does not affect any pre-existing rights or duties to the extent such rights or duties exist (for example, without limitation, to maintain the confidentiality) with respect to any materials exchanged between the Parties prior to this action.

## **CONFIDENTIAL INFORMATION**

3. Any Party or nonparty producing or disclosing Litigation Materials in this action may designate such information as "CONFIDENTIAL" by designating it in the manner set forth in Paragraph 4 below. The designation of Litigation Materials as "CONFIDENTIAL" shall be limited to information that the disclosing Party or nonparty believes in good faith contains, constitutes or reveals proprietary commercial information, non-public financial information, trade secrets, private information about current or former employees, contractors or vendors (including employee, contractor and vendor personnel records), other information of a privileged, proprietary, private or personal nature, or "Protected Data" as defined below.

"Protected Data" shall refer to any information that a party believes in good faith to be subject to federal, state or foreign data protection laws and regulations or other privacy obligations. Protected Data constitutes highly sensitive materials requiring special protection. Examples of such data protection laws include but are not limited to The Gramm-Leach-Bliley Act, 15 U.S.C.

§ 6801 *et seq.* (financial information); The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information); The Family Education Rights and Privacy Act, 20 U.S.C. § 1232g, and the regulations thereunder, 34 CFR Part 99; and The Fair Credit Reporting Act, 15 U.S.C. § 1681m and the regulations thereunder, 17 CFR Parts 162 and 248 (identity information).

Information designated as "CONFIDENTIAL" may only be used and disclosed as provided in this Protective Order.

## MANNER OF DESIGNATION OF MATERIALS

4. A Party or nonparty may designate Litigation Materials as "CONFIDENTIAL" in the following manner:

    a. <u>Documents or Things</u>. "CONFIDENTIAL" treatment may be obtained by typing or stamping "CONFIDENTIAL" on the particular document or thing.

In addition, any Party may, within thirty (30) calendar days after the production of materials or information, specifically designate materials or information produced by another Party "CONFIDENTIAL" by notifying all Parties in writing of the portions of the materials or information which contains such information. Each Party shall attach a copy of such statement to the face page of the materials or information and to each copy in its or his possession, custody or control. Thereafter, these portions of the materials or information designated as "CONFIDENTIAL" shall be treated in accordance with the terms of this Protective Order.

    b. <u>Interrogatory Answers and Responses to Requests for Admissions</u>. In answering any interrogatory or request for admission, or any part thereof, a Party may designate its answer as "CONFIDENTIAL" by affixing thereto the legend "CONFIDENTIAL". Such

"CONFIDENTIAL" answers shall be made on separate pages from any other answers or portions thereof that are not designated as "CONFIDENTIAL".

    c. <u>Deposition Testimony</u>. Any Party or nonparty giving deposition testimony in this action may obtain "CONFIDENTIAL" treatment therefore by designating the testimony, during the course of that testimony, as "CONFIDENTIAL", or alternatively by designating the entire transcript as "CONFIDENTIAL", subject to a good-faith obligation to identify any non-confidential portions of the testimony within thirty (30) calendar days after receipt of the transcript of the testimony.  The reporter shall separately transcribe and bind the testimony designated as "CONFIDENTIAL" and shall mark the face of the separate bound transcript containing such testimony with the term "CONFIDENTIAL".

Any Party or nonparty may, within that thirty (30) calendar day period described above, specifically designate information contained in the transcript(s) as "CONFIDENTIAL" by notifying all Parties in writing of the portions of the transcript or exhibit that contains such information.  Each Party shall attach a copy of such statement to the face page of the transcript or exhibit and to each copy in its or his possession, custody or control.  Thereafter, these portions of the transcript or exhibits designated as "CONFIDENTIAL" shall be treated in accordance with the terms of this Protective Order.

If, during the course of deposition testimony, any Party or nonparty reasonably believes that the answer to a question will result in the disclosure of "CONFIDENTIAL" information, all persons other than those persons entitled to receive such information pursuant to Paragraph 6 hereof shall be excluded from the room in which the deposition testimony is given.

    d. <u>Collections of Documents, Storage Drives, DVDs, CD-Roms, Etc.</u> Typing or stamping the legend "CONFIDENTIAL" upon the first page of a collection of Litigation

Materials which are physically or digitally bound together shall have the effect of designating such collection in its entirety as "CONFIDENTIAL". In the case of disks, tapes, CD-ROMs, DVDs and other tangible storage drives, media or devices, labeling, stamping or marking the outside of such disk, tape, CD-ROM, DVD or other medium or device with the legend "CONFIDENTIAL" shall have the effect of designating the entire contents of such disk, tape, CD-ROM, DVD or other medium or device, and all data stored thereupon, as "CONFIDENTIAL," so long as a good-faith basis exists for a designation of that scope.

