UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>    Plaintiff,<br><br>  v.<br><br>ZURICH AMERICAN INSURANCE COMPANY,<br><br>    Defendant. | Civil Action No. 1:21-cv-11530-ADB |

## DEFENDANT ZURICH AMERICAN INSURANCE COMPANY'S MOTION FOR A PROTECTIVE ORDER STRIKING PLAINTIFF'S JULY 19, 2022 FED.R.CIV.P. 30(b)(6) NOTICE OF DEPOSITION

Defendant Zurich American Insurance Company ("Zurich") hereby brings this motion for a protective order pursuant to Rule 26(c) and Local Rule 37.1 striking Plaintiffs Rule 30(b)(6) notice of deposition (the "Notice") served on Zurich. The Notice contains only two deposition topics, relating to Zurich's file systems and search for documents responsive to Plaintiff's clearly overbroad discovery requests. Not only does the Notice seek nothing more than "discovery on discovery," but the ultimate discovery sought by Plaintiff has no relevance whatsoever to the sole issue in this case. Plaintiff filed this insurance coverage suit seeking coverage for an underlying lawsuit filed against it. There is no dispute between the parties insurance policy issued by Zurich obligated Plaintiff, as a condition precedent to coverage, to give notice of any claim no later than January 30, 2016. There is also no dispute that Plaintiff first gave notice to Zurich of that claim on May 23, 2017. Plaintiff's sole argument in its attempt to escape its failure to comply with its contractual obligation is that the underlying action was so newsworthy that someone employed by Zurich have read news reports of that suit and was thus aware of the suit

before Plaintiff finally gave notice to Zurich. Massachusetts law is clear, however, that any actual or constructive notice of Zurich is wholly irrelevant under these circumstances because the reporting provisions of a claims-made-and-reported insurance policy require strict compliance before coverage can be triggered. Since Plaintiff has admitted it failed to comply with the reporting requirements, any discovery relating to whether Zurich had knowledge of that lawsuit before the notice given by Plaintiff is simply irrelevant. Plaintiff's overreaching discovery requests, including the Notice, is nothing more than a fishing expedition meant to harass Zurich and is neither relevant nor proportional to the needs of the case.

Zurich's Motion is supported by its Memorandum of Law, Declaration of Andrew L. Margulis and attached exhibits, and the papers and pleadings on file in this matter.

Based upon the foregoing, Zurich respectfully requests that this Court grant Zurich's motion for a protective order and strike the Notice.

The undersigned hereby certifies that this motion complies with Local Rule 37.1(b) because the supporting papers describe with particularity: (1) the reason that no discovery conference was held with respect to the discovery matters at issue herein; (2) the nature of the case and the facts relevant to the discovery matters to be decided; (3) the discovery matter that has raised an issue to be decided by the Court; and (4) a statement of Zurich's position as to each contested issue, with supporting authority.

Dated:  August 12, 2022

Respectfully submitted,

ROPERS MAJESKI PC

/s/ *Andrew L. Margulis*
Andrew Margulis (admitted *pro hac vice*)
Ropers Majeski PC
750 Third Ave., 25th Floor
New York, NY 10017
Telephone: (646) 454-3242

4862-4616-3501.2

Facsimile: (212) 668-5929
Email: andrew.margulis@ropers.com

Paul T. Muniz (BBO No. 564786)
Donovan Hatem LLP
53 State Street, 8th Floor
Boston, MA 02109
Telephone: (617) 406-4500
Facsimile: (617) 406-4501
Email: pmuniz@donovanhatem.com

*Attorneys for Defendant*
*Zurich American Insurance Company*

## **CERTIFICATE OF SERVICE**

  I hereby certify that copies of the foregoing were served on all counsel of record by filing the document with the court's ECF system on August 12, 2022, by operation of which counsel were served electronically.

             /s/ *Andrew L. Margulis*

             Andrew L. Margulis

4862-4616-3501.2