# EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PRESIDENT AND FELLOWS OF
HARVARD COLLEGE,

Plaintiff,

v.

ZURICH AMERICAN
INSURANCE COMPANY,

Defendant.

Case No. 1:21-cv-11530-ADB

**PLAINTIFF PRESIDENT AND FELLOWS OF HARVARD COLLEGE'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rule of Civil Procedure 34 and Local Rule 34.1, Plaintiff President

and Fellows of Harvard College ("Harvard"), by and through its undersigned counsel, hereby

requests that Defendant Zurich American Insurance Company ("You" or "Zurich") produce for

inspection and copying the following requested documents and items, subject to the following

instructions and definitions, within thirty (30) days of the receipt of this First Request for

Production of Documents.

**INSTRUCTIONS**

1.      In responding to this First Request for Production of Documents, You are

requested to furnish all information in Your possession, custody or control, regardless of whether

such information is possessed directly by You or by Your employees, agents, attorneys,

accountants, auditors, investigators, or other representatives.

2.      To the extent a request for production of documents ("Request") is objected to,

please set forth a complete basis for any such objection.  If You object to only a portion of the

particular Request, please specifically identify the portion of the Request to which You are

objecting and respond to the remainder of such Request completely.  If You are withholding

Documents or information pursuant to any objection, please so state.

3.      If any form of privilege or other protection from disclosure is claimed as a ground

for withholding responsive Documents or information, state the nature of the privilege claimed

for each such item (and, if the privilege is governed by state law, indicate the state's privilege

rule being invoked), describe the Document(s) or information in the most precise manner

possible consistent with such claim of privilege, and set forth the basis on which You claim

privilege with sufficient specificity to permit Harvard and the Court to make a determination as

to whether the claim of privilege is valid.  The following information shall be provided in the

objection, unless divulging such information would cause disclosure of the allegedly privileged

information:

        a.      The type of Document or information (*e.g.*, letter, notebook, telephone

        conversation, voice mail, etc.);

        b.      The date of the Document or Communication or event involving the

        information;

        c.      The names of each author and any and all participants with respect to the

        Documents, Communications, or information;

        d.      The names of any and all signatories of the document, if any;

        e.      The name of the current custodian of the Document, Communication, or

        information;

        f.      The present whereabouts of the Document or Communication and/or

        names of all persons with personal knowledge with respect to the information in

        the Document; and

g.      A statement of the grounds on which the claim of privilege rests with

respect to each such Document, Communication, or piece of information

withheld.

4.      If You object to any Request on the ground that it is overbroad, is unreasonably

burdensome, or seeks information that is not relevant to the subject matter of this action, state

what You contend to be the proper scope of the Request and respond in accordance with what

You contend is the proper scope.

5.      Unless otherwise specified, Your responses to the Request, including any

production of documents by You, shall be directed to counsel as specified in this Request, with

the Documents organized in the manner specified in Rule 34(b)(2)(E) of the Federal Rules of

Civil Procedure and Local Rule 34.1.

6.      For the purpose of these Requests, except to the extent specifically indicated in

the "Definitions" section below, the words used herein are considered to have, and should be

understood to have, their ordinary, everyday meaning.

7.      These Requests are continuing in nature.  Any information secured subsequent to

the submission of Your response, which would have been included in Your response had it been

known or available, is to be supplied by supplemental response.

**DEFINITIONS**

1.      "Action" refers to the present action commenced by Harvard against Zurich currently pending in the United States District Court for the District of Massachusetts.

2.      "Harvard" refers to President and Fellows of Harvard College, the Plaintiff in the Action.  "Harvard" includes any and all officers, councilors, employees, agents, representatives, members of the Harvard governing boards, and others who have acted on Harvard's behalf.

3.      "Zurich" refers to Zurich American Insurance Company, the Defendant in the Action.  "Zurich" includes any and all predecessors-in-interest, successors-in-interest, affiliates, directors, officers, employees, agents, representatives, and others who have acted on Zurich's behalf.

