# EXHIBIT E

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE, <br><br> Plaintiff, <br><br> v. <br><br> ZURICH AMERICAN INSURANCE COMPANY, <br><br> Defendant. | Case No. 1:21-cv-11530-ADB |

## PLAINTIFF PRESIDENT AND FELLOWS OF HARVARD COLLEGE'S FIRST SET OF INTERROGATORIES

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 33 and Local Rule of the United States District Court for the District of Massachusetts 33.1, Plaintiff President and Fellows of Harvard College ("Harvard"), by and through its undersigned counsel, hereby requests that Defendant Zurich American Insurance Company ("You" or "Zurich") answer the following Interrogatories (the "Interrogatories"), subject to the following instructions and definitions, within thirty (30) days of the receipt of this First Set of Interrogatories.

## INSTRUCTIONS

1.     In responding to this First Set of Interrogatories, You are requested to furnish all information in Your possession, custody or control, regardless of whether such information is possessed directly by You or by Your employees, agents, attorneys, accountants, auditors, investigators, or other representatives.

2.     To the extent any Interrogatory Request ("Interrogatory") is objected to, please set forth a complete basis for any such objection.  If You object to only a portion of the particular

Interrogatory, please specifically identify the portion of the Interrogatory to which You are objecting and respond to the remainder of such Interrogatory completely.  If You are withholding Documents or information pursuant to any objection, please so state.

3.      If any form of privilege or other protection from disclosure is claimed as a ground for withholding responsive information, state the nature of the privilege claimed for each item of information (and, if the privilege is governed by state law, indicate the state's privilege rule being invoked), describe such information in the most precise manner possible consistent with such claim of privilege, and set forth the basis on which You claim privilege with sufficient specificity to permit Harvard and the Court to make a determination as to whether the claim of privilege is valid.  The following information shall be provided in the objection, unless divulging such information would cause disclosure of the allegedly privileged information:

a.      The type of information (*e.g.*, letter, notebook, telephone conversation, voice mail, etc.);

b.      The date of the Document, Communication, or event involving the information;

c.      The names of each author and any and all participants with respect to the Document, Communication, or information;

d.      The names of any and all signatories of the Document, if any;

e.      The name of the current custodian of the Document, Communication or information;

f.      The present whereabouts of the Document of Communication and/or names of all persons with personal knowledge with respect to the information in the Document; and

2

g.      A statement of the grounds on which the claim of privilege rests with respect to each such Document, Communication, or piece of information withheld.

4.      If You object to any Interrogatory on the ground that it is overbroad, is unreasonably burdensome, or seeks information that is not relevant to the subject matter of this action, state what You contend to be the proper scope of the Interrogatory and respond in accordance with what You contend is the proper scope.

5.      Unless otherwise specified, Your responses to these Interrogatories, including any production of documents by You, shall be directed to counsel as specified in these Interrogatories and in the manner specified in Rule 33(b) of the Federal Rules of Civil Procedure and Local Rule 33.1.

6.      For the purpose of these Interrogatories, except to the extent specifically indicated in the "Definitions" section below, the words used herein are considered to have, and should be understood to have, their ordinary, everyday meaning.

7.      These Interrogatories are continuing in nature.  Any information secured subsequent to the submission of Your response, which would have been included in Your response had it been known or available, is to be supplied by supplemental response.

## **DEFINITIONS**

1.      "Action" refers to the present action commenced by Harvard against Zurich currently pending in the United States District Court for the District of Massachusetts.

2.      "Harvard" refers to President and Fellows of Harvard College, the Plaintiff in the Action.  "Harvard" includes any and all officers, councilors, employees, agents, representatives, members of the Harvard governing boards, and others who have acted on Harvard's behalf.

3.      "Zurich" refers to Zurich American Insurance Company, the Defendant in the Action.  "Zurich" includes any and all predecessors-in-interest, successors-in-interest, affiliates, directors, officers, employees, agents, representatives, and others who have acted on Zurich's behalf.

4.      The term "Document" or "Documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and Local Rule 26.5(c)(2) including, without limitation, electronic or computerized communications, data in retrievable form, and data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.

5.      The term "Communication" or "Communications" is defined to be synonymous in meaning and equal in scope to the usage of this term in Local Rule 26.5(c)(1) and shall include, without limitation, any oral, written or electronic transmission of information, including, but not limited to, conversations (whether face-to-face, by telephone or otherwise), correspondence, electronic messages (*e.g.*, SMS, MMS, Slack, WhatsApp, etc.), notices, meetings, discussions, telephone calls, telegrams, telecopies, e-mails, telexes, seminars, conferences, slide decks, writings, letters, messages, notes, or memoranda, and drafts of such Communications.

4

6.      The term "Person" is defined to be synonymous in meaning and equal in scope to the usage of this term in Local Rule 26.5(c)(1) and to include both the singular and plural, and any natural person, business entity, corporation, cooperative, bureau, public corporation, partnership, joint venture, group, club, association, institute, society, office, organization, and any governmental entity or department, agency, bureau, or political subdivision thereof.

7.      The term "Concerning" means relating to, referring to, regarding, describing, evidencing, demonstrating, reflecting or constituting, as stated in Local Rule 26.5(c)(7).

8.      The term "Identify" is defined to be synonymous in meaning and equal in scope to the usage of this term in Local Rule 26.5(c)(3) and 26.5(c)(4).

9.      The term "State the Basis" is defined to be synonymous in meaning and equal in scope to the usage of this term in Local Rule 26.5(c)(8).

