# EXHIBIT F

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ZURICH AMERICAN INSURANCE COMPANY,<br><br>　　　　　　Defendant. | Civil Action No. 21-CV-11530-ADB |

## DEFENDANT ZURICH AMERICAN INSURANCE COMPANY'S RESPONSE TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and Rule 34.1 of the Local Rules of the United States District Court for the District of Massachusetts, Defendant Zurich American Insurance Company ("Zurich") through its undersigned counsel, hereby serves its Objections and Responses to Plaintiff's First Request for Production of Documents.

### GENERAL STATEMENTS AND OBJECTIONS

1.      Zurich has not completed discovery, the investigation of the facts, witnesses, or documents, the analysis of available information, or the preparation for trial in this case. Zurich reserves the right to supplement or amend these responses in the event that any facts, documents, or other evidence may be subsequently discovered or learned by Zurich, and these responses are made without prejudice to Zurich's right to so supplement or amend. This includes, without limitation, any instances where information previously available to Zurich may have been omitted by oversight, inadvertence, or good faith error or mistake or is subsequently discovered.

2.      Zurich objects to the extent each and every Request that calls for the disclosure of proprietary information, confidential information, or trade secrets, or such other information protected from disclosure by Federal or Massachusetts law. Zurich will provide such material, if any, in compliance with the parties' protective order in this matter.

1

3.      Zurich objects to all instructions, definitions, and Requests to the extent that they seek extraneous information and/or analysis or require referral or reference to documents not in the possession, custody, or control of Zurich. Zurich further objects to all instructions, definitions, and Requests to the extent that they seek to require more information or burden than the obligations imposed by law and therefore subject Zurich to unreasonable and undue annoyance, oppression, burden, and expense.

4.      Zurich objects to the Requests to the extent they seek confidential financial information or confidential information regarding individuals and entities that are not parties to this action.

5.      Zurich objects to the Requests to the extent that they call for the production of documents covered by any applicable privilege, including, inter alia, attorney-client communications, attorney work product, materials prepared in anticipation of litigation, and trial preparation materials.

6.      Zurich objects to the use of the term "All" throughout the Requests as it renders the Requests overly broad and unduly burdensome.

7.      Zurich objects to the Requests to the extent that they are unduly vague, overbroad, over-burdensome, indefinite, and lacking in reasonable particularity.

8.      Zurich objects to the Requests to the extent that they seek documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

9.      Zurich objects to the Requests to the extent that they seek documents that are neither material nor necessary in the prosecution or defense of this action.

10.     Zurich objects to the Requests to the extent that they seek documents already produced in this case or already in Plaintiff's possession.

11.     Zurich objects to the Requests insofar as they are unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.

12.     Zurich objects to the Requests insofar as they seek information outside the scope

permitted by Rule 26(b)(1) of the Federal Rules of Civil Procedure.

13.     Zurich objects to the Requests to the extent that they seek documents not in their possession, custody or control.

14.     Zurich objects to the Requests to the extent they are duplicative of one another.

15.     Zurich objects to the following defined terms and/or definitions included in the Requests:

a)  "Claims File" as the meaning assigned by Plaintiff to the defined term is vague and overbroad, and seeks to impose obligations on Zurich to seek discovery that is neither material nor necessary in the prosecution or defense of this action, and is unduly burdensome. In addition, the term "Claims File" as defined in the Requests seeks to impose obligations on Zurich beyond those set forth in the Federal Rules of Civil Procedure and the Local Civil Rules of the District of Massachusetts.

b)  "Underwriting File" as the meaning assigned by Plaintiff to the defined term is vague and overbroad, and seeks to impose obligations on Zurich to seek discovery that is neither material nor necessary in the prosecution or defense of this action, and is unduly burdensome. In addition, the term "Underwriting File" as defined in the Requests seeks to impose obligations on Zurich beyond those set forth in the Federal Rules of Civil Procedure and the Local Civil Rules of the District of Massachusetts.

c)  "Claims Manuals" as the meaning assigned by Plaintiff to the defined term is vague and overbroad, and seeks to impose obligations on Zurich to seek discovery that is neither material nor necessary in the prosecution or defense of this action, and is unduly burdensome. In addition, the term "Claims Manuals" as defined in the Requests seeks to impose obligations on Zurich beyond those set forth in the Federal Rules of Civil Procedure and the Local Civil Rules of the District of Massachusetts.

