# EXHIBIT G

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ZURICH AMERICAN INSURANCE COMPANY,<br><br>　　　　　Defendant. | Civil Action No. 21-CV-11530-ADB |

**DEFENDANT ZURICH AMERICAN INSURANCE COMPANY'S RESPONSE TO FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Rule 33.1 of the Local Rules of the United States District Court for the District of Massachusetts, Defendant Zurich American Insurance Company ("Zurich") through its undersigned counsel, hereby serves its Objections and Responses to Plaintiff's First Set of Interrogatories.

**GENERAL STATEMENTS AND OBJECTIONS**

1.　Zurich has not completed discovery, the investigation of the facts, witnesses, or documents, the analysis of available information, or the preparation for trial in this case. Zurich reserves the right to supplement or amend these responses in the event that any facts, documents, or other evidence may be subsequently discovered or learned by Zurich, and these responses are made without prejudice to Zurich's right to so supplement or amend. This includes, without limitation, any instances where information previously available to Zurich may have been omitted by oversight, inadvertence, or good faith error or mistake or is subsequently discovered.

2.　These responses are signed by counsel only as to the objections set forth in the responses.

3.　Zurich objects to the extent that each and every Request calls for the disclosure of proprietary information, confidential information, or trade secrets, or such other information

1

protected from disclosure by Federal or Massachusetts law. Zurich will provide such material, if any, in compliance with the parties' protective order in this matter.

4. Zurich objects to all instructions, definitions, and Requests to the extent that they seek extraneous information and/or analysis or require referral or reference to documents not in the possession, custody, or control of Zurich. Zurich further objects to all instructions, definitions, and Requests to the extent that they seek to require more information or burden than the obligations imposed by law and therefore subject Zurich to unreasonable and undue annoyance, oppression, burden, and expense.

5. The responses set forth herein are provided without waiver of any legal right or privilege, including the attorney client communication privilege and the attorney work product privilege.

Zurich expressly incorporates the above Objections as though set forth fully in response to each of the following individual interrogatories. To the extent that they are not raised in any particular response, Zurich does not waive the objection.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify the name, position, address, and telephone number of the Persons answering these Interrogatories and consulted in connection with the preparation of Your responses to these Interrogatories.

**RESPONSE TO INTERROGATORY NO. 1:**

Zurich objects to this interrogatory on the grounds that it is overly broad and to the extent that it seeks information protected by the attorney-client and/or work product privileges. Without waiving these objections, Zurich states that these interrogatory responses were prepared by the undersigned counsel based on documents provided by Zurich.

**INTERROGATORY NO. 2:**

Identify all of Your officers, representatives and employees with knowledge of or involved in any way in the handling, evaluation, or determination of the SFFA Claim. For each such Person, State the Basis of the area of their knowledge and their involvement in the handling, evaluation, or determination of the SFFA Claim.

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to the foregoing General Objections, Zurich objects to this Interrogatory to the extent it is overly broad, beyond the scope of permissible discovery, seeks information without proper limit to its subject matter, or is otherwise not proportional to the needs of the case.

Subject to and without waiving the foregoing General and Specific Objections, Zurich states as follows: the persons identified in Zurich's Initial Disclosures have knowledge of and/or have been involved in the handling of the SFFA Claim and the coverage position taken by Zurich with respect to the SFFA Claim. Pursuant to Rule 33(d), Zurich refers to its claim file which will be produced in response to Plaintiff's Request for Production in response to this Interrogatory.

**INTERROGATORY NO. 3:**

Identify all of your officers, representatives and employees involved with the underwriting, marketing or sale of excess Directors & Officers insurance to Harvard from 2010 to present. For each such person, State the Basis of the area of their knowledge and their involvement in the handling, evaluation, or determination of the SFFA Claim.

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to the foregoing General Objections, Zurich objects to this Interrogatory to the extent it is overly broad, beyond the scope of permissible discovery, seeks information without proper limit to its subject matter, or is otherwise not proportional to the needs of the case.

3

4892-9429-4814.5

Subject to and without waiving the foregoing General and Specific Objections, Zurich states that no employees involved with the underwriting, marketing or sale of excess Directors & Officers insurance to Harvard from 2010 to present were involved in the handling, evaluation, or determination of the SFFA Claim.

**INTERROGATORY NO. 4:**

Identify all of Your officers, representatives and employees with knowledge of or involvement in any way with Zurich's account with Harvard from 2010 to present. For each such person, State the Basis of the area of their knowledge and their involvement in the handling, evaluation, or determination of the SFFA Claim.

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to the foregoing General Objections, Zurich objects to this Interrogatory to the extent it is overly broad, vague, ambiguous, beyond the scope of permissible discovery, seeks information without proper limit to its subject matter, or is otherwise not proportional to the needs of the case.

Subject to and without waiving the foregoing General and Specific Objections, Zurich states as follows: see responses to Interrogatories 2 and 3.

**INTERROGATORY NO. 5:**

State the Basis for everything You did and Identify everyone You talked to, inside and outside Zurich, in response to the March 21, 2021 Letter.

