# EXHIBIT K

# ANDERSON KILL P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020
TELEPHONE: 212-278-1000 ■ FAX:  212-278-1733
www.andersonkill.com

Ethan W. Middlebrooks, Esq.
emiddlebrooks@andersonkill.com
212-278-1324

By Email                                                                                    July 11, 2022

Andrew L. Margulis, Esq.
Ropers, Majeski, PC
750 Third Avenue, Floor 25
New York, NY 10017
andrew.margulis@ropers.com

Re:     *President & Fellows of Harvard College v. Zurich Am. Ins. Co.,*
        Case No. 21-cv-11530-ADB (D. Mass.)

Dear Andy:

We write on behalf of the President and Fellows of Harvard College ("Harvard") in response to your July 7, 2022 letter regarding the responses of Zurich American Insurance Company ("Zurich") to Harvard's First Request for the Production of Documents to Zurich, dated April 8, 2022 (the "Document Requests") and First Set of Interrogatories to Zurich, dated April 8, 2022 (the "Interrogatories", collectively, the "Requests", and the responses to the Requests, the "Responses").

Your July 7, 2022 letter states that Zurich has produced its entire claims file regarding the SFFA Claim.  Please identify the Bates range(s) of that claims file.

As you know, Harvard does not agree that Zurich can limit its search for responsive documents to this claim file, and the scope of Zurich's search appears to be improperly truncated with respect to its Responses to Document Request Nos. 3, 5-8, 9-12, 14-18 and 19.

Your July 7, 2022 letter clarified that Zurich would search for responsive documents beyond the claim file, through "targeted e-discovery searches through its electronic files," including emails relating to Susan Fortin.  Please describe how these "targeted" searched were performed and which electronic files were searched.  Please also state whether anyone's email records are being searched other than Ms. Fortin's. In brief, please advise what files were searched, which custodians' emails were searched, what search terms were used and over what date range.  Please advise whether or not Zurich will search for responsive documents stored in other locations or emails for custodians other than Ms. Fortin.

Fundamentally, Zurich has not explained why it would be burdensome to run a search for documents that plainly are relevant to the core issue in this case – when Zurich learned of the SFFA Action.  For example, why would it be burdensome to run the following targeted searches across Zurich's electronic files for the period from

New York, NY ■ Los Angeles, CA ■ Denver, CO ■ Stamford, CT ■ Washington, DC ■ Newark, NJ ■ Philadelphia

**Anderson Kill P.C.**

Andrew L. Margulis, Esq.
July 11, 2022
Page 2

November 2014 through January 2016: (1) "Students for Fair Admissions"; (2) "SFFA"; or (3) Harvard /s (discrimin! and (admission! or Asian))?

Zurich's positions regarding specific Responses, as discussed in your July 7 letter, are addressed in turn below.

Regarding Interrogatory No. 2, Harvard believes amended responses are appropriate.  When requesting non-privileged information within the possession of the opposing party, it is the duty of the responding party to provide that information directly.  A response that such individuals "may be determined by examining Zurich's business records," is not sufficient to comply with Zurich's discovery obligations under Fed. R. Civ. P. 33(d).  According to Rule 33(d) and relevant caselaw, a party must either respond in a narrative fashion, or provide specific document Bates stamps that are responsive to the Interrogatory. *See United States ex rel. Martino-Fleming v. South Bay Mental Health Center, Inc.*, 332 F.R.D. 1 (D. Mass. 2019).

Regarding Interrogatory Nos. 3 and 4, Zurich asserts (without explaining why) that it would be unduly burdensome to identify the individuals involved on the Harvard account at Zurich.  Harvard is not requesting a list of every person who knew that Zurich sold insurance to Harvard, but rather individuals with substantive knowledge about the relationship and insurance sold to Harvard.  In a case about whether Zurich had constructive notice of a claim, it is not overbroad or irrelevant to ask Zurich to identify these individuals.

Regarding Interrogatory Nos. 5 and 7, it is not difficult to succinctly describe what actions Zurich took when it received the two letters referenced in these interrogatories.  Zurich should answer these interrogatories in appropriate detail.

Regarding Interrogatory Nos. 6 and 8, Zurich can and should identify the individuals with substantive knowledge regarding the response to the two letters referenced in these interrogatories.

*     *     *

Please respond by July 15, 2022.  Nothing discussed herein should be construed as an agreement to forego the filing of a motion to compel regarding the issues raised in our June 3 letter, discussed on our June 14 call, or in our June 29 letter.  Thank you for your prompt attention.

Very truly yours,

Ethan W. Middlebrooks

cc:    Andres Avila, Esq. (andrews.avila@ropers.com)
       Paul Muniz, Esq. (pmuniz@donovanhatem.com)