# EXHIBIT L



750 Third Avenue
25th Floor
New York, NY  10017

Andrew L. Margulis
d  646.454.3242
andrew.margulis@ropers.com

o  212.668.5927
f   212.668.5929
ropers.com

July 15, 2022

<u>VIA E-MAIL ONLY</u>

Ethan W. Middlebrooks, Esq.
Anderson Kill P.C.
1251 Avenue of the Americas
New York, NY 10020
emiddlebrooks@andersonkill.com

Re:   President & Fellows of Harvard College v. Zurich American Ins. Co.
       21-cv-11530-ADB

Dear Ethan:

We write in response to your July 11, 2022 letter.

As to the Zurich "claim file," while we believe the production is fairly self-explanatory, the "claim file" would be the documents appearing at pages Z000015-2075.

With respect to your statement that the scope of Zurich's search appears to be improperly truncated with respect to Request Nos. 3, 5-8, 9-12, 14-18 and 19, those requests have been the subject of prior correspondence and we refer you to that. In brief, the requests seeking all documents regarding underwriting and marketing from 2010 to the present are improper as previously discussed. In any event, the documents already produced do contain underwriting documents from the relevant time period. Documents concerning the decision to deny coverage have been produced.

As we have previously advised, Zurich is in the process of searching the email files of both Susan Fortin and Henry Chun and any non-privileged, responsive documents will be produced. Given the nature of that process and to ensure that all documents are captured, that search will take some time and those documents were not included in the initial production for that reason.

You next express a belief that Zurich can simply run targeted searches "across Zurich's electronic files." This demonstrates a complete lack of understanding of how files are maintained. Zurich does not simply have one general repository of documents across which word searches can be conducted. Instead, Zurich maintains separate claim files for each claim that is noticed to Zurich. Upon notice from an insured, a claim number is created and all documents relating to that unique claim are maintained in a separate, unique claim file. It is not the case that all documents are simply in one large electronic "file drawer" that can simply be searched. There is simply no way for Zurich to run searches "across Zurich's electronic files."



Zurich has produced all non-privileged documents that are part of the file maintained in connection with the unique claim number and file created for the SFFA matter for which Harvard gave notice to Zurich. Zurich has also undertaken to search the email files of both Susan Fortin, whose files you specifically requested be searched, as well as Henry Chun, who was charged with the handling of the SFFA matter and who may have been in communication with Ms. Fortin.

As to Interrogatory No. 2: All of the individuals involved in the handling and evaluation of the claim have been identified in Zurich's Initial Disclosures, which were specifically referenced in and thus are a part of Zurich's response to this Interrogatory. Zurich's reliance on Rule 33(d) is also proper, but we refer you specifically to Z000015-26 which also identify the individuals involved. No further response is necessary.

As to Interrogatory Nos. 3 and 4: Again, identifying all individuals with knowledge about or involvement in the Harvard relationship and account is overly broad. Significantly, you state that "in a case about whether Zurich had constructive notice of a claim, it is not overbroad or irrelevant to ask Zurich to identify these individuals." While we understand the reasons why Harvard would like to make this case about constructive notice, that is not at all what the case is about. As you are aware, the Zurich policy required Harvard to give notice of a claim to Zurich within a specified time. Harvard failed to do so as required by the policy. Under clear Massachusetts law, whether Zurich had "constructive notice" by one of its thousands of employees reading a newspaper article mentioning that Harvard had been sued has no bearing on Harvard's obligation to provide proper notice and its failure to do so.

In any event, you are already well aware of these individuals based on Zurich's responses, the documents produced and Zurich's Initial Disclosures. Indeed, you are aware of Susan Fortin's involvement as the "relationship manager" and she has been the subject of our prior communications and has clearly been disclosed, as have all other individuals with substantive knowledge. We refer you to Z000015-2075 which also identifies any individuals with substantive knowledge.

As to Interrogatory Nos. 5 and 7, you now ignore your improper use of the defined phrase "State the Basis" and suggest that Zurich must "succinctly describe what actions Zurich took when it received the two letters." Again, that is not what the Interrogatories ask and in any event, the documents already produced by Zurich identify every action taken by Zurich in connection with this matter on a contemporaneous basis, including the receipt of and response to the May 23, 2017 letter. Pursuant to Rule 33(d), we specifically refer you to Z000015-26. As to the March 10, 2021 letter, that letter was responded to and the response is included in Zurich's production, and we refer you to Z000042-44. Moreover, Zurich had previously denied coverage for the SFFA matter by its letter of October 25, 2017. After that date, the parties were adverse and indeed, the parties entered into a tolling agreement dated October 14, 2020. Any



communications concerning a response to the March 10, 2021 letter, which came while a threat of litigation by Harvard was pending, are not discoverable.

As to Interrogatory Nos. 6 and 8: those individuals have already been identified and again we refer you to Z000015-26.

Zurich continues to reserve all of its rights, and our failure to discuss any specific objection in this letter is not intended to be nor should it be construed as a waiver of any of Zurich's rights and defenses.

Very truly yours,

Andrew L. Margulis

4895-6140-5225.1