# EXHIBIT N



750 Third Avenue
25th Floor
New York, NY  10017

Andrew L. Margulis
d  646.454.3242
andrew.margulis@ropers.com

o  212.668.5927
f  212.668.5929
ropers.com

August 4, 2022

<u>VIA E-MAIL ONLY</u>

Marshall Gilinsky, Esq.
Anderson Kill P.C.
1251 Avenue of the Americas
New York, NY 10020
MGilinsky@andersonkill.com

  Re: President & Fellows of Harvard College v. Zurich American Ins. Co.
     21-cv-11530-ADB

Dear Marshall:

  We write on behalf of Zurich American Insurance Company ("Zurich") to meet and confer pursuant to Local Rule 37.1(a) regarding President and Fellows of Harvard College's ("Harvard") Notice of 30(b)(6) deposition directed to Zurich dated July 19, 2022 (the "Notice"). For the reasons discussed below, the Notice is improper, and Zurich demands that Harvard withdraw the Notice.

  The Notice sets forth only two topics:

1. The ways in which paper and electronic documents, including but not limited to .pst files (including attachments) and documents stored on shared drives, are stored and searchable at Zurich.

2. What Zurich did to search for documents responsive to Harvard's First Request for the Production of Documents to Zurich, dated April 8, 2022.

  The Notice seeks no testimony on any substantive matters or any relevant issues in this case. Instead, the Notice seeks only "discovery on discovery" which is improper as a general rule and certainly under the circumstances presented here. Instead, such discovery is generally only permitted when there is some reason to distrust a party's efforts at responding to discovery or the responding party's diligence. *See, e.g.*, *Kaye v. New York City Health and Hospitals Corp.*, No. 18-CV-12137 (JPO) (JLC), 2020 WL 283702 (S.D.N.Y. Jan. 21, 2020); *Ruiz-Bueno v. Scott*, No. 2:12-CV-0809, 2013 U.S. Dist. LEXIS 162953, 2013 WL 6055402, at *3 (S.D. Ohio Nov. 15, 2013); *Crocs, Inc. v. Effervescent, Inc.*, No. 06-CV-00605-PABKMT, 2017 WL 1325344, at *8 (D. Colo. Jan. 3, 2017), objections overruled, 2017 WL 1325171 (D. Colo. Feb. 24, 2017); *Conagra Foods Food*



*Ingredients Co. v. Archer Daniels Midland Co.*, No. 12-2171-EFM, 2014 U.S. Dist. LEXIS 53852, 2014 WL 1570263, at *6 (D. Kan. Apr. 18, 2014); *Martin v. Allstate Ins. Co.*, 292 F.R.D. 361 (N.D. Tx. 2013).

Here, Harvard seeks to depose a Zurich witness solely on document search and file storage issues when there is no reason to distrust Zurich's discovery responses or efforts in responding to discovery. As set out in the several letters exchanged between the parties, Zurich has produced its entire claim file relating to the claim at issue, as well as additional ESI materials located through a search of materials relating to the underlying claim. In addition, we have already confirmed that Zurich has agreed to search the email files of not only the person responsible for handling the underlying claim, but of the additional individual referenced in the correspondence, Ms. Fortin, the "relationship leader," to determine whether other responsive documents exist. Those custodial materials have been collected by a third-party ESI vendor and are being reviewed in their entirety, rather than merely running word searches across the files. Given that the emails span a period of approximately four years, the materials are voluminous, and the review will take some time but is being conducted.

Further, also as made clear in the exchanged letters, Harvard's sole focus of its discovery is whether Zurich was aware of the SFFA Action before it admittedly gave notice to Zurich of the SFFA Action on May 23, 2017. Massachusetts law is clear that under a claims-made policy such as the Zurich policy issued to Harvard, whether Zurich had "constructive notice" or "actual knowledge" of the SFFA Action prior to May 23, 2017 is not relevant. The very argument put forward by Harvard in that regard has been rejected by the Massachusetts courts, including the District Court before which this case is pending. The only consideration is whether Harvard gave notice within the time specified by the Zurich policy.

The irrelevance of the discovery sought by Harvard to the substantive issue in this case is yet another basis on which the "discovery on discovery" is improper. *See, e.g., Haroun v. Thoughtwords, Inc.*, Case No. 20-cv-0100, 2020 WL 6828490 (S.D.N.Y. October 7, 2020). In *Haroun*, the court held:

> Plaintiff's request is in the nature of discovery on discovery. Plaintiff seeks documents and information that is not directly relevant to a claim or defense, but that are instead collateral. Judge Katherine Parker has laid out the relevant principles to be applied:
>
> > "When the discovery sought is collateral to the relevant issues (i.e., discovery on discovery), the party seeking the discovery must provide an 'adequate factual basis' to justify the discovery, and the Court must closely scrutinize the request 'in light of the danger of extending the already costly



> and time-consuming discovery process ad infinitum.' *Mortgage Resolution Servicing, LLC v. JPMorgan Chase Bank, N.A.*, 2016 WL 3906712, at *7 (S.D.N.Y. July 14, 2016) (quoting *Freedman v. Weatherford Int'l Ltd.*, 2014 WL 3767034, at *2-3 (S.D.N.Y. July 25, 2014)). Once relevance of the information sought or an adequate factual basis for the collateral issue discovery has been shown, the burden falls on the responding party to justify curtailing discovery. *See Rosas v. Alice's Tea Cup, LLC*, 127 F. Supp. 3d 4, 8 (S.D.N.Y. 2015); *Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of New York*, 284 F.R.D. 132, 134 (S.D.N.Y. 2012)."

2020 WL 6828490 at *1, quoting *Winfield v. City of New York*, 2018 WL 840085, at *3-4 (S.D.N.Y. Feb. 12, 2018). See also Fish v. Air & Liquid Systems Corp., 2017 WL 697663 (D. Md. February 21, 2017) (deposition topics seeking "discovery on discovery" are improper "because they distract the parties from merits issues and instead force them to spend time and resources on nonmerits issues that do nothing to resolve the pending dispute.")

Harvard's continued attempt to engage in a fishing expedition as to whether someone at Zurich read some news article about the SFFA Action is harassment and not proper discovery.

Zurich's efforts at locating and producing documents has been reasonable and proportional to the needs of the case, and Harvard cannot offer any adequate factual basis to support its request for "discovery on discovery" in the form of the Notice.

For these reasons, Zurich objects to the Notice and will not produce a witness as called for in the Notice.[1]

Please let me know when you are available to discuss these matters as part of the required meet and confer pursuant to Local Rule 37.1 If we do not receive a response, Zurich is prepared to seek relief from the Court through a motion to for a protective order pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37.1.

---

[1] Zurich also objects to the Notice on the non-substantive ground that we are unavailable on August 16, 2022, the date set forth in the Notice, due to other commitments.



Zurich continues to reserve all of its rights, and our failure to discuss any specific objection in this letter is not intended to be nor should it be construed as a waiver of any of Zurich's rights and defenses.

Very truly yours,

Andrew L. Margulis

4878-4807-7356.2

4