UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>   Plaintiff,<br><br> v.<br><br>ZURICH AMERICAN INSURANCE COMPANY,<br><br>   Defendant. | Civil Action No. 1:21-cv-11530-ADB |

**DEFENDANT ZURICH AMERICAN INSURANCE COMPANY'S MEMORANDUM IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER STRIKING PLAINTIFF'S JULY 19, 2022 FED.R.CIV.P. 30(b)(6) NOTICE OF DEPOSITION**

**I.
PRELIMINARY STATEMENT**

This simple insurance coverage dispute presents a discrete issue: whether Plaintiff's admitted failure to comply with the reporting requirements of its insurance policy with Zurich precludes coverage under that policy for an underlying lawsuit filed against Plaintiff. Under well-established law as applied to the Zurich policy's unambiguous terms, the answer to this basic question is yes. Plaintiff seeks coverage for an underlying lawsuit filed on November 17, 2014. The Zurich claims-made-and-reported policy required Plaintiff to provide notice of that claim to Zurich no later than January 30, 2016, ninety (90) days after expiration of the policy. Plaintiff's notice to Zurich on May 23, 2017 was patently late and Plaintiff's admitted failure to comply with this condition precedent to coverage vitiates coverage for the underlying lawsuit.

Knowing that neither the facts nor the law in this straightforward case is on its side, Plaintiff charts an alternative course: attempting to foist a discovery fishing expedition onto Zurich regarding wholly improper and irrelevant matters. Specifically, despite providing no

legitimate reason to distrust Zurich's document production in this case, Plaintiff has served a Fed.R.Civ.P. 30(b)(6) deposition notice on Zurich which solely seeks Zurich's testimony about its physical and electronic document storage and searchability and Zurich's efforts to respond to Plaintiff's document requests herein (the "Deposition Notice"). For multiple reasons, the Court should enter a protective order striking the Deposition Notice pursuant to Fed.R.Civ.P. 26(c).

First, the Deposition Notice only seeks discovery concerning Zurich's document production efforts in this litigation – which is improper as a general rule and is certainly misplaced under the circumstances presented here. Instead, and as Zurich explains in further detail below, federal courts only permit such "discovery on discovery" when there is an adequate factual reason to distrust a party's efforts in responding to discovery. Here, however, Plaintiff seeks to depose Zurich only on document search and storage issues despite providing no colorable reason to distrust Zurich's discovery responses or Zurich's efforts in responding to Plaintiff's demands. Under these circumstances, the Court should not countenance Plaintiff's attempts to obtain discovery on discovery from Zurich through the improper Deposition Notice.

Second, even if the Deposition Notice did not only seek discovery on discovery, Plaintiff's entire case against Zurich (and thus, the sole aim of Plaintiff's "substantive" discovery requests to Zurich) centers on whether Zurich actually or constructively knew about the underlying lawsuit before Plaintiff notified Zurich of that suit on May 23, 2017. However, Massachusetts law is clear that under a claims-made policy like the Zurich policy here, whether Zurich actually or constructively knew of the underlying lawsuit prior to May 23, 2017 is not relevant to whether or not Plaintiff complied with the Zurich policy's reporting requirements. Indeed, the Massachusetts courts and this Court have specifically rejected the very argument made by Plaintiff in that regard. Thus, the Deposition Notice, which Plaintiff hopes will

ultimately lead to evidence that a Zurich representative knew something about the underlying lawsuit before Plaintiff reported it to Zurich, fails to seek information that is relevant to any party's claim or defense and proportional to the needs of the case.

## II.
## THE PARTIES' DISCOVERY CONFERENCE

Pursuant to L.R. 37.1, Zurich's counsel contacted Plaintiff's counsel regarding the Deposition Notice and Zurich's objections by letter dated August 4, 2022. (Ex. N.)[1] In that letter, Zurich's counsel requested a conference to discuss the issues raised in Zurich's letter and advised that if no response was received, Zurich was prepared to seek relief from the Court pursuant to L.R. 37.1. Seven (7) days has passed since the date of Zurich's letter requesting a discovery conference, and Plaintiff's counsel has failed to respond, and no conference has been held for that reason. Zurich thus files this motion in accordance with L.R. 37.1(b)(2).

