UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>        Plaintiff,<br><br>   v.<br><br>ZURICH AMERICAN INSURANCE COMPANY,<br><br>        Defendant. | Civil Action No. 21-CV-11530-ADB |

**DEFENDANT ZURICH AMERICAN INSURANCE COMPANY'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to FRCP 56 and Local Rule 56.1 of the United States District Court for the District of Massachusetts, Defendant Zurich American Insurance Company ("Zurich") respectfully submits this Statement of Undisputed Material Facts in support of its Motion for Summary Judgment, and states as follows:

    **A.**    **The SFFA Action**

1.    On November 17, 2014, an action was commenced entitled *Students for Fair Admissions, Inc. v. President and Fellows of Harvard College (Harvard Corporation), et al.*, Case No. 1:14-cv-14176 in the United States District Court for the District of Massachusetts (the "SFFA Action"). Complaint, Dkt. 1 ¶ 2; Declaration of Andrew L. Margulis in support of Zurich's motion for summary judgment (the "Margulis Dec."), Ex. A.

    **B.**    **The AIG Policy**

2.    National Union Fire Insurance Company of Pittsburgh, Pa. ("AIG") issued a primary Educational Institution Risk Protector policy to Harvard bearing policy number 01-817-

25-28 for the Policy Period of November 1, 2014 to November 1, 2015 (the "AIG Policy"). Dkt. 1 at ¶ 32; Dkt. 1-2.

    3.    Section 3, Notice, of the AIG Policy states in part:

> Notice hereunder shall be given in writing to the addressee by email at the following email address: c-claim@aig.com or by postal mail at the address identified in Item 6(b) of the Declarations. Notice shall include and reference this policy number as indicated in the Declarations. If mailed, the date of mailing shall constitute the date that such notice was given and proof of mailing shall be sufficient proof of notice. If emailed, such email must reference the policy number for this policy. If emailed, the date of emailing shall constitute the date of notice and proof of emailing shall be sufficient proof of notice.
>
> a)    The Insureds shall, as a condition precedent to the obligations of the Insurer under this policy, give written notice to the Insurer of any Claim made against an Insured, a Crisis Management Event or Privacy Event or Security Failure or Security Threat as soon as practicable after: (i) the Named Entity's Risk Manager or General Counsel (or equivalent position) first receives notice of the Claim; (ii) the Crisis Management Event commences, or (iii) solely for the purposes of the Event Management Insuring Agreement and Cyber Extortion Insuring Agreement, the Privacy Event, Security Failure or Security Threat commences.
>
> Notwithstanding the foregoing, the Insured shall not be required to give written notice of a Claim until the earliest occurrence of the following:
>
> (i)    the Claim is or is sought to be certified as a class action; or
>
> (ii)    total Loss (including Defense Costs) of the Claim is reasonably estimated by the Organization's General Counsel or Risk Manager (or equivalent position) to exceed 50% of the applicable retention amount for such Claim;
>
> *provided, however*, that in all events, all Claims, including Claims described in (i) - (ii) above, must be reported to the Insurer no later than ninety (90) days after the end of the Policy Period or the Discovery Period (if applicable).

Dkt. 1-2 at p. 68 of 149 (italics in original).

### C.     The Zurich Policy

4.      Zurich issued to Harvard a Zurich Excess Select Insurance Policy bearing policy number IPR 3792308-03 for the Policy Period of November 1, 2014 to November 1, 2015 (the "Zurich Policy"). Dkt. 1 at ¶ 29; Dkt. 1-1.

5.      The Zurich Policy was a "follow form" policy and, except as otherwise specifically stated to the contrary in the Zurich Policy, incorporated the terms, conditions and limitations of the AIG Policy, including the notice provision. Dkt. 1-1 at p. 8, 10 of 15.

