# EXHIBIT C

# ANDERSON KILL P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733
www.andersonkill.com

Marshall Gilinsky, Esq.
MGilinsky@andersonkill.com
212-278-1513

By Email                                                                                           June 3, 2022

Andrew L. Margulis, Esq.
Andres Avila, Esq.
Ropers, Majeski, PC
750 Third Avenue, Floor 25
New York, NY 10017
andrew.margulis@ropers.com
andrews.avila@ropers.com

      Re:   *President & Fellows of Harvard College v. Zurich Am. Ins. Co.,* Case No. 21-cv-11530-ADB (D. Mass.)

Dear Counsel:

We write on behalf of the President and Fellows of Harvard College ("Harvard") to meet and confer pursuant to Local Rule 37.1(a) regarding the responses of Zurich American Insurance Company ("Zurich") to Harvard's First Request for the Production of Documents to Zurich, dated April 8, 2022 (the "Document Requests") and First Set of Interrogatories to Zurich, dated April 8, 2022 (the "Interrogatories", collectively, the "Requests"). Most of Zurich's responses to the Requests (the "Responses") are deficient or contain erroneous objections, as detailed below.

For the reasons stated below, Harvard requests Zurich withdraw its objections or clarify whether Zurich is withholding documents or information pursuant to particular objections, and produce all responsive documents and information.

## I.    Confidential or Proprietary Information

As an initial matter, we note Zurich's objections to producing what it believes to be confidential or proprietary information. Please recall that Harvard provided Zurich with a draft of a proposed Stipulated FRE 502(d) and Protective Order on April 8, 2022. Harvard has not received Zurich's comments to that proposed confidentiality order, the entry of which will permit Zurich to produce any materials it contends are confidential or proprietary subject to agreed-upon protections. Please let us know if Zurich has any suggested revisions to the draft protective order.

**Anderson Kill P.C.**

Andrew L. Margulis, Esq.
Andres Avila, Esq.
June 3, 2022
Page 2

## II. Zurich's Responses to Harvard's Interrogatories:

The General Objections and Responses to the Interrogatories discussed below are deficient. The referenced Interrogatories seek information that is relevant to the subject matter of the pending action, is not privileged or otherwise protected from discovery, and is proportional to the needs of the action. Zurich should withdraw the objections as noted below and provide the information requested:

a. <u>General Objection No. 3</u> – Zurich objects to the extent that the Requests call for the disclosure of proprietary information, confidential information, or trade secrets, but states it will provide such documents "if any," in compliance with a protective order in this matter. Please clarify the meaning of "if any" in this context. Please state whether Zurich is withholding information on the grounds that it reflects confidential or proprietary information. If so, for each request, specify what information is being withheld and the basis for withholding it.

b. <u>Interrogatory No. 1</u> asks Zurich to identify the name, position, address, and telephone number of the Persons answering the Interrogatories and consulted in connection with the preparation of your responses to these Interrogatories. Zurich objects that this Interrogatory is overly broad and seeks privileged information, and answers that the Responses were prepared by counsel for Zurich using documents provided by Zurich. Zurich's answer does not identify who at Zurich provided counsel with documents for review. This Interrogatory is not "overly broad"; it seeks information about individuals with knowledge about the dispute. Zurich should withdraw its objections to Interrogatory No.1 and provide Harvard with the full list of persons who answered, or were consulted in answering, the Interrogatories.

Relatedly, Document Request No. 20 asks Zurich to produce all documents referenced or reviewed in responding to Harvard's Interrogatories. Zurich's response to Interrogatory No. 1 states that the Interrogatory responses are based on a review of documents provided by Zurich. Accordingly, Zurich should withdraw its objections to Document Request No. 20 and produce the (non-privileged) documents referenced or reviewed. To the extent documents are being withheld from production based on a claim of privilege, please include them in a privilege log.

c. <u>Interrogatory No. 2</u> asks Zurich to identify all officers, representatives and employees with knowledge of or involved in the handling, evaluation, or determination of the SFFA Claim and to state the basis of their knowledge and involvement. Zurich objects on the basis of this request being "overly broad" and "beyond the scope of permissible discovery," and points to

