# EXHIBIT D

# ANDERSON KILL P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020
TELEPHONE: 212-278-1000 ■ FAX:  212-278-1733
www.andersonkill.com

Ethan W. Middlebrooks, Esq.
emiddlebrooks@andersonkill.com
212-278-1324

By Email                                                                                       June 29, 2022

Andrew L. Margulis, Esq.
Ropers, Majeski, PC
750 Third Avenue, Floor 25
New York, NY 10017
andrew.margulis@ropers.com

Re:   *President & Fellows of Harvard College v. Zurich Am. Ins. Co.,*
         Case No. 21-cv-11530-ADB (D. Mass.)

Dear Andy:

We write on behalf of the President and Fellows of Harvard College ("Harvard") to follow up on our June 14, 2022 Zoom call regarding the responses of Zurich American Insurance Company ("Zurich") to Harvard's First Request for the Production of Documents to Zurich, dated April 8, 2022 (the "Document Requests") and First Set of Interrogatories to Zurich, dated April 8, 2022 (the "Interrogatories", collectively, the "Requests", and the responses to the "Requests," the "Responses").

Harvard requested by letter dated June 3, 2022, that Zurich withdraw certain objections and provide specified information.  When we spoke on June 14, Zurich maintained all objections.  However, you reported that Zurich is only withholding documents based on privilege that will be set forth in a privilege log.  You reiterated that Zurich will not be searching beyond the claim file for responsive emails that might be outside the claim file.  Finally, you stated that Zurich will not be withdrawing its objections as to confidentiality, as set forth in its General Objection No. 3 to the Interrogatories or General Objection Nos. 2 and 4 to the Document Requests, but that Zurich would not be withholding any documents based on a claim of confidentiality. Harvard disagrees that limiting the search for responsive document to the claim file is appropriate or fulfills Zurich's discovery obligations.

As for the specific Responses and Objections:

For Interrogatory Nos. 1 and 2, you stated that all responsive individuals were identified already in Zurich's Initial Disclosures, or would be identified in documents produced by Zurich, and any other additional people involved would have been attorneys and that information would be work product.  You stated that Zurich would not add the names of individuals referenced in documents to its response to these Interrogatories.  Harvard believes such amended responses are appropriate.  You also stated that non-privileged documents responsive to Document Request No. 20 will be part of Zurich's document production.

**Anderson Kill P.C.**

Andrew L. Margulis, Esq.
June 29, 2022
Page 2

      For Interrogatory Nos. 3 and 4, you reiterated Zurich's position that underwriting, marketing, and sales materials were not relevant to this case.  We explained why information regarding the identities of individuals involved with those functions is relevant for discovery in this matter, as those individuals might have been knowledgeable of the SFFA Action.  You also stated (without explaining) that it would be difficult for Zurich to search through twelve years of computer files for something that Zurich did not see as relevant.  We asked about whether Zurich would consider searching on an abbreviated timeline, but you maintained that Zurich would not agree due to its relevance objection.  Zurich must disclose the information sought by these Interrogatories as it is basic discoverable information that concerns matters relevant to this litigation.

      For Interrogatory Nos. 5 and 7, you stated that the phrase "what Zurich did," in response to certain correspondence, is impossible to define, but said all relevant information nonetheless will be contained in documents to be produced by Zurich, subject, of course, to the limited production only of documents in Zurich's claim file.  Harvard disagrees that reference to such documents is a sufficient response to these Interrogatories.

      As for Interrogatories Nos. 6 and 8, you stated Zurich's objections pertained to the phrase "all persons involved," because Zurich did not want to be listing secretaries or someone along the way who may have interacted with the file but not substantively.  You stated that communications among anyone with "substantive knowledge" would be in the claim file Zurich will produce, or would already have been named in Zurich's Initial Disclosures. Harvard believes the responses should be amended to include the names of people with substantive knowledge.

      With respect to Interrogatory No. 9, concerning the date Zurich set any reserves for the SFFA Action or SFFA Claim, you reiterated that you think the information is irrelevant and has no bearing on notice, but explained that you would speak to Zurich about releasing the dates that reserves were set.  You also stated that the claim file Zurich will produce might show when a reserve was set as those files usually set a nominal "form reserve" of $1.  Please confirm whether Zurich will be supplementing this Interrogatory Response to state the dates any reserves were set for the SFFA Action or SFFA Claim.

      Turning to Zurich's objections to Document Request No. 2, we asked you to explain how Zurich defines the "claim file" it will be producing.  You stated that it is the claim file as it is maintained in the normal course of business.  You stated that Zurich personnel generally put all documents, notes, emails, correspondence, and letters to and from the policyholder in claims files.  When we asked whether all emails regarding the SFFA Claim and SFFA Action would be included in the claim file being produced, you stated that any "substantive" emails "probably" would be included.  The makeup of the "claim file," including its contents and its organization, impacts Zurich's responses at least to Interrogatory Nos. 5-8, and Document Request Nos. 2, 3, 6, 9-12 and 14-18.

