Marshall Gilinsky, Esq. (BBO # 569181)
Ethan W. Middlebrooks, Esq. (*Pro Hac Vice*)
Jade W. Sobh, Esq. (*Pro Hac Vice*)
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, NY 10020
Telephone:    (212) 278-1000
Facsimile:    (212) 278-1733
Email:  mgilinsky@andersonkill.com
Email:  emiddlebrooks@andersonkill.com
Email:  jsobh@andersonkill.com

*Attorneys for Plaintiff President and Fellows of Harvard College*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>ZURICH AMERICAN INSURANCE COMPANY,<br><br>　　　　　　　　　Defendant. | **Case No: 1:21-cv-11530-ADB** |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF PRESIDENT AND FELLOWS OF HARVARD COLLEGE'S MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(d) AND FOR EXPEDITED HEARING

NOW COMES Plaintiff President and Fellows of Harvard College ("Harvard") which hereby moves pursuant to Federal Rule of Civil Procedure 56(d) for an order deferring consideration of or denying the Motion for Summary Judgment of Defendant Zurich American Insurance Company ("Zurich"), and permitting Harvard additional time to take discovery.

### PRELIMINARY STATEMENT

This case is about Zurich's actual notice of the underlying litigation *Students for Fair Admissions, Inc. v. President and Fellows of Harvard College (Harvard Corporation)*, No. 1:14-

cv-14176-ADB (the "SFFA Action") and Zurich's improper attempt to avoid its obligations for the resulting insurance claim (the "SFFA Claim"), based solely on the grounds that Zurich purportedly did not have timely notice of the SFFA Action.[1]

Here, as set forth in the accompanying Declaration of Marshall Gilinsky, Harvard has sought discovery from Zurich that will serve to defeat Zurich's late notice defense.  More specifically, the discovery sought pertains to two crucial issues in this case: (1) that Zurich had notice of the SFFA Action between November 2014 and January 30, 2016; and (2) that the premiums Zurich charged Harvard at each insurance renewal thereafter were set with knowledge of the SFFA Action.  These facts are an essential subject for discovery before the Court can evaluate the merits of Zurich's attempt to escape its obligations to Harvard through a premature request for summary judgment.

Harvard sought discovery of information pertaining to those crucial facts through the use of traditional discovery devices.  However, as detailed in Harvard's concurrently filed Motion to Compel, Zurich has stonewalled Harvard's efforts at obtaining fundamental, relevant discovery. Harvard spent nearly two months engaged with Zurich in a meet and confer process seeking to find agreement on ways to obtain that discovery, but to no avail.  Rather than comply with its discovery obligations, Zurich blocked access to crucial discovery at every opportunity, and moved to quash the single deposition notice served in this case thus far and, less than a week later, moved for early summary judgment before key discovery has been obtained.

Now Harvard seeks to compel Zurich to comply with its basic discovery obligations through its concurrently filed Motion to Compel, and Harvard requests through the present

---

[1] A detailed recitation of the facts are set forth in Harvard's concurrently filed Motion to Compel, which Harvard incorporates as if fully referenced herein, as well as the accompanying Declaration of Marshall Gilinsky.

Motion that the Court delay considering or deny Zurich's summary judgment motion in order to allow Harvard a full and fair chance to obtain necessary discovery from Zurich. Then, the Court properly can consider Zurich's summary judgment motion, with access to the relevant facts as part of the record.

First Circuit precedent is clear that when a party such as Harvard has not "had a full and fair opportunity to conduct discovery needed to mount an effective opposition to a summary judgment motion," then "a strong presumption arises in favor of relief" under Rule 56(d). *Emigrant Residential LLC v. Pinti*, 37 F.4th 717, 724 (1st Cir. 2022). Because Zurich has stymied Harvard's efforts at obtaining discovery of the crucial facts that would serve to defeat Zurich's late notice defense (the defense on which its summary judgment motion is based), the Court should grant Harvard's motion for relief under Rule 56(d).

