UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>                              Plaintiff,<br><br>    v.<br><br>ZURICH AMERICAN INSURANCE COMPANY,<br><br>                              Defendant. | Case No. 1:21-cv-11530-ADB |

**DECLARATION OF MARSHALL GILINSKY, ESQ. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(d) AND FOR EXPEDITED HEARING**

I, **MARSHALL GILINSKY, ESQ.**, a member of the Bar of the Commonwealth of Massachusetts, hereby declare under penalty of perjury as follows:

1.      I am a shareholder at the law firm Anderson Kill, P.C., counsel to Plaintiff President and Fellows of Harvard College ("Harvard") in the above-referenced action.  In that capacity, I am personally familiar with the facts set forth below.

2.      I respectfully submit this Declaration Pursuant to Federal Rule of Civil Procedure 56(d), in support of Harvard's Motion Pursuant to Federal Rule of Civil Procedure 56(d) and for Expedited Hearing to stay or deny the Motion for Summary Judgment of Defendant Zurich American Insurance Company ("Zurich") and permit Harvard time to conduct discovery.

3.      Harvard makes this application without waiving its right to oppose Zurich's summary judgment motion on any grounds including, without limitation, an argument that the evidence in documents already obtained raises genuine, triable issues of material fact sufficient

to defeat Zurich's motion, or that Zurich's arguments fail as a matter of law to carry its initial,

threshold burden for purposes of summary judgment under Federal Rule of Civil Procedure 56.

4.      Harvard requests additional discovery (discovery that Harvard has been seeking

for months) pursuant to Rule 56(d) that pertain to the arguments, and allegations fact of fact

upon which such arguments are premised, that Zurich has advanced as grounds for summary

judgment regarding the following issues:

- Zurich's knowledge of the underlying litigation *Students for Fair Admissions, Inc. v. President and Fellows of Harvard College (Harvard Corporation)*, No. 1:14-cv-14176-ADB (the "SFFA Action") during the time period from November 2014 to January 30, 2016;

- Zurich's setting of insurance rates and premiums for the excess insurance policies sold to Harvard from 2013 to 2017;

- Zurich's knowledge of the SFFA Action through its underwriting of Harvard's insurance and news media reports.

5.      As detailed below, Harvard is entitled to but has not received the following

discovery, which it now also requests under Rule 56(d):

- The identities of Zurich personnel with substantive knowledge of the Harvard account at Zurich, including their direct and indirect supervisors;

- Emails regarding the SFFA Action sent or received by the foregoing individuals during the period from November 2014 through January 2016;

- Zurich's underwriting files from 2013-2018, which concern Zurich's knowledge of the SFFA Action and setting of rates and premiums for the insurance sold to Harvard;

- Information about Zurich's preservation of materials prior to this litigation in response to a March 10, 2021 litigation hold request by Harvard;

- A deposition of Amauri Taveras, the Zurich underwriter responsible for underwriting the excess insurance sold to Harvard during the relevant time period, to: (1) inquire about Zurich's underwriting and knowledge of Harvard's loss history; (2) authenticate and explain underwriting and other documents produced by Zurich; and (3) inquire about the discovery topics outlined above;

2

- A deposition of Russel Creighton, a Zurich underwriter, to: (1) inquire about Zurich's underwriting of Harvard's excess insurance policies, including for the discovery topics outlined above; and (2) authenticate and explain underwriting and other documents produced by Zurich;

- Depositions of individuals with substantive knowledge identified by Zurich in response to Harvard's discovery requests to: (1) inquire about the discovery topics outlined above; and (2) authenticate and explain documents produced by Zurich.

6.     Harvard has not had an opportunity to conduct discovery into these issues. Although Harvard received some documents from Zurich in a document production responsive to document requests, those documents primarily consist of a "claim file" that was not created until 2017, after the most important time period for assessing Zurich's notice of the SFFA Action from November 2014 through January 2016.  Zurich has refused to identify key witnesses, search for emails from those custodians, or produce underwriting documents not contained in that "claim file."  Harvard has moved to compel discovery from Zurich and has not had the opportunity to take depositions because Zurich has refused to produce the documents and information at issue in that motion to compel.

7.     The March 7, 2022 Scheduling Order in this case set a fact discovery completion date of October 28, 2022.  (Dkt. # 22).  Accordingly, more than two months remain for fact discovery under that Scheduling Order.

## I.     THE FIRST CIRCUIT STANDARD

8.     The U.S. Court of Appeals for the First Circuit has interpreted Rule 56(d) as involving a "crucial inquiry" into whether the party seeking relief under that rule "has had a full and fair opportunity to conduct discovery needed to mount an effective opposition to a summary judgment motion."  *Emigrant Residential LLC v. Pinti*, 37 F.4th 717, 724 (1st Cir. 2022).  Per the First Circuit, Rule 56(d) "protects a litigant who justifiably needs additional time to respond in

an effective manner to a summary judgment motion." *In re PHC, Inc. Shareholder Litig.*, 762 F.3d 138, 143 (1st Cir. 2014).

