UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PRESIDENT AND FELLOWS OF
HARVARD COLLEGE,

               Plaintiff,

     v.

ZURICH AMERICAN INSURANCE
COMPANY,

               Defendant.

Civil Action No. 21-CV-11530-ADB

**DEFENDANT ZURICH AMERICAN INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(d) AND FOR EXPEDITED HEARING**

## <u>TABLE OF CONTENTS</u>

**Page(s)**

I.    PRELIMINARY STATEMENT AND SUMMARY OF OPPOSITION ............................ 1

II.   FACTUAL BACKGROUND ............................................................................................ 3

III.  ARGUMENT ................................................................................................................... 3

   A.   Legal Standards Under Rule 56(d) .................................................................... 3

   B.   Harvard Has Not Shown and Cannot Show Good Cause, Utility and Materiality of the Discovery Sought ................................................................................................ 5

   C.   Harvard Has Failed to Demonstrate that the Discovery Sought Can be Assembled in a Reasonable Time or Without Undue Burden on Zurich ................................................. 7

IV.   CONCLUSION ............................................................................................................... 11

# **TABLE OF AUTHORITIES**

**Page(s)**

Cᴀsᴇs

*Chas. T. Main, Inc. v. Fireman's Fund Ins. Co.*,
    406 Mass. 862 (1990) ...........................................................................................6

*Emigrant Residential LLC v. Pinti*,
    37 F.4th 717 (1st Cir. 2022) ..................................................................................5

*Flynn v. New England Ins. Co., Inc.*,
    96–1193D, 1998 WL 150384 (Mass. Super. 1998) ...............................................6

*Gargano v. Liberty Int'l Underwriters, Inc.*,
    572 F.3d 45 (1st Cir. 2009) ....................................................................................6

*Hicks v. Johnson*,
    755 F.3d 738 (1st Cir. 2014) ...............................................................................4, 5

*In re PHC, Inc. S'holder Litig.*,
    762 F.3d 138 (1st Cir. 2014) ...............................................................................4, 5

*Jones v. Secord*,
    684 F.3d 1 (1st Cir. 2012) ......................................................................................4

*National Union Fire Ins. Co. v. Talcott*,
    931 F.2d 166 (1st Cir. 1991) ..................................................................................6

*Nieves–Romero v. United States*,
    715 F.3d 375 (1st Cir. 2013) ...............................................................................4, 7

*Northbrook Excess & Surplus Ins. Co. v. Medical Malpractice Joint Underwriting
    Ass'n*,
    1988 U.S. Dist. LEXIS 17954 (D. Mass. March 9, 1988) .....................................6

*Rivera–Torres v. Rey–Hernández*,
    502 F.3d 7 (1st Cir.2007) .......................................................................................4

*Tenovsky v. Alliance Syndicate, Inc.*,
    424 Mass. 678 (1997) .............................................................................................6

Zurich American Insurance Company ("Zurich") respectfully submits this memorandum of law in opposition to Plaintiff President and Fellows of Harvard College's ("Harvard") motion pursuant to Federal Rule of Civil Procedure 56(d) and for expedited hearing (Dkt. 34-36).

## I.      PRELIMINARY STATEMENT AND SUMMARY OF OPPOSITION

In a desperate attempt to delay the inevitable dismissal of its claim against Zurich, Harvard asks the Court to defer consideration of Zurich's pending summary judgment motion (Dkt. 28-30) under the guise of needing additional discovery to oppose that summary judgment motion. What Harvard ignores in the first instance is that none of the discovery it claims to need is in any way relevant to the sole issue raised in Zurich's summary judgment motion and that none of the discovery will in any way create a genuine issue of material fact to defeat that motion. Not only is the discovery irrelevant, but, contrary to the self-serving statements in the declaration of Harvard's counsel (who has no first-hand knowledge of the statements he purports to make under penalty of perjury and which statements are thus pure conjecture), the requested discovery would not only be not proportional to the needs of the case but unduly burdensome on Zurich.[1]

As discussed in other filings, this insurance coverage case presents a single legal issue based on facts that are not in dispute. Harvard seeks coverage for an underlying lawsuit (the "SFFA Action") under a claims-made and reported insurance policy issued by Zurich (the "Zurich Policy"). The Zurich Policy required Harvard to report all Claims made during the policy period no later than ninety (90) days after the policy expired. The underlying SFFA Action was filed in November 2014, the Zurich Policy expired on November 1, 2015, and

---

[1] This is more fully discussed in Zurich's simultaneously-filed opposition to Harvard's motion to compel.

