UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>                Plaintiff,<br><br>   v.<br><br>ZURICH AMERICAN INSURANCE COMPANY,<br><br>                Defendant. | Civil Action No. 21-CV-11530-ADB |

## JOINT MOTION TO IMPOUND

Pursuant to Fed. R. Civ. P. 5.2(e) and Local Rule 7.2, Plaintiff President and Fellows of

Harvard College ("Harvard") and Defendant Zurich American Insurance Company ("Zurich")

(Harvard and Zurich, together, the "Parties") seek an order impounding certain exhibits to

Zurich's motion for summary judgment and Harvard's response in opposition thereto, which

contain certain materials that the parties have marked "Confidential."  The document Zurich

seeks to impound is a page on Harvard's interrogatory responses that is marked "Confidential,"

which Zurich inadvertently filed as part of an exhibit to its summary judgment motion.  The

documents Harvard seeks to impound are underwriting deal memoranda and an email containing

loss metrics, and are to be filed on September 19, 2022.  In support of this motion, the Parties

state:

      1.      Both Parties assent to the relief requested here, without waiver of their rights.

2.      The deadline for Harvard to file its response in opposition to Zurich's summary judgment motion is September 19, 2022.[1]

3.      Harvard's opposition relies on and quotes documents Zurich produced as "Confidential" under the Stipulated FRE 502(d) and Protective Order (the "Protective Order") filed before this Court and entered on July 12, 2022 (Dkt. 25).

4.      Zurich produced those documents marked "Confidential" on September 14, 2022.

5.      Those documents that Harvard seeks to impound include, for example, deal memoranda concerning information used in the underwriting of certain insurance policies Zurich sold to Harvard, and an internal email containing profit and loss information.  Exs. A, B, C, D, E, and F.

6.      On August 18, 2022, Zurich filed its motion for summary judgment (Dkt. 28-30). That filing included the Declaration of Andrew L. Margulis with exhibits thereto.  (Dkt. 28-1). Exhibit F to that Declaration contains the page that Harvard marked "Confidential" pursuant to the Protective Order.  (Dkt. 28-7).  Zurich inadvertently filed that page to the public docket at the time of filing of its motion.

7.      "Though the public's right of access is vibrant, it is not unfettered. Important countervailing interests can, in given instances, overwhelm the usual presumption and defeat access." *United States v. Kravetz*, 706 F.3d 47, 59 (1st Cir. 2013) (citing *Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998)).

---

[1] While this motion to impound remains pending during Harvard's deadline to file its summary judgment opposition, Harvard intends to file a placeholder page in lieu of the documents marked "Confidential" until the Court rules on this motion.  Harvard will subsequently submit the documents in accordance with the Court's ruling.

8.      The Protective Order is intended to provide a means for protection from public disclosure "confidential, proprietary, financial, or private information that is not generally known."  Dkt. 25 at ¶ 1.

9.      To comply with its obligations under the Protective Order and seek to preserve Zurich's designation of confidentiality of such documents, Harvard seeks an Order impounding the designated exhibits to its summary judgment opposition marked "Confidential" until further order of the Court.

10.     To comply with its obligations under the Protective Order and seek to preserve Harvard's designation of confidentiality, Zurich seeks an Order impounding page 14 to Exhibit F of the Margulis Declaration (*i.e.*, Dkt. 28-7 at p. 15 of 17).  Because that page is already filed to the docket, Zurich requests the Court remove from public access that entire document pending resolution of this motion to impound.  Should the Court grant the relief sought by this motion, Zurich will promptly file to the docket a copy of that exhibit with the "Confidential" page redacted.

11.     The Parties respectfully request that, should the Court grant this motion to impound, upon expiration of the Impoundment Order, the impounded documents be destroyed or returned to the custody of the Parties and not be made available to the public.

WHEREFORE, the parties respectfully request the Court to impound and prohibit a nonparty's remote electronic access to the documents until further order of the Court.


Dated: September 19, 2022

Respectfully submitted,

Counsel for President and Fellows of
Harvard College

   */s/ Marshall N. Gilinsky*     
**ANDERSON KILL P.C.**
Marshall N. Gilinsky, BBO #569181
Ethan W. Middlebrooks, Pro Hac Vice
Jade Sobh, Pro Hac Vice
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 278-1000
Fax: (212) 278-1733
mgilinsky@andersonkill.com
emiddlebrooks@andersonkill.com
jsobh@andersonkill.com

Counsel for Zurich American
Insurance Company

     */s/ Andrew L. Margulis*     
**ROPERS MAJESKI, PC**
Andrew L. Margulis, Pro Hac Vice
Andres Avila, Pro Hac Vice
750 Third Avenue, 25th Floor
New York, NY 10017
Tel: (212) 688-5927
Fax: (212) 668-5929
andrew.margulis@ropers.com
andres.avila@ropers.com

**DONOVAN HATEM LLP**
Paul Muniz, BBO # 564786
53 State Street, 8th Floor
Boston, MA 02109
Tel: (617) 406-4610
Fax: (617) 406-4501
pmuniz@donovanhatem.com

docs-100520258.2

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of this document was filed on September 19, 2022 through the Court's CM/ECF system and served electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Marshall N. Gilinsky*

docs-100520258.2