# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ZURICH AMERICAN INSURANCE COMPANY,<br><br>　　　　　　　　　　Defendant. | Case No. 1:21-cv-11530-ADB |

**PLAINTIFF PRESIDENT AND FELLOWS OF HARVARD COLLEGE'S
RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSIONS**

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 36 and Local Rule of the United States District Court for the District of Massachusetts 36.1, Plaintiff President and Fellows of Harvard College ("Harvard"), by and through its undersigned counsel, hereby sets forth its responses and objections to the First Set of Requests for Admissions (the "Requests") by Defendant Zurich American Insurance Company ("You" or "Zurich"):

**GENERAL OBJECTIONS AND RESPONSES**

1. Harvard objects to the Requests to the extent that they call for the admission of information covered by any applicable privilege, protection, or immunity from discovery, including, *inter alia*, attorney-client communications, attorney work product, materials prepared in anticipation of litigation, and trial preparation materials.

2. Harvard objects to the Requests to the extent that they are unduly vague, overbroad, over-burdensome, indefinite, and lacking in reasonable particularity.

3. Harvard objects to the Requests to the extent that they seek information that is not relevant.

4. Harvard objects to the Requests to the extent that Harvard lacks the knowledge to respond to the Request.

5. In responding to the Requests, Harvard does not waive any objection based on relevance, materiality, competence, privilege, immunity from disclosure, admissibility or other grounds. Nor does Harvard waive the attorney-client privilege, work product protection, or any other privilege, immunity, or other protection against disclosure with respect to the information called for in the Requests.

6. Harvard reserves the right to supplement or amend Harvard's responses at such time as any additional information Requested herein are located or their contents become known to Harvard. Harvard further reserves the right to assert any applicable privilege or objection to the admission of such additional matters.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSION

**REQUEST NO. 1:** Admit that the document attached to the Request for Admissions as Exhibit A is a genuine copy of a letter dated May 23, 2017 from Marsh to Zurich.

**RESPONSE TO REQUEST NO. 1:** Harvard admits that the document attached to the Request for Admissions as Exhibit A is a genuine copy of a letter dated May 23, 2017.

**REQUEST NO. 2:** Admit that on May 23, 2017, Marsh was Plaintiff's insurance broker in connection with the Zurich Policy.

**RESPONSE TO REQUEST NO. 2:** Harvard admits that on May 23, 2017, Marsh was Plaintiff's insurance broker in connection with the Zurich Policy.

**REQUEST NO. 3:** Admit that the document attached to the Request for Admissions as Exhibit B is a genuine copy of a letter from AIG to Mark Frazier dated August 4, 2015.

**RESPONSE TO REQUEST NO. 3:** Harvard admits that the document attached to the Request for Admissions as Exhibit B is a genuine copy of a letter from AIG to Mark Frazier dated August 4, 2015.

**REQUEST NO. 4:** Admit that Exhibit B attached to the Request for Admissions was the correspondence referenced as an attachment in Exhibit A.

**RESPONSE TO REQUEST NO. 4:** Harvard admits that the document attached to the Request for Admissions as Exhibit B was the correspondence referenced as an attachment in Exhibit A.

**REQUEST NO. 5:** Admit that the document attached to the Request for Admissions as Exhibit A was Harvard's first notification to Zurich regarding the SFFA Action.

**RESPONSE TO REQUEST NO. 5:** Harvard admits that it provided notice of the SFFA Action to Zurich via the letter attached to the Requests as Exhibit A, and further states that, upon information and belief, Zurich already had notice of the SFFA Action prior to receiving that letter and prior to January 31, 2016.

3

**REQUEST NO. 6:** Admit that the SFFA Action was filed on November 17, 2014.

**RESPONSE TO REQUEST NO. 6:** Harvard admits that the SFFA Action was filed on November 17, 2014.

**REQUEST NO. 7:** Admit that Harvard gave notice to AIG of the SFFA Action on November 19, 2014.

**RESPONSE TO REQUEST NO. 7:** Harvard admits that Harvard gave formal notice to AIG of the SFFA Action on November 19, 2014.

Dated:  August 18, 2022

By:   /s/ Ethan W. Middlebrooks
Marshall Gilinsky, Esq. (BBO # 569181)
Ethan W. Middlebrooks, Esq. (*Pro Hac Vice*)
Jade W. Sobh, Esq. (*Pro Hac Vice*)
ANDERSON KILL P.C.
1251 Avenues of the Americas
New York, New York 10020
Telephone: (212) 278-1000
Facsimile: (212) 278-1733
E-mail: mgilinsky@andersonkill.com
E-mail: emiddlebrooks@anersonkill.com
E-mail: jsobh@andersonkill.com

*Attorneys for Plaintiff President and Fellows of Harvard College*