## **RESTRICTIONS ON DISCLOSURE OF DESIGNATED MATERIALS**

5. Any Litigation Materials produced or disclosed in this action that are designated "CONFIDENTIAL" may only be used for purposes of this litigation and not for any other purpose, including without limitation for any business or trade purpose. As used herein, the term "litigation" shall mean preparation for, participation in and prosecution and defense of any suit, motion, trial, appeal, hearing, review or other judicial proceeding or in connection with any mediation or other alternative dispute resolution procedure that this or any other court may order or that the Parties may agree to.

6. Subject to Paragraphs 7 and 8 herein, and unless as otherwise ordered by the Court, Litigation Materials designated as "CONFIDENTIAL" shall not be disclosed to any person other than:

    a.    the attorneys for the Parties and their partners, shareholders, associates, document clerks and paralegals who are necessary to assist such attorneys;

    b.    secretaries, stenographers and other office or clerical personnel employed by said attorneys and who are necessary to assist such attorneys;

   c. a named Party, a person whom counsel in good faith believes to be a potential witness in this action, or officers, directors, councilors, or employees of a named Party – in each case solely to the extent deemed necessary by the receiving Party's attorneys for purposes of assisting in this litigation;

   d. the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL" information;

   e. such other persons as may be consented to by the Party or nonparty designating such information as "CONFIDENTIAL" information, provided that such consent may not be unreasonably withheld;

   f. professional court reporters engaged to transcribe deposition testimony, professional videographers engaged to videotape deposition testimony, and translators;

   g. outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators; and

   h. independent outside consultants or experts retained by the attorneys or the Parties to the extent deemed necessary by said attorneys for purposes of this litigation, provided that the requirements of Paragraph 8 are complied with prior to any disclosure.

   7. None of the following is bound by or obligated under this Protective Order in any respect and specifically are not bound or obligated to treat information designated as "CONFIDENTIAL" in any particular manner: the Court hearing this action (including the Court having jurisdiction of any appeal), Court personnel, court reporters working for the Court, translators working for the Court, or any jury impaneled in this action.

   8. Other than those identified in Paragraph 7 above, each person to whom information designated as "CONFIDENTIAL" is disclosed shall be informed of the terms of this

Protective Order and agree to be bound by it before disclosure to such persons of any such information. The persons described in Paragraphs 6(g) and 6(h) shall not have access to "CONFIDENTIAL" information until they have certified that they have read this Protective Order and have manifested their assent to be bound thereby by signing a copy of the Assurance of Compliance attached hereto as Exhibit A.  Once a person has executed such an Assurance of Compliance, it shall not be necessary for that person to sign a separate Assurance of Compliance each time that person is subsequently given access to confidential material.

       9.       The failure of any Party to object to the designation of information as "CONFIDENTIAL" shall not be deemed an admission that such information qualifies for such designation.

       10.       Challenges to and disputes regarding confidentiality designations shall follow the procedure set forth in this Paragraph 10, including all subparagraphs.  Any Party or nonparty may challenge a designation of confidentiality ("Challenging Party") at any time that is consistent with the Court's Scheduling Order.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

       a.       <u>Meet and Confer</u>.  In the event that a Challenging Party disagrees with the designation by the producing entity of any Litigation Materials as "CONFIDENTIAL", the Challenging Party's counsel shall initiate the dispute resolution process under Local Rule 26.2(c). In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the

designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

      b.    <u>Court Intervention</u>.  If the Parties cannot resolve a challenge without Court intervention, the Designating Party shall file and serve a motion concerning the confidentiality designation.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous designations or challenges, and those designations or challenges made for an improper purpose (*e.g.*, to harass or to impose unnecessary expenses and burdens on other parties) may expose the respective Designating Party or Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

      11.    Nothing contained in this Protective Order shall restrict or prevent any Party or nonparty from disclosing or otherwise using its own Litigation Materials which that Party or nonparty produces or discloses in this action or in any other capacity.