4.      The term "Document" or "Documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and Local Rule 26.5(c)(2) including, without limitation, electronic or computerized communications, data in retrievable form, and data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.

5.      The term "Communication" or "Communications" is defined to be synonymous in meaning and equal in scope to the usage of this term in Local Rule 26.5(c)(1) and shall include, without limitation, any oral, written or electronic transmission of information, including, but not limited to, conversations (whether face-to-face, by telephone or otherwise), correspondence, electronic messages (*e.g.*, SMS, MMS, Slack, WhatsApp, etc.), notices, meetings, discussions, telephone calls, telegrams, telecopies, e-mails, telexes, seminars, conferences, slide decks, writings, letters, messages, notes, or memoranda, and drafts of such Communications.

6.      The term "Person" is defined to be synonymous in meaning and equal in scope to the usage of this term in Local Rule 26.5(c)(1) and to include both the singular and plural, and any natural person, business entity, corporation, cooperative, bureau, public corporation, partnership, joint venture, group, club, association, institute, society, office, organization, and any governmental entity or department, agency, bureau, or political subdivision thereof.

7.      The term "Concerning" means relating to, referring to, regarding, describing, evidencing, demonstrating, reflecting or constituting, as stated in Local Rule 26.5(c)(7).

8.      The terms "any", "all", and "each" shall be construed as all and each.

9.      The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to call for the broadest possible answer.

10.     The use of the singular form of any word includes the plural and vice versa.

11.     "You" or "Your" refers to Zurich.

12.     "Complaint" refers to the complaint filed by Harvard against Zurich in this Action and any amendments thereto.

13.     "Answer" refers to Zurich's response to the Complaint in this Action and any amendments thereto.

14.     "Students for Fair Admissions, Inc." or "SFFA" refers to the plaintiff in the SFFA Action.

15.     "SFFA Action" refers to the litigation SFFA filed against Harvard in the United States District Court for the District of Massachusetts with the case caption *Students for Fair Admissions, Inc. v. President and Fellows of Harvard College (Harvard Corporation, et al.*, No. 1:14-cv-14176-ADB.

5

16.     "AIG Policy" refers to Harvard's primary Educational Institution Risk Protector Liability Insurance policy that National Union Fire Insurance Company of Pittsburgh, Pa. ("AIG") sold to Harvard for the Policy period of November 1, 2014 to November 1, 2015 bearing policy number 01-817-25-28.

17.     "Zurich Policy" refers to Harvard's Excess Select Insurance Policy, Policy Number IPR 3792308-03, sold to Harvard by Zurich for the policy period of November 1, 2014 to November 1, 2015.

18.     "SFFA Claim" refers to Harvard's insurance claim seeking coverage for the SFFA Action.

19.     "Claims File" means the collection of materials or other Documents assembled, examined, or referred to by You in the handling or adjustment of the SFFA Claim, including but not limited to any electronic logs of updates, news, or activity concerning the SFFA Claim.

20.     "Underwriting File" means the collection of materials or other Documents assembled, examined, or referred to by You, or by Persons on Your behalf, in the underwriting, marketing, or sale of the Policy, and any similar insurance policies covering the period since 2010 purchased by Harvard from Zurich.

21.     "Claims Manuals" shall mean, without limitation, instructional materials, guidelines, procedures, bulletins, instructions or other Documents, used or available for guidance, reference, or training by Persons involved in the handling of claims under any excess select insurance policy such as the Zurich Policy or concerning educational institutes, in effect from the time that You sold the Zurich Policy to Harvard through the present, regardless of whether such Claims Manuals were referred to in Your handling of the SFFA Claim.

22.     "May 23, 2017 Letter" means the May 23, 2017 letter sent on behalf of Harvard to the Claims Department of Zurich North America, providing formal notice of the SFFA Action under the Zurich Policy.

23.     "October 25, 2017 Letter" means the October 25, 2017 letter from Henry Chun, Senior Claims Counsel, Zurich, to Mark Frazier, Harvard University, concerning the Claim.