10.     The terms "any", "all", and "each" shall be construed as all and each.

11.     The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to call for the broadest possible answer.

12.     The use of the singular form of any word includes the plural and vice versa.

13.     "You" or "Your" refers to Zurich.

14.     "Complaint" refers to the complaint filed by Harvard against Zurich in this Action and any amendments thereto.

15.     "Answer" refers to Zurich's response to the Complaint in this Action and any amendments thereto.

16.     "Students for Fair Admissions, Inc." or "SFFA" refers to the plaintiff in the SFFA Action.

17.    "SFFA Action" refers to the litigation SFFA filed against Harvard in the United States District Court for the District of Massachusetts with the case caption *Students for Fair Admissions, Inc. v. President and Fellows of Harvard College (Harvard Corporation, et al.*, No. 1:14-cv-14176-ADB.

18.    "AIG Policy" refers to Harvard's primary Educational Institution Risk Protector Liability Insurance policy that National Union Fire Insurance Company of Pittsburgh, Pa. ("AIG") sold to Harvard for the Policy period of November 1, 2014 to November 1, 2015 bearing policy number 01-817-25-28.

19.    "Zurich Policy" refers to Harvard's Excess Select Insurance Policy, Policy Number IPR 3792308-03, sold to Harvard by Zurich, for the policy period of November 1, 2014 to November 1, 2015.

20.    "SFFA Claim" refers to Harvard's insurance claim seeking coverage for the SFFA Action.

21.    "Claims File" means the collection of materials or other Documents assembled, examined, or referred to by You in the handling or adjustment of the SFFA Claim, including but not limited to any electronic logs of updates, news, or activity concerning the SFFA Claim.

22.    "Underwriting File" means the collection of materials or other Documents assembled, examined, or referred to by You, or by Persons on Your behalf, in the underwriting, marketing, or sale of the Policy and any similar insurance policies covering the period since 2010 purchased by Harvard from Zurich.

23.    "May 23, 2017 Letter" means the May 23, 2017 letter sent on behalf of Harvard, to the Claims Department of Zurich North America, providing formal notice of the SFFA Action under the Zurich Policy.

24.    "October 25, 2017 Letter" means the October 25, 2017 letter from Henry Chun, Senior Claims Counsel, Zurich, to Mark Frazier, Harvard University, concerning the SFFA Claim.

25.    "March 10, 2021 Letter" means the March 10, 2021 letter from Walter Pizzano, Harvard University, to Paul Lavelle, Chief Claims Officer, Zurich North America, regarding Harvard University's response to Zurich's denial of coverage and assertion of untimely notice.

26.    "May 28, 2021 Letter" means the letter from Brian Brown, Zurich, to Walter Pizzano, Harvard University, sent via email dated May 28, 2021, regarding Zurich's response to the March 10, 2021 Letter.

## <u>INTERROGATORIES</u>

**<u>INTERROGATORY NO. 1</u>** Identify the name, position, address, and telephone number of the Persons answering these Interrogatories and consulted in connection with the preparation of Your responses to these Interrogatories.

**<u>INTERROGATORY NO. 2</u>** Identify all of Your officers, representatives and employees with knowledge of or involved in any way in the handling, evaluation, or determination of the SFFA Claim.  For each such Person, State the Basis of the area of their knowledge and their involvement in the handling, evaluation, or determination of the SFFA Claim.

**<u>INTERROGATORY NO. 3</u>** Identify all of your officers, representatives and employees involved with the underwriting, marketing or sale of excess Directors & Officers insurance to Harvard from 2010 to present. For each such person, State the Basis of the area of their knowledge and their involvement in the handling, evaluation, or determination of the SFFA Claim.

**<u>INTERROGATORY NO. 4</u>** Identify all of Your officers, representatives and employees with knowledge of or involvement in any way with Zurich's account with Harvard from 2010 to present. For each such person, State the Basis of the area of their knowledge and their involvement in the handling, evaluation, or determination of the SFFA Claim.

**<u>INTERROGATORY NO. 5</u>** State the Basis for everything You did and Identify everyone You talked to, inside and outside Zurich, in response to the March 21, 2021 Letter.

**<u>INTERROGATORY NO. 6</u>** Identify all Persons involved with the preparation of the October 25, 2017 Letter.

**<u>INTERROGATORY NO. 7</u>** State the Basis for everything You did and Identify everyone You talked to, inside and outside Zurich, in response to May 23, 2017 Letter.

8

**INTERROGATORY NO. 8** Identify all Persons involved with the preparation of the May 28, 2021 Letter.

**INTERROGATORY NO. 9** Set forth the date on which you set any reserves concerning, in relation to, or in response to the SFFA Action or the SFFA Claim.

Dated:  April 8, 2022

By:   /s/ Ethan W. Middlebrooks
     Marshall N. Gilinsky, Esq. (BBO # 569181)
     Ethan W. Middlebrooks, Esq. (*Pro Hac Vice*)
     Jade W. Sobh (*Pro Hac Vice*)
     ANDERSON KILL P.C.
     1251 Avenues of the Americas
     New York, New York 10020
     Telephone: (212) 278-1000
     Facsimile: (212) 278-1733
     E-mail: mgilinsky@andersonkill.com
     E-mail: emiddlebrooks@anersonkill.com
     E-mail: jsobh@andersonkill.com

     *Attorneys for Plaintiff President and Fellows of Harvard College*