16.     Neither an indication that documents will be produced nor an objection to a particular request indicates that any such document exists.

17.     Zurich in responding to the Requests does not waive any objection based on relevance, materiality, competence, privilege, immunity from disclosure, admissibility or other grounds.

18.     Zurich will conduct a search for documents responsive to the Requests, subject to the specific objections as set forth below, as well as these general objections, in reasonably accessible locations where responsive documents would reasonably be expected to be found, subject to the specific objections as set forth below, as well as these general objections, which are expressly incorporated into the responses to each of the Requests.

19.     Inadvertent production of any privileged document is not intended to be and shall not operate as a waiver of any applicable privilege or protection, in whole or in part.

Zurich expressly incorporates the above Objections as though set forth fully in response to each of the following individual interrogatories. To the extent that they are not raised in any particular response, Zurich does not waive the objection.

## RESPONSES TO REQUESTS

**REQUEST NO. 1:**

A true and accurate, certified copy of the Zurich Policy, including any drafts thereof.

**RESPONSE TO REQUEST NO. 1:**

Subject to, and without waiving Zurich's General Objections, Zurich will produce non-privileged, non-confidential, relevant, documents that are responsive to the Request.

**REQUEST NO. 2:**

The entire Claims File.

**RESPONSE TO REQUEST NO. 2:**

In addition to the foregoing General Objections, each of which is incorporated herein by reference as if more fully set forth at length herein, Zurich objects to this Request for the following reasons: the Request is unduly vague, overbroad, unduly burdensome, indefinite, and lacking in reasonable particularity, particularly its use of the word "entire," and the term "Claims File" as defined by Plaintiff, which are vague, overbroad, lack specificity, and seek to impose obligations on Zurich to seek discovery that is neither relevant nor proportional to the needs of this case. Zurich also objects to this Request insofar as it seeks information that is both confidential and proprietary in nature. In addition, Zurich objects to this Request insofar as it seeks information that is exempt from discovery and protected from disclosure by, without limitation, the attorney-client privilege, the work-product doctrine, the Federal Rules of Civil Procedure, and relevant case law.

Subject to and without waiving the foregoing general or specific objections, Zurich will produce non-privileged, relevant, documents contained in the claim file as defined and maintained by Zurich in the regular course of its business.

**REQUEST NO. 3:**

All Documents and Communications concerning Zurich's decision to deny insurance coverage for the Claim, including but not limited to the claim investigation and due diligence regarding same.

**RESPONSE TO REQUEST NO. 3:**

In addition to the foregoing General Objections, each of which is incorporated herein by reference as if more fully set forth at length herein, Zurich objects to this Request for the following reasons: the Request is unduly vague, overbroad, unduly burdensome, indefinite, and lacking in

4858-3694-3902.2

reasonable particularity, particularly its use of the undefined term "Claim" and phrase "investigation and due diligence regarding same."  Zurich also objects to this Request insofar as it seeks information that is exempt from discovery and protected from disclosure by, without limitation, the attorney-client privilege, the work-product doctrine, the Federal Rules of Civil Procedure, and relevant case law. Zurich also objects to the production of documents responsive to the Request because it seeks information that is neither relevant nor proportional to the needs of the case. Based on the foregoing, Zurich objects to the wholesale production of documents responsive to the Request, given the unduly vague, overbroad, over-burdensome, and indefinite nature of the Request.

Subject to and without waiving the foregoing general or specific objections, Zurich states that all responsive documents would be contained within the claim file maintained by Zurich, and Zurich will produce non-privileged documents contained in the claim file as defined and maintained by Zurich in the regular course of its business.

**REQUEST NO. 4:**

All Claims Manuals.