**RESPONSE TO INTERROGATORY NO. 5:**

In addition to the foregoing General Objections, Zurich further objects to this Interrogatory because it utilizes undefined terms, such as the "March 21, 2021 Letter," that create confusion as to the specific answer sought. Zurich further objects to this Interrogatory

4

because it is overly broad insofar as it requests that Zurich list every action it has taken, and everyone Zurich had talked to inside and outside Zurich, in response to the "March 21, 2021 Letter." Zurich further objects to this Interrogatory on the grounds that it seeks information subject to the attorney-client and/or work product privileges, and seeks information not relevant to the subject matter of this litigation.

Subject to and without waiving the foregoing General and Specific Objections, pursuant to Rule 33(d), Zurich refers to its claim file which will be produced in response to Plaintiff's Request for Production in response to this Interrogatory.

**INTERROGATORY NO. 6:**

Identify all Persons involved with the preparation of the October 25, 2017 Letter.

**RESPONSE TO INTERROGATORY NO. 6:**

In addition to the foregoing General Objections, Zurich further objects to this Interrogatory because it is overly broad, vague and ambiguous insofar as it requests that Zurich list "all Persons involved" with the preparation of the October 25, 2017 Letter. Zurich further objects to this Interrogatory on the grounds that it seeks information subject to the attorney-client and/or work product privileges, and seeks information not relevant to the subject matter of this litigation.

Subject to and without waiving the foregoing General and Specific Objections, Zurich states that Henry Chun was involved in the preparation of the October 25, 2017 Letter.

**INTERROGATORY NO. 7:**

State the Basis for everything You did and Identify everyone You talked to, inside and outside Zurich, in response to May 23, 2017 Letter.

**RESPONSE TO INTERROGATORY NO. 7:**

In addition to the foregoing General Objections, Zurich further objects to this Interrogatory because it is overly broad insofar as it requests that Zurich list every action it has taken, and everyone Zurich had talked to inside and outside Zurich, in response to the May 23, 2017 Letter. Zurich further objects to this Interrogatory on the grounds that it seeks information subject to the attorney-client and/or work product privileges, and seeks information not relevant to the subject matter of this litigation.

Subject to and without waiving the foregoing General and Specific Objections, pursuant to Rule 33(d), Zurich refers to its claim file which will be produced in response to Plaintiff's Request for Production in response to this Interrogatory.

**INTERROGATORY NO. 8:**

Identify all Persons involved with the preparation of the May 28, 2021 Letter.

**RESPONSE TO INTERROGATORY NO. 8:**

In addition to the foregoing General Objections, Zurich further objects to this Interrogatory because it is overly broad insofar as it requests that Zurich list all Persons involved with the preparation of the May 28, 2021 Letter. Zurich further objects to this Interrogatory on the grounds that it seeks information subject to the attorney-client and/or work product privileges, and seeks information not relevant to the subject matter of this litigation.

Subject to and without waiving the foregoing General and Specific Objections, Zurich states that Brian Brown was involved in the preparation of the May 28, 2021 Letter.

**INTERROGATORY NO. 9:**

Set forth the date on which you set any reserves concerning, in relation to, or in response to the SFFA Action or the SFFA Claim.

**RESPONSE TO INTERROGATORY NO. 9:**

In addition to the foregoing General Objections, Zurich further objects to this Interrogatory because it seeks disclosure of proprietary information, confidential information and/or otherwise subject to the attorney-client and/or work product privileges, and further seeks information not relevant to the subject matter of this litigation or proportional to the needs of the case. Zurich further objects to this Interrogatory because it utilizes undefined terms, such as "set any reserves" that create confusion as to the specific answer sought.

Dated: May 20, 2022                                  ROPERS, MAJESKI, PC


/s/ *Andrew L. Margulis*
Andrew L. Margulis (*Pro Hac Vice*)
Andres Avila (*Pro Hac Vice*)
Ropers, Majeski, PC
750 Third Avenue, Floor 25
New York, New York 10017
Telephone: (646) 454-3287
E-mail: Andrew.Margulis@ropers.com

DONOVAN HATEM LLP
Paul Muniz (BBO# 564786)
53 State Street, 8th Floor
Boston, MA 02109
pmuniz@donovanhatem.com
Tel: 617-406-4610
Fax: 617-406-4501

*Attorneys for Defendant Zurich American Insurance Company*

8

## **VERIFICATION**

I, Brian Brown, declare under penalty of perjury that I am employed by Zurich American Insurance Company as a Vice President, that the foregoing Responses are true to the best of my knowledge, and as to matters about which I lack personal information, I believe such matters to be true. The source of my knowledge is a review of the files and information in the possession of Zurich American Insurance Company.

Dated: May 20, 2022

_____
BRIAN BROWN

4892-9429-4814.5

**CERTIFICATE OF SERVICE**

  I certify that a copy of this document was served on counsel of record by email transmission on May 20, 2022.

               /s/ *Andrew L. Margulis*
               Andrew L. Margulis