## III.
## FACTS

**A.**     **Nature of the Case**

Plaintiff seeks coverage from Zurich under an excess claims-made-and-reported liability insurance policy (the "Zurich Policy") for an underlying lawsuit against Plaintiff that challenged Plaintiff's admission policies. (Complaint, Dkt. 1, ¶¶ 1-3.) The Zurich Policy had a Policy Period of November 1, 2014 to November 1, 2015. (*Id.* at ¶ 29.) The underlying lawsuit, titled *Students for Fair Admissions, Inc. v. President and Fellows of Harvard College (Harvard Corporation), et al.*, Case No. 1:14-cv-14176 (the "SFFA Action"), was filed in this Court on November 17, 2014. (*Id.* at ¶ 2.)

---

[1] The referenced exhibits are attached to the Declaration of Andrew L. Margulis submitted in support of this motion.

4857-9756-4461.5

The Zurich Policy required Harvard, as a condition precedent to coverage, to give notice to Zurich of any Claim no later than ninety (90) days after the expiration of the Policy Period, thus making January 30, 2016 the latest date on which notice could have been properly given. However, Plaintiff, by its own admission, did not notify Zurich of the SFFA Action until May 23, 2017 – approximately two-and-a-half years after the Zurich Policy expired. (*Id.* at ¶ 44; *see also*, Ex. A; Ex. B, Response to Interrogatory No. 4 at p. 6.)

In response to Harvard's failure to timely report the SFFA Action, Zurich issued a declination of coverage dated October 25, 2017. (Ex. C.) Plaintiff commenced this action in September 2021. (Dkt. 1.) Plaintiff does not dispute, and affirmatively admits, that it first notified Zurich of the SFFA Action on May 23, 2017, but instead bases its claim for coverage on the meritless premise that because the SFFA Action was widely reported in the news media, "Zurich had actual or constructive knowledge of the SFFA Action in late 2014 in early 2015, and in any event no later than January 30, 2016". (Dkt. 1, ¶¶ 44, 54.)

B.   **Written Discovery**

During written discovery, Harvard sought discovery from Zurich concerning Harvard's irrelevant position of whether anyone at Zurich had "constructive notice" of the SFFA Action by reading news accounts of the SFFA Action before Harvard's notification to Zurich on May 23, 2017. (*See* Ex. D at Request Nos. 18, 19; Ex. E, Interrogatory Nos. 3, 4.)

Zurich objected to this discovery on the basis that it was not relevant to the issues in the case and was not proportional to the needs of the case, among other grounds. (Exs. F, G.)

The parties exchanged multiple letters relating to those issues. (Exs. H-L.)

C.   **The Deposition Notice at Issue**

On July 19, 2022, Plaintiff served the Deposition Notice on Zurich. (Ex. M.) Rather than seeking any substantive testimony that is actually pertinent to this dispute, the Deposition Notice

4857-9756-4461.5

– which lists only two topics – solely seeks testimony concerning Zurich's document production efforts in this action:

### DEPOSITION TOPICS

1. The ways in which paper and electronic documents, including but not limited to .pst files (including attachments) and documents stored on hard drives, are stored and searchable at Zurich.

2. What Zurich did to search for documents responsive to Harvard's First Request for the Production of Documents to Zurich, dated April 8, 2022.

(*Id.*)

**D.     Zurich's Objections to the Deposition Notice**

By letter dated August 4, 2022, Zurich objected to the Deposition Notice, informing Plaintiff that the Deposition Notice was improper and demanding its withdrawal. (Ex. N.) Zurich's objection explained to Plaintiff that the Deposition Notice failed to seek testimony on any substantive matters or relevant issues in this case, but rather, merely sought discovery on discovery – which, based on applicable case law, is improper absent a legitimate showing of a reason to distrust Zurich's discovery efforts. (*Id.*)  Regarding those efforts, Zurich's described its document production process in this action to date in detail:

> As set out in the several letters exchanged between the parties, Zurich has produced its entire claim file relating to the claim at issue, as well as additional ESI materials located through a search of materials relating to the underlying claim. In addition, we have already confirmed that Zurich has agreed to search the email files of not only the person responsible for handling the underlying claim [Henry Chun], but of the additional individual referenced in the correspondence, [Susan] Fortin, the 'relationship leader,' to determine whether other responsive documents exist. Those custodial materials have been collected by a third-party ESI vendor

> and are being reviewed in their entirety, rather than merely running word searches across the files. Given that the emails span a period of approximately four years, the materials are voluminous, and the review will take some time but is being conducted.