6.      The term Followed Policy was defined in the Zurich Policy as the AIG Policy. Dkt. 1-1 at p. 8 of 15.

7.      Section III.A of the Zurich Policy states:

> A.   Reporting and Notice – As a condition precedent to exercising any rights under this policy, the Policyholder shall give the Underwriter written notice of any claim or any potential claim under this policy or any Underlying Insurance in the same manner required by the terms and conditions of the Followed Policy. Notwithstanding the foregoing, notice to the insurer(s) of the Followed Policy or other Underlying Insurance does not constitute notice to the Underwriter. Written notice of any claim or potential claim shall be provided to the Underwriter at the address set forth in Item 5.A. of the Declarations.
>
> The Underwriter shall be given notice in writing to the address set forth in Item 5.B. of the Declarations as soon as practicable in the event of (1) termination of any Underlying Insurance, (2) any additional or return premiums charged or allowed in connection with any Underlying Insurance, or (3) any change to any of the Underlying Insurance.

Dkt. 1-1 at p. 11-12 of 15.

8. The term "Underwriter" is defined in the Zurich Policy to mean Zurich. Dkt. 1-1 at p. 8 of 15.

9. The address set forth in Item 5.A. of the Declarations of the Zurich Policy is:

    A. Address for Notice of Claim or Potential Claim
       Attn: Zurich North America
       Management Solutions Claims
       P.O. Box 968041
       Schaumburg, Illinois 60196-8041
       Fax #: (866) 255-2962
       Email: msgclms@zurichna.com

Dkt. 1-1 at p. 8 of 15.

### D. Harvard's Notice to AIG of the SFFA Action

10. On November 19, 2014, Harvard gave notice to AIG of the SFFA Action. Dkt. 1 at ¶ 41; Margulis Dec. Ex. B at Z 002055; Margulis Dec. Ex. F, Response to Interrogatory No. 4 at p. 6.

11. AIG sent Harvard a coverage position letter in connection with the SFFA Action dated August 4, 2015. Margulis Dec. Ex. B.

### E. Harvard's Notice to Zurich of the SFFA Action

12. On May 23, 2017, Harvard first provided notice to Zurich of the SFFA Action. Dkt. 1 at ¶ 44; Margulis Dec. Exs. C; Margulis Dec. Ex. F, Response to Interrogatory No. 4 at p. 6.

13. At the time Harvard provided its first notice to Zurich, Harvard also provided Zurich with a copy of AIG's letter dated August 4, 2015 (attached as Margulis Dec. Ex. B). Margulis Dec. Ex. C.

14. In response to Harvard's notice, Zurich asked Harvard to confirm that Harvard's May 23, 2017 notice letter was Harvard's first notice to Zurich. Margulis Dec. Ex. D.

15. Harvard confirmed that its first notice to Zurich was in fact the May 23, 2017 letter

and there had been no prior notification sent to Zurich. Margulis Dec. Ex. D.

16. By letter dated October 25, 2017, Zurich advised Harvard that no coverage was available under the Zurich Policy for the SFFA Action as a result of Harvard's failure to comply with the notice requirements of the Zurich Policy. Dkt. 1 at ¶ 46; Margulis Dec. Ex. E.

Dated:  August 17, 2022

Respectfully submitted,

ROPERS MAJESKI PC

/s/ *Andrew M. Margulis*
Andrew Margulis (admitted *pro hac vice)*
Jung Park (pro hac vice)
Ropers Majeski PC
750 Third Ave., 25th Floor
New York, NY 10017
Telephone:  (646) 454-3242
Facsimile:   (212) 668-5929
Email:  andrew.margulis@ropers.com

Paul T. Muniz (BBO No. 564786)
Donovan Hatem LLP
53 State Street, 8th Floor
Boston, MA 02109
Telephone:  (617) 406-4500
Facsimile:   (617) 406-4501
Email:  pmuniz@donovanhatem.com

*Attorneys for Defendant Zurich American Insurance Company*

## Certificate of Service

      I hereby certify that the foregoing document will be filed through the ECF system and sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on August 17, 2022, and courtesy electronic copies will be sent to counsel for parties who have not yet appeared in this action.

                                            /s/ *Andrew Margulis*

4894-3738-6540.1