**Anderson Kill P.C.**

Andrew L. Margulis, Esq.
Andres Avila, Esq.
June 3, 2022
Page 3

    Zurich's Initial Disclosures as identifying persons with knowledge of the SFFA Claim and Zurich's coverage position on same. These objections are without merit and should be withdrawn. There is nothing overly broad about a request for the identities of individuals with knowledge of the claim that is the basis for this coverage action. If Zurich contends that its Initial Disclosures provide all information sought by this Interrogatory, please confirm that no other individuals beyond those mentioned in the Initial Disclosures have any knowledge of or involvement in the handling, evaluation, or determination of the SFFA Claim.

d. <u>Interrogatory Nos. 3 & 4</u> ask Zurich to identity of certain Zurich-related individuals involved with the underwriting, marketing or sale of excess Directors & Officers insurance to Harvard from 2010 to present; and identity of certain Zurich-related individuals with knowledge of or involvement in Zurich's account with Harvard from 2010 to present. Zurich's objections that these Interrogatories are "overly broad," "beyond the scope," and seek information "not proportional to the needs of the case," are without merit and must be withdrawn. Harvard is entitled to discover the identities of these persons as they may have had knowledge of the SFFA Action, contrary to the late notice defense at the heart of this dispute. The Interrogatories are not limited to only those individuals with involvement in the handling, evaluation, or determination of the SFFA Claim, as Zurich improperly has tried to limit them. Please provide answers to the Interrogatories and identify the information requested.

e. <u>Interrogatory No. 5</u> asks Zurich to state the basis of what Zurich did and who Zurich talked to in response to the "March 21, 2021 Letter." Zurich objected to this Interrogatory as using an undefined term "March 21, 2021 Letter." As clarification of something we expect Zurich already knows, that date was a typographical error; it should have said March 10, 2021. Zurich further objects that the Interrogatory is overly broad, seeks privileged information, and is not relevant. The Interrogatory focuses on a specifically identified letter regarding Zurich's late notice defense and is likely to lead to evidence relevant to this dispute. Zurich should provide detailed information in response to this Interrogatory. To the extent that Zurich is withholding any information from its answer based on a claim of privilege, it can be noted in Zurich's response.

f. <u>Interrogatory No. 6</u> asks Zurich to identify of all persons involved with the preparations of the October 25, 2017 Letter. Zurich objected that this Interrogatory is overly broad, vague, ambiguous, and that is seeks privileged information. Zurich then identified Henry Chun. Zurich's objection of "overly broad" implies other persons were involved with the

**Anderson Kill P.C.**

Andrew L. Margulis, Esq.
Andres Avila, Esq.
June 3, 2022
Page 4

      preparations of the October 25, 2017 Letter.  Please identify any other persons involved in preparing the October 25, 2017 Letter, and withdraw the proportionality objections.  The information sought in this Interrogatory is not privileged, as the October 25, 2017 Letter was prepared as part of Zurich's ordinary handling of the claim at issue.  Moreover, the Interrogatory only seeks the identity of persons, which is a fact and is not privileged information. Accordingly, please withdraw the objection based on claims of privilege and provide the requested information.

g. <u>Interrogatory No. 7</u> asks Zurich to state the basis for what Zurich did, and identify who Zurich spoke to, in response to the May 23, 2017 Letter.  Zurich erroneously objects that the Interrogatory is overly broad, seeks privileged information, or is not relevant.  The Interrogatory focuses on a specifically identified letter regarding Zurich's late notice defense and is likely to lead to evidence relevant to this topic.  The information sought in this Interrogatory is not privileged, as the May 23, 2017 Letter was prepared as part of Zurich's ordinary handling of the claim at issue. Zurich should provide detailed information in response to this Interrogatory.

h. <u>Interrogatory No. 8</u> asks Zurich to identify all persons involved with the preparation of the May 28, 2021 Letter.  Zurich objected to this Interrogatory as overly broad and as seeking privileged information or information not relevant to this litigation.  Zurich then identified Brian Brown in response.  Zurich's objection of "overly broad" implies other persons were involved with the preparations of the May 28, 2021 Letter.  Please identify any other persons involved in preparing the May 28, 2021 Letter, and withdraw the objection of "overly broad."  Moreover, the Interrogatory only seeks the identity of persons, which is a fact and is not privileged information.  Accordingly, please withdraw the objection based on claims of privilege and provide the requested information.

i. <u>Interrogatory No. 9</u> asks Zurich to set forth the date Zurich set any reserves concerning, in relation to, or in response to the SFFA Action or the SFFA Claim.  Zurich declined to answer this Interrogatory on the purported basis that the term "set any reserves" creates confusion, and because the Interrogatory allegedly seeks proprietary, confidential, privileged and irrelevant or disproportional information.  The *date* Zurich set any reserves is not confusing, privileged or proprietary.  Zurich must withdraw these objections and provide the information sought by the Interrogatory.