**Anderson Kill P.C.**

Andrew L. Margulis, Esq.
June 29, 2022
Page 3

As noted above, Harvard does not agree that Zurich's search for responsive documents can be limited to the "claim file" you describe.

For Document Request No. 3, you maintained that all responsive documents are in the claim file. We asked if there was any electronic search done, to which you indicated none was done, and that all the responsive documents would be in the claim file and Zurich is producing the entire claim file.

For Document Request No. 4, you maintained Zurich's objection to producing "claims manuals." You said that based on your experience there is typically nothing "substantive" in "claims manuals." It was not clear from your description whether you reviewed any Zurich claims manuals or whether you were in the position to speak as to what any of them include. Please advise if you have been able to review any Zurich claims manuals (or their equivalent if Zurich calls them by another name), and whether or not they include any responsive information.

With respect to Document Requests Nos. 5 and 7, concerning Underwriting Files and Documents and Communications regarding underwriting, marketing, and sales of excess policies from 2010 through 2016, you stated you would discuss with Zurich whether it would produce responsive underwriting materials after the excess policy at issue was sold to Harvard. While Harvard appreciates the consideration of producing some underwriting materials, Zurich must produce the entire range of materials sought by these Document Requests as it is relevant, and there should be minimal burden of producing a few additional years of underwriting materials.

As for Document Request No. 6, you stated all Communications with brokers would be in the claim file, and that you did not think there were any Communications with AIG. You also stated Zurich would not be producing Communications with reinsurance companies because it is not relevant. However, Zurich must produce all non-privileged Communications with others regarding the SFFA Action, including reinsurance companies. Communications with reinsurance companies are relevant because they might contain information concerning when Zurich knew or was aware of the SFFA Action, and such Communications are not privileged. *See Reliance Ins. Co. v. Am. Lintex Corp.*, No. 00-cv-5568, 2001 U.S. Dist. LEXIS 7140, at *10 (S.D.N.Y. June 1, 2001) (holding that reinsurance information itself – which is not what Harvard seeks – is not protected from discovery). Harvard also does not believe Zurich can limit its search for responsive documents to the claim file.

For Document Request No. 8, concerning the claims made or covered under excess Directors and Officers insurance sold by Zurich to Harvard from 2010 through present, you stated you are inquiring with Zurich how many claims there might be. You also stated that Zurich's computer systems switched servers five or six years ago, and that you did not know the process of retrieving materials from the old servers. You stated you would follow up with Zurich about what it would entail to recover materials from older servers. Please let us know about this information, and whether documents regarding other Harvard claims will be produced.

**Anderson Kill P.C.**

Andrew L. Margulis, Esq.
June 29, 2022
Page 4

      For Document Requests Nos. 9-12 and 14-18, you stated that all responsive materials are in the claim file. However, you also explained that there may be emails that existed that were not contained in the claim file, but all substantive emails "probably" would be found there. With respect to Client Relationship Leader Susan Fortin, you stated that Zurich was looking into retrieving her files from older servers. Please confirm that Zurich will be performing a search for and retrieving requested Documents and Communications from Susan Fortin, and how soon that search will be conducted. As with other requests, Harvard does not agree that Zurich's discovery obligations are met by producing the claim file without searching elsewhere for responsive documents.

      Regarding Document Request No. 19, concerning newsletters or newspapers, you said you did not understand the meaning of the Document Request. Nonetheless, you reported that if there was anything responsive that it would be in the claim file being produced. We asked whether news articles regarding the SFFA Action make their way into Zurich's claim file. Your response did not make it clear whether or not they did. You also objected to Zurich searching for or producing documents relating to news reports sent or received by Zurich employees that might not be within the claim file. News reports about the SFFA Action reviewed by Zurich personnel are relevant and responsive, whether or not they were placed in Zurich's claim file.

      Lastly, you stated that Zurich has had a paperless policy in place for ten years, and that there are no paper files to search for responsive documents.

*   *   *

      Please let us know whether we have misunderstood Zurich's positions. Also, please confirm in writing the information we request by this letter within seven days. Nothing discussed herein should be construed as an agreement to forego the filing of a motion to compel regarding the issues raised in our June 3 letter or discussed on June 14.

      Thank you for your prompt attention.

Very truly yours,<br><br>Ethan W. Middlebrooks

cc:    Andres Avila, Esq. (andrews.avila@ropers.com)
         Paul Muniz, Esq. (pmuniz@donovanhatem.com)