<u>**ARGUMENT**</u>

Pursuant to Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may:"

>    (1) defer considering the motion or deny it;

>    (2) allow time to obtain affidavits or declarations or to take discovery; or

>    (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). Rule 56(d) "protects a litigant who justifiably needs additional time to respond in an effective manner to a summary judgment motion." *In re PHC, Inc. Shareholder Litig.*, 762 F.3d 138, 143 (1st Cir. 2014). It "provides a safety valve for claimants genuinely in need of further time to marshal facts, essential to justify [their] opposition . . . to a summary

3

judgment motion." *Emigrant Residential LLC v. Pinti*, 37 F.4th 717, 724 (1st Cir. 2022) (internal quotes and citation omitted).

This Court has broad discretion to grant a motion pursuant to Rule 56(d). *In re PHC*, 762 F.3d at 142-43. The First Circuit has stated that in considering a Rule 56(d) motion, "district courts must analyze issues arising under the rule in line with the rule's core purpose: to 'protect[] a litigant who justifiably needs additional time to respond in an effective manner to a summary judgment motion.'" *Emigrant Residential*, 37 F.4th at 724 (citations omitted). Thus, "district courts should construe motions that invoke the rule generously, holding parties to the rule's spirit rather than its letter." *Id.* (quoting *Resolution Trust Corp. v. N. Bridge Assocs., Inc.*, 22 F.3d 1198, 1203 (1st Cir. 1994)).

The "crucial inquiry" under the Rule is whether the moving party "has had a full and fair opportunity to conduct discovery needed to mount an effective opposition to a summary judgment motion." *Id.* at 724. If the movant has not had such opportunity, "a strong presumption arises in favor of relief." *Id.* (citing *N. Bridge Assocs.*, 22 F.3d at 1203).

To avail itself of Rule 56(d), the party opposing summary judgment and seeking additional discovery must submit:

> a timely statement – if not by affidavit, then in some other authoritative manner – that (i) explains [its] current inability to adduce the facts essential to filing an opposition, (ii) provides a plausible basis for believing that the sought-after facts can be assembled within a reasonable time, and (iii) indicates how those facts would influence the outcome of the pending summary judgment motion.

*Emigrant Residential*, 37 F.4th at 725 (citation omitted). The First Circuit has characterized the requisite showing as having five elements: "authoritativeness, timeliness, good cause, utility, and materiality." *N. Bridge Assocs.*, 22 F.3d at 1203. Those elements are "not inflexible, and the Court is afforded "considerable discretion" regarding their interplay. *Emigrant Residential*, 37

4

F.4th at 725 (citing *N. Bridge Assocs.*, 22 F.3d at 1203).  Based on the circumstances, "one or more" of the elements "may be relaxed, or even excused, to address the exigencies of a particular case."  *N. Bridge Assocs.*, 22 F.3d at 1203.

Here, as set forth in the accompanying Declaration of Marshall Gilinsky, Harvard has sought discovery from Zurich that will serve to defeat Zurich's late notice defense.  Specifically, the discovery sought pertains to two crucial issues in this case: (1) that Zurich had notice of the SFFA Action between November 2014 and January 30, 2016; and (2) that the premiums Zurich charged Harvard at each insurance renewal thereafter were set with knowledge of the SFFA Action.

This evidence is relevant and essential to assessing the validity of Zurich's late notice defense.  Massachusetts law recognizes that the purpose of the notice requirement under "claims made" insurance policies is to ensure that the insurance company knows about claims at the end of the policy period and can set rates accordingly going forward, *see Tenovsky v. Alliance Syndicate, Inc.*, 424 Mass. 678, 680 (1997); *Chas. T. Main, Inc. v. Fireman's Fund Ins. Co.*, 406 Mass. 862, 865 (1990); *New England Env'tl Tech. v. Am. Safety Risk Retention Grp., Inc.*, 738 F. Supp. 2d 249, 256 (D. Mass. 2010).  Accordingly, what Zurich knew and how it set rates given that knowledge are important facts to consider in evaluating Zurich's late notice defense. Harvard should be permitted to obtain discovery regarding those key facts before the Court proceeds to consider Zurich's summary judgment motion.