9.     In *Emigrant Residential*, the First Circuit described the Rule 56(d) as requiring

> a timely statement – if not by affidavit, then in some other authoritative manner – that (i) explains [its] current inability to adduce the facts essential to filing an opposition, (ii) provides a plausible basis for believing that the sought-after facts can be assembled within a reasonable time, and (iii) indicates how those facts would influence the outcome of the pending summary judgment motion.

*Emigrant Residential*, 37 F.4th at 725 (citation omitted).

## II.     FACTS SOUGHT BY HARVARD AND HOW THEY ARE TO BE OBTAINED

10.     Harvard is entitled to discovery responsive to its Requests for Production of Documents and First Set of Interrogatories, as further detailed in Harvard's concurrently filed Motion to Compel, pursuant to Rule 56(d).  Harvard's discovery requests are briefly described below.

### A.     Harvard's Document Requests

11.     Harvard served its Requests for Production of Documents on April 8, 2022. Among other things, those document requests sought the production of underwriting materials and documents aimed discovering proof of Zurich's knowledge of the SFFA Action during the time period between November 2014 and January 2016.

12.     Zurich served written responses and objections to Harvard's document requests on May 20, 2022.

13.     On June 28, 2022, Zurich made a limited production of documents that primarily consisted of the "claim file" created in May 2017, other claim material after that timeframe, and a copy of the insurance policy at issue.  That "claim file" is made up mostly of voluminous pleadings from the SFFA Action.

docs-100514663.3

14.     Zurich had informed Harvard it was reviewing and also would produce emails from Client Relationship Leader Susan Fortin, but Zurich moved for summary judgment before producing those emails.

15.     Harvard seeks documents pursuant to Rule 56(d) to show that Zurich had knowledge of the SFFA Action during the time period between November 2014 and January 2016, and to determine what Zurich did with that knowledge when it set rates and premiums for the excess insurance policies it sold Harvard going forward.

**B.     Harvard's Interrogatories**

16.     Harvard served its First Set of Interrogatories on April 8, 2022.

17.     Zurich served written responses and objections to Harvard's Interrogatories on May 20, 2022.

18.     In those responses, Zurich would not identify individuals at Zurich with substantive knowledge of the Harvard account outside of select persons involved with claims handling.

19.     Harvard seeks the identity of individuals at Zurich with substantive knowledge of the Harvard account and their direct and indirect supervisors in order to notice depositions of persons who can testify about Zurich's knowledge of the SFFA Action during the time period between November 2014 and January 2016, and to determine what Zurich did with that knowledge when it set rates and premiums for the excess insurance policies Zurich sold Harvard going forward.

**C.     Deposition Discovery**

20.     Harvard has not had a reasonable opportunity to take depositions in this matter given Zurich's refusal to identify witnesses or produce basic documents responsive to Harvard's

discovery requests.  Deposition testimony will be an efficient and effective means of determining information about Zurich's knowledge of the SFFA Action during the time period between November 2014 and January 2016, and what Zurich did with that knowledge when it set rates and premiums for the insurance policies it sold Harvard.

21.     Harvard requests depositions of Amauri Taveras, Russel Creighton, and other individuals at Zurich whose identities are not yet known, to obtain information necessary to respond to Zurich's motion for summary judgment; to discover information concerning Zurich's knowledge of the SFFA Action during the time period between November 2014 and January 2016; to ascertain what Zurich did with that knowledge when it set rates and premiums for the insurance policies it sold Harvard; and to authenticate documents for use in summary judgment or trial.

## III.     EFFORTS BY HARVARD TO OBTAIN DISCOVERY AND WHY THOSE EFFORTS WERE UNSUCCESSFUL

22.     Despite timely serving written discovery requests, Harvard has been unable to obtain the critical discovery it seeks in this case.  Zurich has refused to produce or undertake searches for relevant, necessary information that Harvard requested.

23.     Harvard engaged with Zurich in a discovery meet and confer process beginning in early June 2022, and running until this month.  That process is more fully detailed in Harvard's concurrently filed Motion to Compel.  During that process, Zurich continually blocked the crucial discovery sought by Harvard regarding Zurich's knowledge of the SFFA Action prior to January 30, 2016, and what Zurich did with that knowledge when setting rates and premiums.

24.     Without that written discovery, Harvard is unable to take depositions of Zurich personnel, many of whom are not even identified despite interrogatory requests seeking identities.

docs-100514663.3

25.    Zurich has moved for summary judgment at the same time that it is obstructing the basic, relevant discovery sought by Harvard, in an effort to have Harvard's case thrown out without that evidence coming to light or being considered by the Court.