1

Harvard, by its own admission, first gave notice to Zurich of the SFFA Action on May 23, 2017. Again, none of those facts are in dispute.

Given that this case involves only a single legal issue and no disputed facts, Zurich filed its motion for summary judgment. (Dkt. 28-30.) Harvard now asks the Court to defer ruling on that motion on the unfounded basis that it needs extensive discovery to oppose the motion. Harvard's Rule 56(d) motion is utterly lacking in merit.

The "discovery" sought by Harvard is a blatant fishing expedition and has absolutely no relevance to the issue presented by Zurich's summary judgment motion. Despite admitting that it first gave notice to Zurich approximately eighteen (18) months after the Zurich Policy expired (rather than within ninety (90) days as required by the Zurich Policy), Harvard argues that Zurich must have learned of the SFFA Action independently before Harvard notified Zurich because the SFFA Action was widely reported in the news media. Harvard thus seeks broad discovery from Zurich concerning information as to whether anyone at Zurich read such news reports and thus knew of the SFFA Action, purportedly excusing Harvard from its admitted failure to comply with its reporting obligations. Harvard also seeks discovery concerning the underwriting of several policies issued by Zurich to Harvard, purportedly on the theory that if Zurich took the SFFA Action into consideration in setting premiums for those policies, then that would establish that Zurich was aware of the SFFA Action, also purportedly excusing Harvard from its admitted failure to comply with its reporting obligations.

None of this discovery is relevant to this case, and, even if Harvard obtained the information it believes exists, it would not create a material issue of fact sufficient to defeat Zurich's summary judgment motion. Massachusetts law is clear, as the Massachusetts courts, including the Supreme Judicial Court, First Circuit, and this Court have all held that any such

knowledge by Zurich is entirely irrelevant to Harvard's claim for coverage. Instead, Massachusetts law is well-settled that in order to trigger coverage under a claims-made and reported policy such as the Zurich Policy here, Harvard was required to report the SFFA Action to Zurich and specifically request coverage for that lawsuit no later than ninety (90) days after the policy expired, or by January 30, 2016. Since Harvard, by its own admission, first gave notice to Zurich of the SFFA Action on May 23, 2017, no coverage is available. Thus, the only material facts at issue are: (i) the date on which the SFFA Action was filed; (ii) the date the Zurich Policy expired; and (iii) the date on which Harvard reported the SFFA Action to Zurich. None of those facts are in dispute and the discovery sought by Harvard has no bearing on those facts or the legal issue presented.

For these reasons, Harvard's Rule 56(d) motion is entirely improper and should be denied by the Court, and the Court should proceed to determine Zurich's summary judgment motion on the merits.

## II.   FACTUAL BACKGROUND

The background relevant to Zurich's summary judgment motion and the discovery sought by Harvard is set forth in detail in both Zurich's motion for summary judgment (Dkt. 28-30) and Zurich's opposition to Harvard's motion to compel, which opposition is being filed simultaneously with this opposition to Harvard's Rule 56(d) motion. For this reason, Zurich will not further burden the Court with a repetitive recitation of the background and respectfully refers the Court to Zurich's filings on the other pending motions.

## III.   ARGUMENT

### A.   Legal Standards Under Rule 56(d)

Rule 56(d) provides as follows:

> (d)     When Facts Are Unavailable to the Nonmovant. If a
> nonmovant shows by affidavit or declaration that, for specified
> reasons, it cannot present facts essential to justify its opposition, the
> court may:
>
> > (1)     defer considering the motion or deny it;
> > (2)     allow time to obtain affidavits or declarations or to
> > take discovery; or
> > (3)     issue any other appropriate order.

Fed.R.Civ.P. 56(d).

As the First Circuit has held, "Rule 56(d) affords a safety net for parties that need more time to gather facts **essential to resist** a motion for summary judgment." *Jones v. Secord*, 684 F.3d 1, 6 (1st Cir. 2012) (emphasis added), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (explaining that "[a]ny potential problem with [a] premature [motion for summary judgment] can be adequately dealt with under [this rule]"); *Rivera–Torres v. Rey–Hernández*, 502 F.3d 7, 10 (1st Cir.2007) (similar).

The First Circuit has further held that "[t]o invoke Rule 56(d), a party must furnish the district court with a timely statement that "(i) explains his or her current inability to adduce the facts essential to filing an opposition, (ii) provides a plausible basis for believing that the sought-after facts can be assembled within a reasonable time, and (iii) indicates how those facts would influence the outcome of the pending summary judgment motion." *Nieves–Romero v. United States*, 715 F.3d 375, 381 (1st Cir. 2013), quoting *Velez v. Awning Windows, Inc.*, 375 F.3d 35, 40 (1st Cir.2004).