      12.    The inadvertent or unintentional disclosure by a producing Party or nonparty of "CONFIDENTIAL" Litigation Materials during the course of this litigation, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's or nonparty's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.  Promptly upon discovery of inadvertent or unintentional disclosure of "CONFIDENTIAL" Litigation Materials, the producing entity may notify the requesting party in writing that such documents or information were produced without the appropriate designation.  The requesting party shall immediately treat the disclosed document or information as

"CONFIDENTIAL" upon receipt of such written notice. To the extent that the requesting party has already disclosed such information, such disclosure shall not be a violation of this Protective Order, but the requesting party shall promptly collect any copies of disclosed material that have been provided to individuals other than those authorized under this Protective Order and shall destroy or return them to the producing entity.

    13. Pursuant to Rule 502 of the Federal Rules of Evidence, if a Party or nonparty through inadvertence produces or provides discovery that it, he or she believes is subject to a claim of attorney-client privilege or work product protection, the producing Party or nonparty may give written notice to the receiving Party or nonparty that the document is subject to a claim of attorney-client privilege or work product protection and request that the document be returned to the producing Party or nonparty. The receiving Party or nonparty shall promptly return to the producing Party or nonparty the inadvertently disclosed document and all copies of such document. Return of the document by the receiving Party or nonparty shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose any Party from moving the court for an Order that such document has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production. Pursuant to Federal Rule of Evidence 502(d), the inadvertent disclosure of privileged or work-product protected materials also shall not waive that privilege for those documents in any other federal, state or other proceeding. Nothing in this paragraph or elsewhere in this Protective Order shall relieve the receiving party of any obligations it may have to notify the producing party if it believes that privileged material may have been inadvertently produced.

14. Nothing contained in this Protective Order shall affect the right of any Party or nonparty to make any objection, claim any privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, or question at a deposition or to seek further relief or protective orders from the Court in accordance with the Federal Rules of Civil Procedure and the Local Rules.  Nothing in this Protective Order shall constitute an admission or waiver of any claim or defense by any Party.

**FILING AND USE IN COURT OF DESIGNATED MATERIALS**

15. The Parties shall follow the applicable Rules of the Federal Rules of Civil Procedure, Local Rules of the United States District Court for the District of Massachusetts, and the Electronic Case Filing System CM/ECF User's Manual for the United States District Court for the District of Massachusetts when filing documents containing properly designated "CONFIDENTIAL" information, including Local Rule 7.2.

**THIRD PARTY REQUEST FOR DESIGNATED MATERIALS**

16. If any Party or nonparty receives a subpoena or document request from a third party, which purports to require the production of materials in that Party's possession which have previously been designated as "CONFIDENTIAL" by any other Party or nonparty, the Party or nonparty receiving such subpoena or document request (a) shall object and refuse to produce documents absent a Court Order or the consent of the Party or nonparty who designated the materials as "CONFIDENTIAL", (b) immediately notify the Party or nonparty who designated the materials as "CONFIDENTIAL" of the receipt of said subpoena or document request, and (c) shall not oppose any effort by the Party or nonparty which designated the material as "CONFIDENTIAL" to quash the subpoena or obtain a protective order limiting discovery of such material.

**DISCOVERY FROM NONPARTIES**

17. Discovery of nonparties may involve receipt of information, documents, things or testimony that include or contain "CONFIDENTIAL" materials or information. A nonparty producing such material in this case may designate as "CONFIDENTIAL" some or all of the material it produces in the same manner provided for in this Protective Order with respect to material furnished by or on behalf of the Parties. Any Party may also designate pursuant to Paragraph 18(a) as "CONFIDENTIAL" any materials or information produced by a nonparty that constitute "CONFIDENTIAL" material of the designating Party pursuant to this Protective Order, regardless of whether the producing nonparty has also so designated. In addition, a nonparty may also designate pursuant to Paragraph 18(b) as "CONFIDENTIAL" any materials or information produced by a Party that constitute "CONFIDENTIAL" material or information of such nonparty, regardless of whether the producing Party has also so designated.