24.     "March 10, 2021 Letter" means the March 10, 2021 letter from Walter Pizzano, Harvard University, to Paul Lavelle, Chief Claims Officer, Zurich North America, regarding Harvard University's response to Zurich's denial of coverage and assertion of untimely notice.

25.     "May 28, 2021 Letter" means the letter from Brian Brown, Zurich, to Walter Pizzano, Harvard University, sent via email dated May 28, 2021, regarding Zurich's response to the March 10, 2021 Letter.

**REQUESTS**

1.      A true and accurate, certified copy of the Zurich Policy, including any drafts thereof.

2.      The entire Claims File.

3.      All Documents and Communications concerning Zurich's decision to deny insurance coverage for the Claim, including but not limited to the claim investigation and due diligence regarding same.

4.      All Claims Manuals.

5.      The entire Underwriting File for each year from 2010 to 2015.

6.      All Communications between You and any insurance broker, agent, intermediary, consultant, or representative, concerning the SFFA Action, including but not limited to internal discussions regarding the SFFA Action or discussions with AIG or any reinsurer regarding the SFFA Action or the SFFA Claim.

7.      All Documents and Communications concerning the underwriting, marketing, or sale of excess Directors & Officers insurance by Zurich to Harvard from 2010 through present.

8.      All Documents and Communications concerning the claims made or covered under excess Directors & Officers insurance sold by Zurich to Harvard from 2010 through present.

9.      All Documents and Communications concerning the May 23, 2017 Letter, including Communications and Documents used in drafting a response, and drafts of any response(s).

10.      All Documents and Communications concerning the October 25, 2017 Letter, including drafts thereof.

11.     All Documents and Communications concerning the March 10, 2021 Letter.

12.     All Documents and Communications concerning the May 28, 2021 Letter,

including drafts thereof.

13.     To the extent not included in Your responses to any other Requests, all

Communications with Harvard concerning the SFFA Claim.

14.     To the extent not included in Your responses to any other Requests, all

Communications with any other person or entity concerning the SFFA Claim.

15.     To the extent not included in Your responses to any other Requests, any other

Documents and Communications concerning the SFFA Action.

16.     Any Documents and Communications sent or received from the Client

Relationship Leader, Susan Fortin, relating to the SFFA Action or SFFA Claim.

17.     Any Documents and Communications sent or received from anyone working in

Zurich's Client Relationship Department or Customer Relationship Management Department

regarding the SFFA Action, the SFFA Claim, or the Zurich Policy.

18.     All Documents and Communications from 2014, 2015, and 2016 making any

mention of, acknowledging, or otherwise concerning the SFFA Action.

19.     All Documents and Communications received via newsletters or newspapers, in

paper form or via email, by any Zurich employee involved with the account for Harvard or the

Zurich Policy containing information regarding the SFFA Action.

20.     All Documents referenced or reviewed by You in responding to Harvard's

Interrogatories.

21.     All Documents provided to any experts You intend to call to testify at the trial of

this Action.

22.     All Documents that support, contradict, or otherwise relate to each of Your affirmative defenses in the Answer.

23.     All Documents upon which You will rely or expect to rely at the trial of this Action.

24.     All Documents and responses You receive from any third-party or non-party to this Action in response to a subpoena served in this Action.


Dated:  April 8, 2022                                  **ANDERSON KILL P.C.**

                                   By: /s/ Ethan W. Middlebrooks
                                        Marshall N. Gilinsky, Esq. (BBO # 569181)
                                        Ethan W. Middlebrooks, Esq. (*Pro Hac Vice*)
                                        Jade W. Sobh, Esq. (*Pro Hac Vice*)
                                        1251 Avenue of the Americas
                                        New York, New York 10020
                                        Telephone: (212) 278-1000
                                        Facsimile: (212) 278-1733
                                        E-mail: mgilinsky@andersonkill.com
                                        E-mail: emiddlebrooks@andersonkill.com
                                        E-mail: josbh@andersonkill.com


                                        *Attorneys for Plaintiff President and Fellows of Harvard College*