**RESPONSE TO REQUEST NO. 4:**

In addition to the foregoing General Objections, each of which is incorporated herein by reference as if more fully set forth at length herein, Zurich objects to this Request for the following reasons: the Request is unduly vague, overbroad, unduly burdensome, indefinite, and lacking in reasonable particularity, particularly its use of the word "All" and the term "Claims Manuals" as defined by Plaintiff, which are vague, overbroad, lack specificity, and seek to impose obligations on Zurich to seek discovery that is neither relevant nor proportional to the needs of this case. Zurich also objects to this Request insofar as it seeks information that is both

confidential and proprietary in nature. In addition, Zurich objects to this Request insofar as it seeks information that is exempt from discovery and protected from disclosure by, without limitation, the attorney-client privilege, the work-product doctrine, the Federal Rules of Civil Procedure, and relevant case law.

Based on the foregoing objections, Zurich will not produce documents in response to this Request.

**REQUEST Y NO. 5:**

The entire Underwriting File for each year from 2010 to 2015.

**RESPONSE TO REQUEST NO. 5:**

In addition to the foregoing General Objections, each of which is incorporated herein by reference as if more fully set forth at length herein, Zurich objects to this Request for the following reasons: the Request is unduly vague, overbroad, unduly burdensome, indefinite, and lacking in reasonable particularity, particularly its use of the word "entire" and the term "Underwriting File," which are vague, overbroad, lack specificity, and seek to impose obligations on Zurich to seek discovery that is neither relevant nor proportional to the needs of this case. Zurich also objects to this Request insofar as it seeks information that is both confidential and proprietary in nature. In addition, Zurich objects to this Request insofar as it seeks information that is exempt from discovery and protected from disclosure by, without limitation, the attorney-client privilege, the work-product doctrine, the Federal Rules of Civil Procedure, and relevant case law.

Based on the foregoing objections, Zurich will not produce documents in response to this Request.

**REQUEST NO. 6:**

All Communications between You and any insurance broker, agent, intermediary, consultant, or representative, concerning the SFFA Action, including but not limited to internal discussions regarding the SFFA Action or discussions with AIG or any reinsurer regarding the SFFA Action or the SFFA Claim.

**RESPONSE TO REQUEST NO. 6:**

In addition to the foregoing General Objections, each of which is incorporated herein by reference as if more fully set forth at length herein, Zurich objects to this Request for the following reasons: this Request is unduly vague, overbroad, over-burdensome, indefinite, and lacking in reasonable particularity, especially as to the individual and collective phrases "All Communications," and "between You and any insurance broker, agent, intermediary, consultant, or representative." Zurich also objects to the use of "You" and "AIG" in the Request as the meaning assigned by Plaintiff to the defined terms are vague, overbroad, lacks specificity, and seeks to impose obligations on Zurich to seek discovery from persons and/or entities over whom Zurich has neither knowledge nor control. Likewise, the lack of timeframe for the Request adds to the previously noted undue vagueness, over-breadth, over-burdensomeness, indefiniteness, and lack of reasonable particularity. Zurich further objects to the Request insofar as the discovery sought is unreasonably cumulative or duplicative, and can be obtained from some other source that is more convenient, less burdensome, or less expensive. Zurich also objects to this Request insofar as it calls for documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, Zurich objects to this Request insofar as it calls for the production of documents covered by any applicable privilege, including, but not limited to, attorney-client communications, or attorney work product. Zurich objects to

8

the Request insofar as it calls for the production of documents already in Plaintiff's possession. Based on the foregoing, Zurich objects to a wholesale production of documents responsive to the Request, given the unduly vague, overbroad, over-burdensome, and indefinite nature of the Request.

Subject to and without waiving the foregoing general or specific objections, Zurich states that all responsive documents would be contained within the claim file maintained by Zurich, and Zurich will produce non-privileged documents contained in the claim file as defined and maintained by Zurich in the regular course of its business.

**REQUEST NO. 7:**

All Documents and Communications concerning the underwriting, marketing, or sale of excess Directors & Officers insurance by Zurich to Harvard from 2010 through present.

**RESPONSE TO REQUEST NO. 7:**

See response to Interrogatory 5.