(*Id.*)

In addition to the foregoing, Zurich further explained to Harvard that, even if Harvard had demonstrated a legitimate reason to distrust Zurich's discovery efforts, Harvard's entire case against Zurich – and thus the focus of its "substantive" discovery requests – relates only to whether any Zurich representative actually or constructively knew of the SFFA Action by or through some other means before Harvard actually notified Zurich of the SFFA Action on May 23, 2017. (*Id.*; *see also*, Ex. ___, Harvard's July 11, 2022 Letter (Harvard claiming the purported "core issue in this case [is] when Zurich learned of the SFFA Action.")) However, as discussed below, Massachusetts law is clear that under a claims-made insurance policy, whether Zurich had actual or constructive knowledge of the SFFA Action prior to May 23, 2017 is entirely irrelevant to whether or not Harvard complied with the Zurich policy's reporting requirements. Strict compliance with such reporting obligation is required, and there is no dispute that Harvard failed to comply. Thus, the Deposition Notice fails to seek relevant and proportional discovery.

## IV.
## ARGUMENT

**A.    Despite Providing No Basis to Challenge the Adequacy of Zurich's Document Production, Plaintiff's Deposition Notice Solely and Improperly Seeks Discovery About Zurich's Discovery Efforts in This Litigation**

Regarding discovery on discovery, "[o]rdinarily and traditionally, counsel is not required 'to disclose the manner in which documents are collected, reviewed and produced in response to a discovery request.'" *Haroun v. ThoughtWorks, Inc.*, 2020 WL 6828490, *1 (S.D.N.Y. Oct. 7, 2020) (quoting *Brown v. Barnes and Noble, Inc.*, 2019 WL 7168146, *3 (S.D.N.Y. Dec. 23,

2019) and Karl Schieneman and Thomas C. Gricks III, *The Implications of Rule 26(g) on the Use of Technology-Assisted Review*, 7 Fed. Cts. L. Rev. 239, 254 (2013)). A party receiving a document production does not, in the first instance, have the right to examine and evaluate the way the production was made or require collaboration in the review protocol and validation process. *Kaye v. New York City Health and Hospitals Corporation*, 2020 WL 283702, *2 (S.D.N.Y. Jan. 21, 2020). Consequently, a Fed.R.Civ.P. 30(b)(6) deposition notice is improper to the extent that it seeks "process-directed discovery that is not relevant to the allegations in the case or seeks information that is patently disproportional to the needs of the case." Hon. Craig B. Shaffer, U.S.M.J., *Deconstructing "Discovery About Discovery"*, 19 Sedona Conf. 215, 269 (2015) (citing *Fish v. Air & Liquid Systems Corporation*, 2017 WL 697663, *17 (D. Md. Feb. 21, 2017)); *see also, The Sedona Conference, The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production*, 19 Sedona Conf. J. 1, 123 (2019) ("A]s a general matter, neither a requesting party nor the court should prescribe or detail the steps that a responding party must take to meet its discovery obligations, and there should be no discovery on discovery, absent an agreement between the parties, or specific, tangible, evidence-based indicia (versus general allegations of deficiencies or mere 'speculation') of a material failure by the responding party to meet its obligations.")

For these reasons, federal courts have consistently rejected a party's attempts to obtain, as Harvard improperly attempts to obtain here, discovery concerning another party's discovery efforts. *Fish*, 2017 WL 697663 at *17 (D. Md. Feb. 21, 2017) (finding that the portions of plaintiffs' Fed.R.Civ.P. 20(b)(6) deposition notice seeking testimony on a defendant's document production efforts in the litigation and the methods by which that defendant maintained documents were "overly broad, unduly burdensome and seek irrelevant information because they