**Anderson Kill P.C.**

Andrew L. Margulis, Esq.
Andres Avila, Esq.
June 3, 2022
Page 5

### III.    Zurich's Responses to Harvard's Document Requests:

The following Responses to Harvard's Document Requests also are deficient. Harvard requests that Zurich withdraw the noted objections and produce the documents requested:

a. <u>General Objection No. 2</u> – Zurich objects to the extent that the Requests call for the disclosure of proprietary information, confidential information, or trade secrets, but states it will provide such documents "if any," in compliance with a protective order in this matter. Please clarify the meaning of "if any" in this context. Please state whether Zurich is withholding information on the grounds that it reflects confidential or proprietary information. If so, for each request, specify what information is being withheld and the basis for withholding it.

b. <u>General Objection No. 4</u> – Zurich objects to the extent any Requests seek confidential financial information or confidential personal information. Please state whether Zurich is withholding any documents on the basis of this General Objection.

c. <u>Document Request No. 2</u> seeks the production of Zurich's Claims File. Zurich objects that this request is vague, unduly burdensome, indefinite, lacking in particularity, and seeks irrelevant, privileged, protected or disproportional information. Zurich then states it will produce "non-privileged, relevant, documents contained in the claim file as defined and maintained by Zurich in the regular course of its business." Zurich does not say what its definition of "the claim file" is. Please state whether Zurich is withholding any documents based on its unspecified definition of "claim file." Please describe the parameters of the claim file Zurich is producing, including where and how it is maintained; what information goes into it; when it was set up; who set it up; who has access to it; and how documents are added to it. Also, please confirm that any documents Zurich is withholding on the assertion of privilege will be included on a privilege log.

d. <u>Document Request No. 3</u> seeks the production of Documents and Communications concerning Zurich's decision to deny insurance coverage for the SFFA Claim. Zurich objects to the use of the term "Claim" as unduly vague, overbroad, unduly burdensome, indefinite, and lacking in reasonable particularity. The use of the term "Claim" was a typographical error that should have said "SFFA Claim." Please confirm that Zurich is not withholding any documents based on the objection to the term "Claim." Zurich responded that any responsive documents would be within the claim file maintained by Zurich, again using Zurich's own undefined term.

**Anderson Kill P.C.**

Andrew L. Margulis, Esq.
Andres Avila, Esq.
June 3, 2022
Page 6

    It seems unlikely that all responsive documents would make their way into the "claim file." Is Zurich certain there are no other responsive materials? Please state whether all email communications and records of phone conversations or text or instant messages mentioning the SFFA Action or SFFA Claim are maintained in the "claim file" Zurich is going to produce. If not, please state whether Zurich has searched email and other electronic records for such documents and specify any terms used when conducting such searches.

e. <u>Document Request No. 4</u> seeks the production of all Claims Manuals. Zurich has refused to produce documents based on the objections that the Request is vague, overbroad, unduly burdensome and not relevant or proportional. Zurich also objects that such documents are confidential and proprietary or privileged. Please withdraw the objections and produce responsive documents. Otherwise, please provide more information to support Zurich's objections and claimed bases for withholding documents from production so that Harvard may assess how to proceed. Are there claims manuals? If so, how many? How complicated is it to obtain them for production? What is the burden of producing them? Do the manuals contain information regarding late notice defenses or constructive notice? Do they discuss procedures for communicating with different parts of the company when investigating a claim? Such information will be helpful in understanding the basis of Zurich's objections.

f. <u>Document Request Nos. 5 & 7</u> seek the production of Underwriting Files from 2010 to 2015, and Documents and Communications concerning the underwriting, marketing, or sale of excess Directors & Officers insurance by Zurich to Harvard from 2010 through present. As an initial matter, Harvard supplements the request for Underwriting Files to include 2016. Zurich objects to these Requests on the claimed basis they are vague, broad, or disproportional. But Underwriting Files should not be burdensome to produce, and searching for and obtaining those materials does not involve a hunt for irrelevant documents. Moreover, the Underwriting Files will identify individuals with knowledge about the insurance Zurich sold to Harvard and may also reveal knowledge about the SFFA Action by Zurich personnel. Zurich must withdraw all such objections and produce the requested documents.