Harvard sought discovery of information pertaining to those crucial facts through the use of traditional discovery devices.  That evidence is within Zurich's possession, but Zurich continues to withhold it.  As detailed in Harvard's Motion to Compel, aside from a "claim file" pertaining to the time period after formal notice of the SFFA Claim in 2017, Zurich has

stonewalled Harvard's discovery efforts.  After spending nearly two months in the meet and confer process, Zurich has continued to refuse to turn over the evidence *in its possession*.  Rather than provide discovery, Zurich moved to quash the single deposition notice served in this case thus far and, less than a week later, prematurely moved for summary judgment in to the hope of escaping its coverage obligations before the key evidence it is hiding is revealed.

Harvard "cannot present facts essential to justify its opposition" to Zurich's summary judgment motion without having a fair chance to take and complete its requested discovery of facts material to Zurich's late notice defense. Fed. R. Civ. P. 56(d).  Zurich knows this: there is a reason that it has moved for summary judgment already, more than two months before the close of discovery specified in this Court's Scheduling Order (Dkt. # 22).  Zurich's recalcitrance in the meet and confer process bought it time to prepare and file its summary judgment motion before Harvard could file its own motion to compel.  Now Harvard has filed that motion to compel Zurich's compliance with the basic written discovery requests that Harvard served months ago.  Zurich's bid for summary judgment would end this case before Harvard, still seeking access to relevant documents, can take a single deposition of a Zurich witness.

The First Circuit has stated that "a party seeking 'discovery expeditiously is not obligated to take heroic measures to enforce his rights against a recalcitrant opponent.'"  *In re PHC*, 762 F.3d at 144 (citing *Carmona v. Toledo*, 215 F.3d 124, 135 (1st Cir. 2000)).  Harvard has followed the proper processes in a timely manner and sought to narrow issues relating to discovery, while still obtaining access to the essential information it has long requested.  Zurich has blocked those efforts at every turn.  The First Circuit's observations are instructive:

> In a matter like this, when "plaintiffs' case turns so largely on their ability to secure evidence within the possession of defendants, courts should not render summary judgment because of gaps in a plaintiff's proof without first determining that plaintiff has had a fair chance to obtain necessary

6

and available evidence from the other party."  To rule otherwise would
encourage defendants "to 'stonewall' during discovery—withholding or
covering up key information that is otherwise available to them through
the exercise of reasonable diligence."

*Id.* (quoting *Carmona*, 215 F.3d at 133) (internal citations omitted).

Harvard has not "had a full and fair opportunity to conduct discovery needed to mount an

effective opposition to [Zurich's] summary judgment motion."  *Emigrant Residential*, 37 F.4th at

724.  Therefore, the Court should grant Harvard's Motion Pursuant to Rule 56(d) (as well as its

Motion to Compel) and permit Harvard the opportunity to conduct the discovery set forth in the

accompanying Gilinsky Declaration before considering Zurich's motion for summary judgment.

## CONCLUSION

For all of the foregoing reasons, Harvard respectfully requests that the Court grant

Harvard's Motion Pursuant to Rule 56(d) of the Federal Rules of Civil Procedure.

Dated:  August 23, 2022                        **ANDERSON KILL P.C.**

By: /s/ Marshall Gilinsky
      Marshall Gilinsky, Esq. (BBO # 569181)
      Ethan W. Middlebrooks, Esq. (*Pro Hac Vice*)
      Jade W. Sobh, Esq. (*Pro Hac Vice*)
      1251 Avenue of the Americas
      New York, New York 10020
      Telephone: (212) 278-1000
               (617) 221-5445
      E-mail:  mgilinsky@andersonkill.com
      E-mail:  emiddlebrooks@andersonkill.com
      E-mail:  jsobh@andersonkill.com

      *Attorneys for Plaintiff President and Fellows of
      Harvard College*