26.    Because of Zurich's refusal to produce relevant discovery, Harvard is filing a Motion to Compel concurrent with this Rule 56(d) motion to compel discovery as follows:

(1) Identify Zurich personnel with substantive knowledge related to the Harvard account since November 2014, and their direct and indirect supervisors in accordance with Harvard's Interrogatory Nos. 3 and 4;

(2) Run a targeted search for, and produce copies of, documents and communications from November 17, 2014 to January 30, 2016 regarding the SFFA Action in accordance with Harvard's Document Request Nos. 6, 15, 17, 18 and 19;

(3)  Produce copies of Zurich underwriting files for policy years 2014 to 2018 in accordance with Harvard's Document Request Nos. 5 and 7; and

(4) Provide a response to Harvard's Interrogatory No. 5, asking Zurich to describe what it did in response to Harvard's March 10, 2021 letter, including whether Zurich instituted a litigation hold as requested in that letter.

27.    As set forth in Harvard's Motion to Compel, Harvard has a need for further discovery in this matter pertaining to issues that would seek to defeat the late notice defense on which Zurich moves for summary judgment.

## IV.    HARVARD CAN OBTAIN DISCOVERY IN A REASONABLE TIME

28.    Harvard expects it can obtain the discovery it seeks herein from Zurich in a reasonable time.  Harvard is filing a motion to compel concurrent with its Rule 56(d) motion targeting the written discovery Zurich as refused to produce.  As set forth in detail in that motion

to compel, the underwriting materials should be readily available to Zurich, as even the limited

documents produced by Zurich indicate they contain key documents are readily available in a

shared drive location.

29.     Moreover, Harvard does not expect a targeted electronic search of the emails of

certain to-be-identified individuals, as requested in the Motion to Compel, to be time extensive.

30.     In addition, Harvard should be able to notice and take the sought depositions

within a reasonable time after receiving the paper and electronic discovery requested from

Zurich.

## V.     WHY THIS EVIDENCE WOULD SERVE TO DEFEAT ZURICH'S MOTION FOR SUMMARY JUDGMENT

31.     Zurich seeks to avoid its coverage obligations to Harvard based on a late notice

defense.  Harvard contends that Zurich did have notice of the SFFA Action during the relevant

time period, between November 2014 and January 30, 2016.  *See* Complaint (Dkt. # 1) at ¶¶ 52-

54.  At this stage, Zurich has argued that Harvard has not raised genuine issues of material fact

sufficient to overcome Zurich's late notice defense as a matter of law.

32.     Massachusetts law is clear that the purpose of a notice provision in a "claims

made" insurance policy, like the policy Zurich sold to Harvard, is to ensure that the insurance

company knows about claims at the end of the policy period and can set rates accordingly going

forward.  *See Tenovsky v. Alliance Syndicate, Inc.*, 424 Mass. 678, 680 (1997); *Chas. T. Main,*

*Inc. v. Fireman's Fund Ins. Co.*, 406 Mass. 862, 865 (1990); *New England Env'tl Tech. v. Am.*

*Safety Risk Retention Grp., Inc.*, 738 F. Supp. 2d 249, 256 (D. Mass. 2010).

33.     Given the notoriety of the SFFA Action and the widespread news reporting on it,

*see* Complaint (Dkt. #1) at ¶ 39, as well as Zurich's relationship with Harvard and underwriting

on Harvard's account (including regular reference to Harvard's loss history), Harvard has

8

reasonable grounds to believe that further discovery requested herein (and in Harvard's concurrently filed Motion to Compel) will assist Harvard in defeating Zurich's late notice defense.  Indeed, that further discovery is aimed at conclusively establishing that Zurich had actual notice of the SFFA Action prior to January 30, 2016, and showing what Zurich did with that knowledge when setting rates and premiums for Harvard's excess insurance.

34.     The documents already in Harvard's possession demonstrate that there are numerous underwriting materials in Zurich's possession that it has failed or refused to produce, including: (1) underwriting files; (2) loss runs and other loss data used in underwriting; and (3) litigation summaries, news articles and press reports used during policy underwriting.  That material will help demonstrate Zurich's knowledge of the SFFA Action during the period from November 2014 to January 2016, and what Zurich did with that knowledge when it set rates and premiums for the insurance sold to Harvard.

35.     At a minimum, Harvard expects the additional, targeted discovery will result in a genuine, triable issue of material fact sufficient to defeat Zurich's motion for summary judgment. At best, the discovery will defeat Zurich's late notice defense as a matter of law.

36.     Accordingly, each of the Rule 56(d) discovery requests for the production of documents, identification of individuals, and depositions are targeted, relevant, and necessary for clarifying the facts, and thus likely to assist Harvard in defeating the late notice defense that is the basis for Zurich's summary judgment motion, or in raising genuine, triable issues of material fact sufficient to defeat that motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed:     August 23, 2022
              Chilmark, Massachusetts


                                    _/s/ Marshall Gilinsky____
                                        Marshall Gilinsky