Significantly, and particularly relevant here, the First Circuit has also held that "the district court is entitled to refuse a Rule 56(d) motion if it concludes that the party opposing summary judgment is unlikely to garner useful evidence from supplemental discovery." *Hicks v. Johnson*, 755 F.3d 738, 743 (1st Cir. 2014); *see also In re PHC, Inc. S'holder Litig.,* 762 F.3d

4

138, 143–44 (1st Cir. 2014) (Rule 56(d) requires showing of good cause, utility, and materiality of the discovery sought). In *Hicks*, the First Circuit further held that "[w]e have previously cautioned that Rule 56(d) relief is not to be granted as a matter of course." *Hicks*, 762 F.3d at 143-44. Finally, in *Emigrant Residential LLC v. Pinti*, 37 F.4th 717, 724 (1st Cir. 2022), the First Circuit held that "Rule 56(d) is not meant to clear the way for additional discovery on demand."

### B.   Harvard Has Not Shown and Cannot Show Good Cause, Utility and Materiality of the Discovery Sought

Harvard contends that the discovery it now seeks, including voluminous document discovery and depositions (which Harvard sought for the first time in its Rule 56(d) motion), will show Zurich's knowledge of the SFFA Action between what it acknowledges to be the critical time period—November 2014 and January 2016 (the time by which Harvard was required to report the SFFA Action to Zurich).

What Harvard is carefully avoiding, however, is the undisputed fact that any knowledge acquired by Zurich of the SFFA Action during that crucial time period would have been obtained from sources other than Harvard. This is because, again, Harvard has admitted that it first reported the SFFA Action to Zurich on May 23, 2017, nearly sixteen (16) months after the time for Harvard to report that case to Zurich had expired. Harvard contends that because of the notoriety of the SFFA Action and the widespread news reporting about that case, the discovery sought by Harvard will assist Harvard in defeating Zurich's defense to coverage.

Even if the discovery sought by Harvard were to demonstrate that Zurich was aware of the SFFA Action from sources such as news reporting (or any other source other than the actual reporting of that case to Zurich by Harvard in May 2017), it would not change the outcome of Zurich's summary judgment motion.

As is already the subject of Zurich's pending motion for summary judgment (Dkt. 28-30), Massachusetts law is clear that such reporting requirements in claims-made-and-reported policies are enforceable and must be strictly complied with, and the insurer is not required to demonstrate that it was prejudiced by the insured's failure to comply. *See, e.g.*, *Gargano v. Liberty Int'l Underwriters, Inc.*, 572 F.3d 45, 49 (1st Cir. 2009); *National Union Fire Ins. Co. v. Talcott*, 931 F.2d 166, 168 (1st Cir. 1991); *Tenovsky v. Alliance Syndicate, Inc.*, 424 Mass. 678, 681 (1997)("the requirement that notice of the claim be given in the policy period or shortly thereafter in the claims-made policy period is of the essence in determining whether coverage exists"); *Chas. T. Main, Inc. v. Fireman's Fund Ins. Co.*, 406 Mass. 862, 864–65 (1990) (same); *Catlin Specialty Ins. Co. v. American Superconductor Corp.*, 32 Mass.L.Rptr. 93 (Mass. Super. 2014); *Flynn v. New England Ins. Co., Inc.*, 96–1193D, 1998 WL 150384 at \*9 (Mass. Super. 1998) ("In the case of a claims made policy, an insured's failure to comply with notice and reporting provisions bars coverage, regardless of any prejudice to the insurer.").[2]

While Harvard attempts to justify seeking the discovery on the basis that it would show that Zurich was aware of the SFFA Action from "widespread media attention" (Dkt. 32 at 1), this argument has been rejected by Massachusetts courts. *See, e.g.*, *Fanaras Enterprises Inc. v. Law Offices of Roger Allen Doane*, 1 Mass.L.Rptr. 145 (Mass. Super. 1993); *Flynn*, 1998 WL 150384 at \*11, citing *Hartford Accident and Indemnity Co. v. Gulf Ins. Co.*, 776 F.2d 1380, 1383 (7th Cir.1985); *Boyle v. Zurich American Ins. Co.*, 32 Mass.L.Rptr. 352 (Mass. Super. 2014), vacated on other grounds, 472 Mass. 649 (2015); *Northbrook Excess & Surplus Ins. Co. v. Medical Malpractice Joint Underwriting Ass'n*, 1988 U.S. Dist. LEXIS 17954 (D. Mass. March 9, 1988),