18. Subject to and in accordance with Paragraph 17, a Party or nonparty may designate materials or information produced in this case as "CONFIDENTIAL" in the following manner:

a. Any Party may designate materials or information produced by a nonparty in this case as "CONFIDENTIAL" by providing written notice of such designation and the corresponding range of produced materials or information covered by such designation to the other Parties and the producing nonparty within thirty (30) days of the production of materials or information that constitute "CONFIDENTIAL" materials or information of the designating Party.

b. A nonparty may designate as "CONFIDENTIAL" any materials or information produced by a Party that constitute "CONFIDENTIAL" material or information of such nonparty by providing written notice of such designation and the corresponding range of

12

produced materials or information covered by such designation to the Parties within fourteen (14) days of the determination that materials or information have been produced by a Party that constitute "CONFIDENTIAL" material or information. This written notice shall include how and when the nonparty determined that materials or information that constitute "CONFIDENTIAL" material or information were produced in this case by a Party.

## AMENDMENT OF THIS PROTECTIVE ORDER

19. The provisions of this Protective Order may be modified at any time by stipulation of the Parties as approved by Order of the Court. In addition, a Party may at any time apply to the Court for modification of this Protective Order pursuant to a motion brought in accordance with the rules of the Court.

20. The Court retains the right to allow disclosure of any subject covered by this Stipulation or to modify this Stipulation at any time in the interest of justice.

## ENFORCEMENT OF THIS PROTECTIVE ORDER

21. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

## IT IS SO STIPULATED:

Dated July 12, 2022

| | |
|---|---|
| Counsel for President and Fellows of Harvard College | Counsel for Zurich American Insurance Company |

| | |
|---|---|
| /s/ *Marshall N. Gilinsky* | /s/ *Paul Muniz* |
| **ANDERSON KILL P.C.** | **DONOVAN HATEM LLP** |
| Marshall N. Gilinsky, BBO #569181 | Paul Muniz, BBO #564786 |
| Ethan W. Middlebrooks, Pro Hac Vice | 53 State Street, 8th Floor |
| Jade Sobh, Pro Hac Vice | Boston, MA 02109 |
| 1251 Avenue of the Americas | Tel: (617) 406-4610 |
| New York, NY 10020 | Fax: (617) 406-4501 |
| Tel: (212) 278-1000 | pmuniz@donovanhatem.com |
| Fax: (212) 278-1733 | |
| mgilinsky@andersonkill.com | **ROPERS MAJESKI, PC** |
| emiddlebrooks@andersonkill.com | |
| jsobh@andersonkill.com | /s/ *Andrew L. Margulis* |
| | Andrew L. Margulis, Pro Hac Vice |
| | Andres Avila, Pro Hac Vice |
| | 750 Third Avenue, 25th Floor |
| | New York, NY 10017 |
| | Tel: (212) 688-5927 |
| | Fax: (212) 668-5929 |
| | andrew.margulis@ropers.com |
| | andres.avila@ropers.com |

Dated: _____, 2022    **SO ORDERED:**

———————————————————
Hon. Allison D. Burroughs
United States District Judge

# **Exhibit A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>                    Plaintiff,<br><br>    v.<br><br>ZURICH AMERICAN INSURANCE COMPANY,<br><br>                    Defendant. | Civil Action No. 21-CV-11530-ADB |

### ASSURANCE OF COMPLIANCE

I, _____, under penalty of perjury under the laws of the United States of America, declare and state as follows:

I reside at _____, in the City/County of _____ and the State/County of _____;

I have a copy of the annexed Stipulated Protective Order ("Protective Order") dated _____, 2022, in the action entitled *President and Fellows of Harvard College v. Zurich American Insurance Company*; Case No. 1:21-cv-11530-ADB, which is currently pending in the United States District Court for the District of Massachusetts;

I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order;

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use, any Litigation Materials designated as "Confidential" except solely as permitted by the Protective Order; and

2

      I consent to the jurisdiction of the United States District Court for the District of Massachusetts for the purpose of enforcing the Protective Order, enjoining any violation or threatened violation of the Protective Order, or seeking damages for the breach of the Protective Order.

Dated: _____         _____

                                                                                           [Signature]

**ATTESTATION**

I, Andres Avila, am the ECF user whose identification is being used to submit this Stipulated FRE 502(d) and Protective Order.  I hereby attest that consent to the electronic signing of this document was obtained from all parties whose electronic signature appear above.

Dated: July 12, 2022

By:    */s/ Andres Avila*
       Andres Avila