**REQUEST NO. 8:**

All Documents and Communications concerning the claims made or covered under excess Directors & Officers insurance sold by Zurich to Harvard from 2010 through present.

**RESPONSE TO REQUEST NO. 8:**

In addition to the foregoing General Objections, each of which is incorporated herein by reference as if more fully set forth at length herein, Zurich objects to this Request for the following reasons: the Request is unduly vague, overbroad, unduly burdensome, indefinite, and lacking in reasonable particularity on the grounds that it is not reasonably limited in time or scope and pertains to a timeframe earlier than the SFFA Claim at issue. The burden or expense of

the Request outweighs its likely benefit and is not proportional to the needs of the case because the Request seeks documents that are not relevant to any party's claim.

Based on the foregoing objections, Zurich will not produce documents in response to this Request.

**REQUEST NO. 9:**

All Documents and Communications concerning the May 23, 2017 Letter, including Communications and Documents used in drafting a response, and drafts of any response(s).

**RESPONSE TO REQUEST NO. 9:**

In addition to the foregoing General Objections, each of which is incorporated herein by reference as if more fully set forth at length herein, Zurich objects to this Request for the following reasons: the Request is unduly vague, overbroad, unduly burdensome, indefinite, and lacking in reasonable particularity, particularly its use of the phrase "All Documents and Communications," which is vague, overbroad, lack specificity, and seek to impose obligations on Zurich to seek discovery that is neither relevant nor proportional to the needs of this case. Zurich also objects to this Request insofar as it seeks information that is both confidential and proprietary in nature. In addition, Zurich objects to this Request insofar as it seeks information that is exempt from discovery and protected from disclosure by, without limitation, the attorney-client privilege, the work-product doctrine, the Federal Rules of Civil Procedure, and relevant case law.

Subject to and without waiving the foregoing general or specific objections, Zurich states that all responsive documents would be contained within the claim file maintained by Zurich,

and Zurich will produce non-privileged documents contained in the claim file as defined and maintained by Zurich in the regular course of its business.

**REQUEST NO. 10:**

All Documents and Communications concerning the October 25, 2017 Letter, including drafts thereof.

**RESPONSE TO REQUEST NO. 10:**

In addition to the foregoing General Objections, each of which is incorporated herein by reference as if more fully set forth at length herein, Zurich objects to this Request for the following reasons: the Request is unduly vague, overbroad, unduly burdensome, indefinite, and lacking in reasonable particularity, particularly its use of the phrase "All Documents and Communications," which is vague, overbroad, lack specificity, and seek to impose obligations on Zurich to seek discovery that is neither relevant nor proportional to the needs of this case. Zurich also objects to this Request insofar as it seeks information that is both confidential and proprietary in nature. In addition, Zurich objects to this Request insofar as it seeks information that is exempt from discovery and protected from disclosure by, without limitation, the attorney-client privilege, the work-product doctrine, the Federal Rules of Civil Procedure, and relevant case law.

Subject to and without waiving the foregoing general or specific objections, Zurich states that all responsive documents would be contained within the claim file maintained by Zurich, and Zurich will produce non-privileged documents contained in the claim file as defined and maintained by Zurich in the regular course of its business.

**REQUEST NO. 11:**

All Documents and Communications concerning the March 10, 2021 Letter.

**RESPONSE TO REQUEST NO. 11:**

In addition to the foregoing General Objections, each of which is incorporated herein by reference as if more fully set forth at length herein, Zurich objects to this Request for the following reasons: the Request is unduly vague, overbroad, unduly burdensome, indefinite, and lacking in reasonable particularity, particularly its use of the phrase "All Documents and Communications," which is vague, overbroad, lack specificity, and seek to impose obligations on Zurich to seek discovery that is neither relevant nor proportional to the needs of this case. Zurich also objects to this Request insofar as it seeks information that is both confidential and proprietary in nature. In addition, Zurich objects to this Request insofar as it seeks information that is exempt from discovery and protected from disclosure by, without limitation, the attorney-client privilege, the work-product doctrine, the Federal Rules of Civil Procedure, and relevant case law.