seek improper 'discovery on discovery'" and "[c]ourts look upon such discovery with skepticism and it is strongly discouraged."); *Freedman v. Weatherford Intern. Ltd.*, 2014 WL 3767034, *3 (S.D.N.Y. July 25, 2014) (denying plaintiffs' request for discovery on discovery were "plaintiffs have not proffered an adequate factual basis for their belief that the [defendants'] current production is deficient."); *Hanan v. Corso*, 1998 WL 429841, *7 (D.D.C. Apr. 24, 1998) (denying a plaintiff's request for discovery about discovery because "plaintiff cites no authority for the proposition that the Federal Rules of Civil Procedure contemplate that discovery is itself a fit subject for discovery. To the contrary, discovery is only permitted of information which is either relevant or likely to lead to admissible evidence."); *Martin v. Allstate Ins. Co.*, 292 F.R.D. 361, 363-364 (N.D. Tex. 2013) (those portions of plaintiff's Fed.R.Civ.P. 30(b)(6) deposition notice to defendant seeking testimony on defendant's document retention and collection policies and its efforts in responding to plaintiff's discovery requests adjudged "overbroad and irrelevant" because "[w]hile Plaintiff speculated that Defendant may have additional documentation that it has not produced, there is no evidence to support that supposition at this point."); *246 Sears Road Realty Corporation v. Exxon Mobil Corporation*, 2011 WL 13254283, *4 (E.D.N.Y. Apr. 1, 2011) (barring plaintiff's requests for discovery on discovery since the requests "represent[ed] plaintiff's meandering attempt to prove defendant's noncompliance with its discovery obligations" and "ordering defendant to comply with these requests would by no means lead to the discovery of information relevant to this case."); *Alley v. MTD Products, Inc.*, 2018 WL 4689112, *2 (W.D. Pa. Sept. 28, 2018) (quoting *Brand Energy & Infrastructure Servs. v. Irex Corp.*, 2018 WL 806341, *6 (E.D. Pa. Feb. 7, 2018)) ("Federal courts will not compel a party to disclose its discovery process as a result of the opponent's mere suspicion that the party's process has not produced adequate documents."); *In re Biomet M2A Magnum Hip Implant*

*Products Liability Litigation*, 2013 WL 6405156, *1-2 (N.D. Ind. Aug. 21, 2013) (denying plaintiffs' request for information on "how [defendant] went about identifying and selecting the documents … that it has produced;" the court was "puzzled as to the authority behind the [plaintiff's] request" since "Rule 26(b)(1) doesn't make such information disclosable.")

*Haroun* is instructive. In *Haroun*, the plaintiff sought an order compelling the defendants to identify all of its sources of electronically-stored information ("ESI") to determine where potentially relevant documents were located and to gauge whether the defendants were adequately searching and reviewing relevant discovery materials. *Haroun*, 2020 WL 6828490 at *1. Noting that "plaintiff's request [was] in the nature of discovery on discovery" and that plaintiff sought discovery "that is not directly relevant to a claim or defense, but that [is] instead collateral", the *Haroun* court held that "[w]hen the discovery sought is collateral to the relevant issues (*i.e.*, discovery on discovery), the party seeking the discovery must provide an 'adequate factual basis' to justify the discovery, and the Court must closely scrutinize the request 'in light of the danger of extending the already costly and time-consuming discovery process *ad infinitum*.'" *Id*. (quoting *Mortgage Resolution Servicing, LLC v. JPMorgan Chase Bank, N.A.*, 2016 WL 3906712, *7 (S.D.N.Y. July 14, 2016)); *see also, America West Bank Members, L.C. v. State*, 2021 WL 5234372, *2 (D. Utah Nov. 10, 2021) (citing *Dalton v. Town of Silver City*, 2021 WL 4307149, *5 (D.N.M. Sep. 22, 2021)) (Allowing "discovery on discovery" only makes sense "where there is reasonable doubt about the sufficiency of a party's response.")  Applying this standard, the *Haroun* court denied the plaintiff's requests for discovery on discovery, finding that the plaintiff had not offered an adequate basis for such demands. *Haroun*, *supra* at *2.

Plaintiff's attempt to obtain discovery on discovery here through the Deposition Notice should similarly fail. Plaintiff has not demonstrated that Zurich's document production efforts in

this litigation are untrustworthy or insufficient. To the contrary, in this action, Zurich has produced its entire SFFA Action claim file and has produced additional ESI. (Ex. __.) Further, Zurich has, with an vendor's assistance, collected and searched the email files of not only the Zurich representative responsible for handling the underlying SFFA Action (Mr. Chun), but of the "relationship leader" referenced in the parties' correspondence (Ms. Fortin) to determine whether other responsive documents exist. (*Id.*) Zurich's vendor has collected those materials, which are voluminous given that they span approximately four years. (*Id.*) Moreover, rather than running word searches across this voluminous data, which would certainly be an appropriate method, Zurich is currently reviewing each and every document obtained from these custodians in their entirety for responsiveness to ensure that nothing is missed. (*Id.*) Given that Zurich is undertaking these substantial discovery efforts in a case in which there is no factual dispute as to the sole issue involved, it is no surprise that Plaintiff has failed to articulate any reason – let alone a sufficiently-detailed reason with evidence – legitimately calling Zurich's document production efforts into question.