g. <u>Document Request No. 6</u> seeks the production of all Communications between Zurich and any insurance broker, agent, intermediary, consultant, or representative, concerning the SFFA Action, including discussions with AIG or any reinsurer. Zurich objected that the Request is unduly burdensome, overly broad and indefinite, seeks privileged information, or

**Anderson Kill P.C.**

Andrew L. Margulis, Esq.
Andres Avila, Esq.
June 3, 2022
Page 7

    can be obtained from other sources.  Zurich also objects that responsive documents are already in Harvard's possession.  The Request is not over broad or vague, particularly with respect to the timeline parameters that are indicated by the term "the SFFA Action."  Please confirm that Zurich is not withholding any documents based on this objection.  Zurich responded that any responsive documents would be within the claim file maintained by Zurich, again using Zurich's own undefined term.  Again, it seems unlikely that all responsive documents would make their way into the "claim file."  Is Zurich certain there are no other responsive materials?  Please clarify whether all email communications and records of phone conversations or text or instant messages mentioning the SFFA Action or SFFA Claim are maintained in the "claim file" Zurich will produce.  If not, please state whether Zurich has searched email and other electronic records for such documents and specify any terms used when conducting such searches.

h. <u>Document Request No. 8</u> seeks the production of all Documents and Communications concerning the claims made or covered under excess Directors and Officers insurance sold by Zurich to Harvard from 2010 to present. Zurich objects that this Request is unduly vague, overbroad, unduly burdensome, indefinite, lacking in reasonable particularity, and is not proportional.  These objections indicate Zurich has determined there are responsive claims.  Please indicate how many claims there were, what the burden would be in producing them, where Zurich looked for these Documents and Communications, and what search terms were used.  Otherwise, please withdraw the objections and produce the Documents and Communications requested.

i. <u>Document Request Nos. 9, 10, 11, 12, 14, 15, 16, 17, and 18</u> seek the production of all Documents and Communications concerning the May 23, 2017 Letter, the October 25, 2017 Letter, the March 10, 2021 Letter, and the May 28, 2021 Letter; Documents and Communications concerning the SFFA Claim and SFFA Action; and Documents and Communications from Zurich's Client Relationship Department and Client Relationship Leader Susan Fortin regarding the SFFA Acton, SFFA Claim, and the Zurich Policy.  These Document Requests are straightforward, and Zurich repeats similar objections to each of them, followed by a statement that Zurich will produce these documents to the extent they are within Zurich's undefined "claim file."  Yet again, it seems unlikely that all responsive documents would make their way into the "claim file."  Harvard requests that Zurich withdraw its objections to these Document Requests.  Please indicate what if any documents are not being produced because they fall outside of on Zurich's undisclosed definition of "claim file."  Please also

**Anderson Kill P.C.**

Andrew L. Margulis, Esq.
Andres Avila, Esq.
June 3, 2022
Page 8

        explain what Zurich has done, if anything, to search for and locate any Documents or Communications outside the Zurich's "claim file."  Please indicate where and how Zurich searched, and what terms it used.  In addition, with respect to Zurich's response to Document Request No. 14, please clarify what Zurich did to see whether any responsive documents exist and what would be burdensome about producing those documents.

j. <u>Document Request No. 19</u> seeks the production of Documents and Communications received via newsletters or newspapers by any Zurich employee involved with the account for Harvard containing information regarding the SFFA Action. Zurich objects that this Request seeks privileged information, is vague, overbroad, unduly burdensome, indefinite, lacking in reasonable particularity, including with respect to the phrases "All Documents and Communications received" and "via newsletters or newspapers, in paper form or via email, by any Zurich employee."  Harvard requests that Zurich withdraw its objections to this Request and produce the responsive material. If Zurich continues to refuse to do so, please explain the basis for each objection.  What is vague, overbroad, unduly burdensome, or otherwise disproportionate about this request?  Please indicate what, if anything, Zurich has done to determine that locating and producing responsive documents would be burdensome.  Also, what responsive information would be privileged?

\*   \*   \*

        Please let us know whether you would like to schedule a time to discuss these matters. Otherwise, please respond in writing within seven days of this letter.  If we do not receive a response prior to that date, Harvard will presume that Zurich does not intend to remedy its deficient responses.  Harvard is prepared to seek relief from the Court through a motion to compel pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37.1.

        Please also let us know when the documents Zurich is agreeing to produce will be available for our review, as we have not received any to date.  Thank you for your prompt attention.

Very truly yours,

Marshall Gilinsky

cc: Paul Muniz (pmuniz@donovanhatem.com)