---

[2] Zurich respectfully refers the Court to its Memorandum of Law in support of its Motion for Summary Judgment (Dkt. 30 at pp. 5-9) for a full discussion of this issue.

citing *City of Harrisburg v. International Surplus Lines Insurance Company*, 596 F. Supp., 954 (M.D. Pa. 1984), *aff'd* 770 F.2d 1067 (3rd Cir. 1985). Indeed, as the court held in *Fanaras*, "[m]ere knowledge that an insured is sued does not constitute tender of a claim. What is required is knowledge that the suit is potentially within the policy's coverage coupled with knowledge that the insurer's assistance is desired ... An insurance company is not required to intermeddle officiously where its services have not been requested." 1993 WL 818902, at \*3 (emphasis added).[3]

Since Massachusetts law is clear that any knowledge by Zurich of the SFFA Action before that case was reported by Harvard to Zurich on May 23, 2017 is irrelevant to Harvard's reporting obligations as set forth in the claims-made-and-reported policy issued by Zurich, the discovery sought by Harvard does not have the required utility and materiality to support Harvard's Rule 56(d) motion. Moreover, the information sought by Harvard is clearly not "essential to resist" Zurich's motion for summary judgment as required by Rule 56(d) and settled First Circuit authority because the only facts material to the late reporting issue in this matter are undisputed. For these reasons, Harvard's Rule 56(d) motion should be denied, and the Court should decline to defer consideration of Zurich's pending motion for summary judgment.

C.    **Harvard Has Failed to Demonstrate that the Discovery Sought Can be Assembled in a Reasonable Time or Without Undue Burden on Zurich**

As previously discussed, the First Circuit has held that the party seeking relief under Rule 56(d) must demonstrate a basis for believing that "the sought-after facts can be assembled within a reasonable time." *Nieves–Romero*, 715 F.3d at 381, quoting *Velez*, 375 F.3d at 40. Recognizing the requirement that it make such showing, Harvard suggests, in a declaration of its counsel, that

---

[3] Again, Zurich respectfully refers the Court to its Memorandum of Law in support of its Motion for Summary Judgment (Dkt. 30 at pp. 9-13) for a full discussion of this issue.

"Harvard does not expect a targeted electronic search of the emails of certain to-be-identified individuals, as requested in the Motion to Compel, to be time extensive." (Dkt. 36 at ¶ 29.)

Of course, Harvard's counsel has no personal knowledge to support this statement. First, Harvard refers to the emails of "certain-to-be-identified" individuals, making it unclear as to which "individuals" Harvard's counsel is referring. Seemingly, Harvard contends that someone at Zurich must have been aware of the SFFA Action from news reports. It thus appears that Harvard is suggesting that the knowledge of any Zurich employee of the SFFA Lawsuit before it was reported by  Harvard to Zurich would be sufficient to satisfy Harvard's reporting obligation.[4] This would require a search of the emails of potentially thousands of individuals. If Harvard believes that the knowledge of only a certain category of Zurich employees would be sufficient, Harvard fails to identify that category. Indeed, this seems to undermine Harvard's argument. If Harvard suggests that news reports of the SFFA Action were sufficient to put Zurich on notice of that case, it fails to identify the categories of employees whose knowledge would be sufficient. Harvard refers to individuals "familiar with" the Harvard account, but that hardly limits the potential pool. Moreover, Harvard includes Zurich underwriters in the categories of people whose knowledge should be probed. But this ignores the clear provision of the Zurich Policy that notice must specifically be given to the Zurich claims department and not to the underwriting department. The Zurich Policy clearly distinguishes between notices of Claim information and any other types of notices required under the policy and provides separate and distinct notice addresses for both. The Zurich Policy states:

Item 5. Notice to Underwriter[5]:

---

[4] This suggestion by Harvard, again, has no merit for the reasons discussed in Section III.B, supra, and as stated in Zurich's Motion for Summary Judgment.
[5] The Zurich Policy defines "Underwriter" to mean Zurich. (Dkt. 1-1 at 8 of 15.)

|  A. Address for Notice of Claim or<br>Potential Claim | B. Address for All Other Notices: |
|---|---|
| Attn:  Zurich North America<br>        Management Solutions Claims<br>        P.O. Box 968041<br>        Schaumburg, Illinois 60196-8041<br>        Fax #: (866) 255-2962<br>        Email: msgclms@zurichna.com | Attn: Zurich American<br>       Insurance Company<br>       Strategic Risk Solutions<br>       Group<br>       1 Liberty Plaza, 32nd<br>       Floor<br>       New York, NY 10006 |

Dkt. 1-1 at page 8 of 15. Thus, even if a Zurich underwriter had knowledge of the SFFA Action, it would not be valid notice of a Claim to Zurich.