Subject to and without waiving the foregoing general or specific objections, Zurich states that all responsive documents would be contained within the claim file maintained by Zurich, and Zurich will produce non-privileged documents contained in the claim file as defined and maintained by Zurich in the regular course of its business.

**REQUEST NO. 12:**

All Documents and Communications concerning the May 28, 2021 Letter, including drafts thereof.

**RESPONSE TO REQUEST NO. 12:**

In addition to the foregoing General Objections, each of which is incorporated herein by reference as if more fully set forth at length herein, Zurich objects to this Request for the following reasons: the Request is unduly vague, overbroad, unduly burdensome, indefinite, and

lacking in reasonable particularity, particularly its use of the phrase "All Documents and Communications," which is vague, overbroad, lack specificity, and seek to impose obligations on Zurich to seek discovery that is neither relevant nor proportional to the needs of this case. Zurich also objects to this Request insofar as it seeks information that is both confidential and proprietary in nature. In addition, Zurich objects to this Request insofar as it seeks information that is exempt from discovery and protected from disclosure by, without limitation, the attorney-client privilege, the work-product doctrine, the Federal Rules of Civil Procedure, and relevant case law.

Subject to and without waiving the foregoing general or specific objections, Zurich states that all responsive documents would be contained within the claim file maintained by Zurich, and Zurich will produce non-privileged documents contained in the claim file as defined and maintained by Zurich in the regular course of its business.

**REQUEST NO. 13:**

To the extent not included in Your responses to any other Requests, all Communications with Harvard concerning the SFFA Claim.

**RESPONSE TO REQUEST NO. 13:**

In addition to the foregoing General Objections, each of which is incorporated herein by reference as if more fully set forth at length herein, Zurich objects to this Request for the following reasons: the Request is unduly vague, overbroad, unduly burdensome, indefinite, and lacking in reasonable particularity, particularly its use of the phrase "All Communications," which is vague, overbroad, lack specificity, and seek to impose obligations on Zurich to seek discovery that is neither relevant nor proportional to the needs of this case. In addition, Zurich objects to the Request insofar as it calls for discovery that is already in Harvard's possession

Subject to and without waiving the foregoing general or specific objections, Zurich states that all responsive documents would be contained within the claim file maintained by Zurich, and Zurich will produce non-privileged documents contained in the claim file as defined and maintained by Zurich in the regular course of its business.

**REQUEST NO. 14:**

To the extent not included in Your responses to any other Requests, all Communications with any other person or entity concerning the SFFA Claim.

**RESPONSE TO REQUEST NO. 14:**

In addition to the foregoing General Objections, each of which is incorporated herein by reference as if more fully set forth at length herein, Zurich objects to this Request for the following reasons: the Request is unduly vague, overbroad, unduly burdensome, indefinite, and lacking in reasonable particularity, particularly its use of the phrase "All Communications" and "any other person or entity," which are vague, overbroad, lack specificity, and seek to impose obligations on Zurich to seek discovery that is neither relevant nor proportional to the needs of this case. Zurich also objects to this Request insofar as it seeks information that is both confidential and proprietary in nature. In addition, Zurich objects to this Request insofar as it seeks information that is exempt from discovery and protected from disclosure by, without limitation, the attorney-client privilege, the work-product doctrine, the Federal Rules of Civil Procedure, and relevant case law.

Subject to and without waiving the foregoing general or specific objections, Zurich states that all responsive documents would be contained within the claim file maintained by Zurich, and Zurich will produce non-privileged documents contained in the claim file as defined and maintained by Zurich in the regular course of its business.

14

**REQUEST NO. 15:**

To the extent not included in Your responses to any other Requests, any other Documents and Communications concerning the SFFA Action.