In sum, the Deposition Notice improperly seeks discovery on discovery even though Plaintiff has decidedly failed to show that such process-based discovery is appropriate in this case. Plaintiff's failure is particularly apparent given the substantial discovery efforts that Zurich has undertaken (and continues to undertake) in this straightforward, single-issue case, especially when there is no dispute about the facts relevant to that single issue. Under these circumstances, the Court should enter a protective order striking the Deposition Notice pursuant to Rule 26(c).

**B.** **In Any Event, Plaintiff Seeks Discovery on Discovery Solely in Hopes of Proving an Irrelevant Fact**

Rule 26(b)(1) provides in pertinent part that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the

needs of the case, considering the importance of the issues at stake in the action… the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Thus, "[i]n order to be discoverable under Fed.R.Civ.P. 26, the information must be relevant to any claim or defense". *Degnan v. United States*, 2007 WL 9805541, *2 (D. Mass. Aug. 31, 2007).

When determining whether a discovery request passes Rule 26 muster, "the trial court is required to balance the burden or proposed discovery against the likely benefit." *Gill v. Gulfstream Park Racing Ass'n, Inc.*, 399 F.3d 391, 400 (1st Cir. 2005); *see also, e.g., Carver v. Bank of New York Mellon*, 2014 WL 6983431, *3, 6 (D. Mass. Dec. 10, 2014) (denying a plaintiff's discovery requests because plaintiff sought discovery on an incorrect legal theory and on arguments which courts have held are irrelevant); *Tupper v. U.S.*, 1995 WL 230551, *1-3 (D. Mass. Jan. 20, 1995) (denying, in a tax refund case where plaintiffs claimed tax exemption because they were "labor organizations," plaintiffs' request for discovery concerning the defendant's supposed disparate treatment of the plaintiffs because the requests were irrelevant and not likely to lead to the discovery of admissible evidence in light of the case's discrete issue.) Moreover, "[t]he party seeking discovery to which an adversary has objected, bears the burden of showing relevance." *Judson v. Midland Credit Management, Inc.*, 2014 WL 3829082, *1 (D. Mass. Aug. 1, 2014).

Here, the ultimately discovery sought by Harvard has on relevance to this case. As previously discussed, the Zurich Policy obligated Harvard to report the SFFA Action no later than January 30, 2016. Harvard admits that it first notified Zurich of the SFFA Action on May 23, 2017, nearly one and one half years late. (Dkt. 1 at ¶ 44; *see also*, Ex. A; Ex. B, Response to

Interrogatory No. 4 at p. 6.) This Court has noted the distinction under Massachusetts law between claims made policies and occurrence policies as follows:

> Although both policies aim to insure a policyholder during a specified period of time, an occurrence policy focuses on when the conduct occurs and provides coverage if the covered act or omission occurs within the policy period, regardless of the date of discovery." [internal citation omitted]. "By contrast, **a claims made and reported policy covers the insured for claims made during the policy year and reported within that period or a specified period thereafter** regardless of when the covered act or omission occurred.

*Biochemics, Inc. v. Axis Reinsurance Co.*, 83 F. Supp. 3d 405, 407 (D. Mass. 2015), aff'd 924 F.3d 633 (1st Cir. 2019), citing *Financial Res. Network, Inc. v. Brown & Brown, Inc.*, 867 F. Supp. 2d 153, 178 (D. Mass. 2012) (emphasis added).

Massachusetts law is clear that such reporting requirements in claims-made-and-reported policies are enforceable and must be strictly complied with, and the insurer is not required to demonstrate that it was prejudiced by the insured's failure to comply. *See, e.g.*, *Gargano v. Liberty Int'l Underwriters, Inc.*, 572 F.3d 45, 49 (1st Cir.2009); *National Union Fire Ins. Co. v. Talcott*, 931 F.2d 166, 168 (1st Cir.1991) ("policy was of the 'claims made' variety, requiring strict compliance with the notice requirement.") ; *Tenovsky v. Alliance Syndicate, Inc.*, 424 Mass. 678, 681 (1997); *Chas. T. Main, Inc. v. Fireman's Fund Ins. Co.*, 406 Mass. 862, 864–65 (1990); *Catlin Specialty Ins. Co. v. American Superconductor Corp.*, 32 Mass.L.Rptr. 93 (Mass. Super. 2014); *Flynn v. New England Ins. Co., Inc.*, 96–1193D, 1998 WL 150384 at *9 (Mass. Super. 1998) ("In the case of a claims made policy, an insured's failure to comply with notice and reporting provisions bars coverage, regardless of any prejudice to the insurer.").