Second, Harvard's contention ignores the reality of Zurich's ability to perform a "targeted electronic search of the emails" of those employees that Harvard considers relevant for the time period in issue. Again, aware that it was required to report the SFFA Action to Zurich before January 30, 2016, Harvard is seeking to require Zurich to run a "targeted search" of emails for an unspecified number of employees during the period November 17, 2014 (when the SFFA Action was filed) through January 30, 2016 (the last date on which Harvard was permitted to report the SFFA Action). Dkt. 36 ¶ 26; Dkt. 32 at 16.

During the time period for the search identified by Harvard, November 17, 2014 to January 30, 2016, emails were sent and received through Zurich's legacy email system, which is no longer in use. None of those emails would have been sent or received on Zurich's current email system, which went into use only after January 2016. (*See* Declaration of Julye Frankland ("Frankland Dec.") ¶ 9.)

Those emails would instead be stored on monthly disaster recovery tapes, if they are available at all. In order to obtain emails from this period, Zurich would have to restore separate monthly disaster recovery tapes for each custodian. For one custodian, if available, it would be expected that there would be approximately twelve (12) tapes for a single year of emails. Zurich

would have to use a specialized contractor to restore monthly legacy disaster recovery tapes for each custodian's emails, which is a multi-step process that could take several months to complete. (Frankland Dec. ¶ 10.)

Zurich would then have to send the emails restored from those disaster recovery tapes to another specialized third party eDiscovery vendor to process, index, de-duplicate, and apply search terms across each custodian's emails in an attempt to narrow the emails to those that may relate to the underlying lawsuit at issue in this case. Zurich would then have to incur hourly attorney fees to manually review those emails to identify and isolate potentially relevant and non-privileged emails. (Frankland Dec. ¶ 11.)

It would be extremely burdensome on Zurich to even begin the process to obtain sufficient information to calculate an accurate cost of searching for and producing the emails sent or received by numerous custodians over the course of the fifteen months sought by Harvard. (Frankland Dec. ¶ 13.) However, in a case involving multiple custodians and more than one year of emails, it is likely that this entire process could cost at least $50,000, and potentially substantially more. (Frankland Dec. ¶ 13.)

Moreover, the discovery being sought by Harvard is already the subject of Harvard's pending motion to compel, which Zurich is opposing in a simultaneous filing. Thus, it could be a significant time before that discovery motion is heard and resolved, further supporting Zurich's position that the discovery sought by Harvard cannot be obtained in a reasonable time.[6]

---

[6] Given Zurich's position that the discovery sought by Harvard is irrelevant to the issues in dispute in this case, as supported by clear Massachusetts law discussed here and in Zurich's summary judgment motion, Zurich respectfully requests that the Court hold Harvard's motion to compel in abeyance pending the outcome of this motion and, if the Court elects to proceed with consideration of Zurich's summary judgment motion, the outcome of that motion as well.

For all of these reasons, Harvard has failed to establish that the extensive discovery it seeks can be obtained in a reasonable time, and the Court should thus decline Harvard's request to defer consideration of Zurich's summary judgment motion and should deny Harvard's motion pursuant to Rule 56(d).

## IV.   <u>CONCLUSION</u>

For all of the foregoing reasons, Zurich respectfully requests that the Court deny Harvard's Motion Pursuant to Rule 56(d) and proceed to consideration and determination of Zurich's Motion for Summary Judgment.

Dated: September 16, 2022

Respectfully submitted,

ROPERS MAJESKI PC

By: <u>/s/ Andrew L. Margulis</u>
Andrew L. Margulis *Pro Hac Vice*
Andres Avila *Pro Hac Vice*
750 Third Avenue, Floor 25
New York, New York 10017
Telephone: (212) 668-5297
Facsimile: (212) 668-5929
E-mail: Andrew.Margulis@ropers.com
Andres.avila@ropers.com

Paul T. Muniz (BBO No. 564786)
Donovan Hatem LLP
53 State Street, 8th Floor
Boston, MA 02109
Telephone: (617) 406-4500
Facsimile:  (617) 406-4501
Email:  pmuniz@donovanhatem.com

*Attorneys for Defendant Zurich American Insurance Company*

**<u>Certificate of Service</u>**

I hereby certify that the foregoing document will be filed through the ECF system and sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 16, 2022, and courtesy electronic copies will be sent to counsel for parties who have not yet appeared in this action.

/s/ *Andrew L. Margulis*
Andrew L. Margulis

4856-9154-8976.7