**RESPONSE TO REQUEST NO. 15:**

In addition to the foregoing General Objections, each of which is incorporated herein by reference as if more fully set forth at length herein, Zurich objects to this Request for the following reasons: the Request is unduly vague, overbroad, unduly burdensome, indefinite, and lacking in reasonable particularity, particularly its use of the phrase "any other Documents and Communications," which is vague, overbroad, lack specificity, and seek to impose obligations on Zurich to seek discovery that is neither relevant nor proportional to the needs of this case. Zurich also objects to this Request insofar as it seeks information that is both confidential and proprietary in nature. In addition, Zurich objects to this Request insofar as it seeks information that is exempt from discovery and protected from disclosure by, without limitation, the attorney-client privilege, the work-product doctrine, the Federal Rules of Civil Procedure, and relevant case law.

Subject to and without waiving the foregoing general or specific objections, Zurich states that all responsive documents would be contained within the claim file maintained by Zurich, and Zurich will produce non-privileged documents contained in the claim file as defined and maintained by Zurich in the regular course of its business.

**REQUEST NO. 16:**

Any Documents and Communications sent or received from the Client Relationship Leader, Susan Fortin, relating to the SFFA Action or SFFA Claim.

**RESPONSE TO REQUEST NO. 16:**

In addition to the foregoing General Objections, each of which is incorporated herein by reference as if more fully set forth at length herein, Zurich objects to this Request for the following reasons: the Request is unduly vague, overbroad, unduly burdensome, indefinite, and lacking in reasonable particularity, particularly its use of the phrase "Any Documents and Communications," which is vague, overbroad, lack specificity, and seek to impose obligations on Zurich to seek discovery that is neither relevant nor proportional to the needs of this case. Zurich also objects to this Request insofar as it seeks information that is both confidential and proprietary in nature. In addition, Zurich objects to this Request insofar as it seeks information that is exempt from discovery and protected from disclosure by, without limitation, the attorney-client privilege, the work-product doctrine, the Federal Rules of Civil Procedure, and relevant case law.

Subject to and without waiving the foregoing general or specific objections, Zurich will produce non-privileged documents to the extent they are contained in the claim file as defined and maintained by Zurich in the regular course of its business.

**REQUEST NO. 17:**

Any Documents and Communications sent or received from anyone working in Zurich's Client Relationship Department or Customer Relationship Management Department regarding the SFFA Action, the SFFA Claim, or the Zurich Policy.

**RESPONSE TO REQUEST NO. 17:**

In addition to the foregoing General Objections, each of which is incorporated herein by reference as if more fully set forth at length herein, Zurich objects to this Request for the following reasons: the Request is unduly vague, overbroad, unduly burdensome, indefinite, and

lacking in reasonable particularity, particularly its use of the phrase "Any Documents and Communications" and "anyone" which are vague, overbroad, lack specificity, and seek to impose obligations on Zurich to seek discovery that is neither relevant nor proportional to the needs of this case. Zurich also objects to this Request insofar as it seeks information that is both confidential and proprietary in nature. In addition, Zurich objects to this Request insofar as it seeks information that is exempt from discovery and protected from disclosure by, without limitation, the attorney-client privilege, the work-product doctrine, the Federal Rules of Civil Procedure, and relevant case law.

Subject to and without waiving the foregoing general or specific objections, Zurich will produce non-privileged documents to the extent they are contained in the claim file as defined and maintained by Zurich in the regular course of its business.

**REQUEST NO. 18:**

All Documents and Communications from 2014, 2015, and 2016 making any mention of, acknowledging, or otherwise concerning the SFFA Action.

**RESPONSE TO REQUEST NO. 18:**

In addition to the foregoing General Objections, each of which is incorporated herein by reference as if more fully set forth at length herein, Zurich objects to this Request for the following reasons: the Request is unduly vague, overbroad, unduly burdensome, indefinite, and lacking in reasonable particularity, particularly its use of the phrase "All Documents and Communications" and "making any mention of, acknowledging, or otherwise" which are vague, overbroad, lack specificity, and seek to impose obligations on Zurich to seek discovery that is neither relevant nor proportional to the needs of this case. Zurich also objects to this Request insofar as it seeks information that is both confidential and proprietary in nature. In addition,

17

Zurich objects to this Request insofar as it seeks information that is exempt from discovery and protected from disclosure by, without limitation, the attorney-client privilege, the work-product doctrine, the Federal Rules of Civil Procedure, and relevant case law.