Again, as previously discussed, Harvard has admitted that it did not comply with the Zurich Policy's reporting requirement. Harvard's claim for coverage is based on its contention

that Zurich somehow had "constructive notice" or "actual knowledge" of the SFFA Action and Harvard should thus be relieved of its contractual obligation to provide notice to Zurich. Harvard suggests that the SFFA Action was newsworthy and was reported in the press, meaning someone at Zurich must have read about the case and knew of its existence. (Dkt. 1 at ¶¶ 39, 53-54.)

This argument is legally deficient and must be rejected, as it has been repeatedly by the Massachusetts courts and this Court. In *Fanaras Enterprises Inc. v. Law Offices of Roger Allen Doane*, 1 Mass.L.Rptr. 145 (Mass. Super. 1993), the court rejected this argument, holding:

> the fact that plaintiff's counsel notified [the insurer] does not satisfy the notice requirement. "Mere knowledge that an insured is sued does not constitute tender of a claim. What is required is knowledge that the suit is potentially within the policy's coverage coupled with knowledge that the insurer's assistance is desired ... An insurance company is not required to intermeddle officiously where its services have not been requested." *Hartford Accident and Indemnity Co. v. Gulf Ins. Co.*, 776 F.2d 1380, 1383 (7th Cir.1985).

1 Mass.L.Rptr. 145 at *3; see also *Flynn*, 1998 WL 150384 at *11, citing *Hartford Accident and Indemnity Co. v. Gulf Ins. Co.*, 776 F.2d 1380, 1383 (7th Cir.1985) (no duty to defend, despite knowledge of suit, where only request was from "rival insurance company" ten months after litigation began, because "[a]n insurance company is not required to intermeddle officiously where its services have not been requested").

This Court has also considered and rejected the very argument made by Harvard. *See Northbrook Excess & Surplus Ins. Co. v. Medical Malpractice Joint Underwriting Ass'n*, 1988 U.S. Dist. LEXIS 17954 (D. Mass. March 9, 1988). In *City of Harrisburg*, the court rejected the argument that a newspaper article satisfied the insured's obligation to give notice within the time required by the claims-made policy issued by the insurer, holding:

> First, we reject plaintiffs' contention that the newspaper articles of November 5, 1982, gave the insurer, through its Pennsylvania

> agent, Woolf/Strite, constructive notice of the claim within the policy period. We think the notice contemplated by the contract is notice from an insured to the insurer that a claim allegedly covered under the policy has been made. A newspaper article written and published by strangers to the insurance contract, intended to be read by the general public, does not meet that requirement. Without some action by an insured, and especially in light of the policy language discussed above, the insurer would have no way of knowing that a claim for coverage was being made under its policy.

596 F. Supp. at 959-60.

Since Zurich's knowledge of the SFFA Action before May 23, 2017 is not relevant to the issues in this action, Harvard's overreaching discovery requests, including the Deposition Notice, are nothing more than a fishing expedition and a waste of the parties' time and resources. The discovery is neither relevant nor proportional to the needs of the case and the Court should grant Zurich's motion for a protective order striking the Deposition Notice in its entirety.

## V.
## CONCLUSION

Based on the foregoing, Zurich respectfully requests that the Court enter a protective order pursuant to Fed.R.Civ.P. 26(c) striking the Deposition Notice.

Dated:  August 12, 2022

Respectfully submitted,

ROPERS MAJESKI PC

/s/ *Andrew L. Margulis*
Andrew Margulis (admitted *pro hac vice)*
Ropers Majeski PC
750 Third Ave., 25th Floor
New York, NY 10017
Telephone: (646) 454-3242
Facsimile: (212) 668-5929
Email: andrew.margulis@ropers.com

4857-9756-4461.5

                Paul T. Muniz (BBO No. 564786)
                Donovan Hatem LLP
                53 State Street, 8th Floor
                Boston, MA 02109
                Telephone: (617) 406-4500
                Facsimile: (617) 406-4501
                Email: pmuniz@donovanhatem.com

                *Attorneys for Defendant*
                *Zurich American Insurance Company*

4857-9756-4461.5

## **CERTIFICATE OF SERVICE**

      I hereby certify that copies of the foregoing were served on all counsel of record by filing the document with the court's ECF system on August 12, 2022, by operation of which counsel were served electronically.

                                          /s/ *Andrew L. Margulis*

                                          Andrew L. Margulis

4857-9756-4461.5