Subject to and without waiving the foregoing general or specific objections, Zurich states that all responsive documents would be contained within the claim file maintained by Zurich, and Zurich will produce non-privileged documents contained in the claim file as defined and maintained by Zurich in the regular course of its business.

**REQUEST NO. 19:**

All Documents and Communications received via newsletters or newspapers, in paper form or via email, by any Zurich employee involved with the account for Harvard or the Zurich Policy containing information regarding the SFFA Action.

**RESPONSE TO REQUEST NO. 19:**

In addition to the foregoing General Objections, each of which is incorporated herein by reference as if more fully set forth at length herein, Zurich objects to this Request for the following reasons: the Request is unduly vague, overbroad, unduly burdensome, indefinite, and lacking in reasonable particularity, particularly its use of the phrase "All Documents and Communications received"  and "via newsletters or newspapers, in paper form or via email, by any Zurich employee" which are vague, overbroad, lack specificity, and seek to impose obligations on Zurich to seek discovery that is neither relevant nor proportional to the needs of this case. Zurich also objects to this Request insofar as it seeks information that is both confidential and proprietary in nature. In addition, Zurich objects to this Request insofar as it seeks information that is exempt from discovery and protected from disclosure by, without

limitation, the attorney-client privilege, the work-product doctrine, the Federal Rules of Civil Procedure, and relevant case law.

Based on the foregoing objections, Zurich will not produce documents in response to this Request.

**REQUEST NO. 20:**

All Documents referenced or reviewed by You in responding to Harvard's Interrogatories.

**RESPONSE TO REQUEST NO. 20:**

In addition to the foregoing General Objections, each of which is incorporated herein by reference as if more fully set forth at length herein, Zurich objects to this Request for the following reasons: the Request is unduly vague, overbroad, unduly burdensome, indefinite, and lacking in reasonable particularity, particularly its use of the phrase "All Documents referenced or reviewed" which is vague, overbroad, lack specificity, and seek to impose obligations on Zurich to seek discovery that is neither relevant nor proportional to the needs of this case. Zurich also objects to this Request insofar as it seeks information that is both confidential and proprietary in nature. In addition, Zurich objects to this Request insofar as it seeks information that is exempt from discovery and protected from disclosure by, without limitation, the attorney-client privilege, the work-product doctrine, the Federal Rules of Civil Procedure, and relevant case law. Zurich further objects to the Request insofar as the discovery sought is unreasonably cumulative or duplicative.

Subject to and without waiving the foregoing general or specific objections, Zurich states that all responsive documents will be contained in the documents that Zurich will produce in

response to other Requests, and Zurich has no obligation to identify any specific documents which it reviewed or which it relied in responding to Interrogatories and Zurich will not do so.

**REQUEST NO. 21:**

All Documents provided to any experts You intend to call to testify at the trial of this Action.

**RESPONSE TO REQUEST NO. 21:**

In addition to the foregoing General Objections, each of which is incorporated herein by reference as if more fully set forth at length herein, Zurich objects to this Request for the following reasons: the Request is unduly vague, overbroad, unduly burdensome, indefinite, and lacking in reasonable particularity, particularly its use of the phrase "All Documents provided to any experts" which is vague, overbroad, lack specificity, and seek to impose obligations on Zurich to seek discovery that is neither relevant nor proportional to the needs of this case. Zurich also objects to this Request insofar as it seeks information that is both confidential and proprietary in nature. In addition, Zurich objects to this Request insofar as it seeks information that is exempt from discovery and protected from disclosure by, without limitation, the attorney-client privilege, the work-product doctrine, the Federal Rules of Civil Procedure, and relevant case law.  Zurich further objects to the Request insofar as it is premature.

Zurich will provide any information related to experts as required by the Federal Rules of Civil Procedure and any case management orders entered in this action.

**REQUEST NO. 22:**

All Documents that support, contradict, or otherwise relate to each of Your affirmative defenses in the Answer.

20

**RESPONSE TO REQUEST NO. 22:**

In addition to the foregoing General Objections, each of which is incorporated herein by reference as if more fully set forth at length herein, Zurich objects to this Request for the following reasons: the Request is unduly vague, overbroad, unduly burdensome, indefinite, and lacking in reasonable particularity, particularly its use of the phrase "all Documents that support, contradict, or otherwise relate to" which is vague, overbroad, lack specificity, and seek to impose obligations on Zurich to seek discovery that is neither relevant nor proportional to the needs of this case. Zurich also objects to this Request insofar as it seeks information that is both confidential and proprietary in nature. In addition, Zurich objects to this Request insofar as it seeks information that is exempt from discovery and protected from disclosure by, without limitation, the attorney-client privilege, the work-product doctrine, the Federal Rules of Civil Procedure, and relevant case law.  Zurich further objects to the Request insofar as the discovery sought is unreasonably cumulative or duplicative.

Subject to and without waiving the foregoing general or specific objections, Zurich states that all such non-privileged documents will be produced in response to other Requests.

**REQUEST NO. 23:**

All Documents upon which You will rely or expect to rely at the trial of this Action.

**RESPONSE TO REQUEST NO. 23:**

In addition to the foregoing General Objections, each of which is incorporated herein by reference as if more fully set forth at length herein, Zurich objects to this Request for the following reasons: the Request is unduly vague, overbroad, unduly burdensome, indefinite, and lacking in reasonable particularity, particularly its use of the phrase "All Documents" which is vague, overbroad, lack specificity, and seek to impose obligations on Zurich to seek discovery

that is neither relevant nor proportional to the needs of this case. Zurich also objects to this Request insofar as it seeks information that is both confidential and proprietary in nature. In addition, Zurich objects to this Request insofar as it seeks information that is exempt from discovery and protected from disclosure by, without limitation, the attorney-client privilege, the work-product doctrine, the Federal Rules of Civil Procedure, and relevant case law.  Zurich further objects to the Request insofar as the discovery sought is unreasonably cumulative or duplicative.

Zurich will provide any such information as required by the Federal Rules of Civil Procedure and any case management orders entered in this action.

**REQUEST NO. 24:**

All Documents and responses You receive from any third-party or non-party to this Action in response to a subpoena served in this Action.

**RESPONSE TO REQUEST NO. 24:**

In addition to the foregoing General Objections, each of which is incorporated herein by reference as if more fully set forth at length herein, Zurich objects to this Request for the following reasons: the Request is unduly vague, overbroad, unduly burdensome, indefinite, and lacking in reasonable particularity and seek to impose obligations on Zurich to seek discovery that is neither relevant nor proportional to the needs of this case. Zurich also objects to this Request insofar as it seeks information that is both confidential and proprietary in nature. In addition, Zurich objects to this Request insofar as it seeks information that is exempt from discovery and protected from disclosure by, without limitation, the attorney-client privilege, the work-product doctrine, the Federal Rules of Civil Procedure, and relevant case law.  Zurich

further objects to the Request insofar as the discovery sought is unreasonably cumulative or duplicative.  Zurich objects to the Requests to the extent it seeks Documents in possession by individuals and entities that are not parties to this action.

Zurich will provide any documents obtained pursuant to any subpoenas as required by the Federal Rules of Civil Procedure.

Dated: May 20, 2022                          ROPERS, MAJESKI, PC


/s/ *Andrew L. Margulis*
Andrew L. Margulis (*Pro Hac Vice*)
Andres Avila (*Pro Hac Vice*)
Ropers, Majeski, PC
750 Third Avenue, Floor 25
New York, New York 10017
Telephone: (646) 454-3287
E-mail: Andrew.Margulis@ropers.com

DONOVAN HATEM LLP
Paul Muniz (BBO# 564786)
53 State Street, 8th Floor
Boston, MA 02109
pmuniz@donovanhatem.com
Tel: 617-406-4610
Fax: 617-406-4501

*Attorneys for Defendant Zurich American Insurance Company*

23

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of this document was served on counsel of record by email transmission on May 20, 2022.

/s/ *Andrew L. Margulis*  
Andrew L. Margulis