# Exhibit F



AIG Property Casualty
Financial Lines Claims
80 Pine Street,
New York, NY 10005
www.aig.com

Talis Knets
Complex Claim Director
Employment Practices

T  646 857 1308
F  866 908 8301
talis.knets@aig.com

Correspondence Address:
AIG Property Casualty
Financial Lines Claims
P.O. Box 25947
Shawnee Mission, KS 66225

eMail new notices to
c-Claim@aig.com

Fax new notices to
866 227 1750

October 27, 2017
VIA EMAIL (mark_frazier@harvard.edu) ONLY

Mark Frazier
Manager of Claims & Loss Prevention
Harvard University
1033 Massachusetts Avenue, Suite 360
Cambridge, MA 02138

| | | |
|---|---|---|
| RE: | Insured | : President and Fellows of Harvard College |
| | Matter | : Students for Fair Admission |
| | Policy # | : 00-117-25-28 |
| | File # | : 8501095087US |
| | Marsh File # | : 14BOST146697 |

Dear Mr. Frazier:

As you are aware, I am the Complex Claims Director handling this matter and all future correspondence should be directed to my attention. The purpose of this letter is to (1) advise you of the supplemental coverage position, which is subject to a mutual reservation of rights and (2) request additional information as more fully set forth below. The reason for this supplemental coverage position is the filing of the complaint.

AIG Claims, Inc., on behalf of National Union Fire Insurance Company of Pittsburgh, PA ("National Union" or "the Insurer"), is the claims administrator handling claims arising under insurance policy number 01-817-25-28 issued to President and Fellows of Harvard College ("Harvard" or the "Insured").

We would like you to know that we appreciate you as a customer and are committed to working closely with you in the defense of this matter. We expect that you may have questions after reading this letter regarding our position and the practical impact of the reservation of rights. Please feel free to contact me regarding any questions about our coverage position as well as to discuss a plan of action for the subject claim.

In considering your request for coverage, we have carefully reviewed the insurance policy referenced above, as well as the allegations asserted. No other policies were considered. If you assert a right to coverage under another policy issued by any other member company of American International Group, Inc., please submit notice pursuant to the notice provisions contained in that policy.

Z 001688

*Summary of the Matter*

Based upon the information we have received to date, please allow the following to summarize the facts of this matter. We stress that our analysis does not imply any validity to the underlying allegations.

We are in receipt of a copy of a letter from the United States Department of Justice ("DOJ") dated September 20, 2017 (the "DOJ Letter"). The DOJ indicated it had commenced an investigation of Harvard University pursuant to Title VI of the Civil Rights Act of 1964.

The DOJ's investigation will focus on alleged race discrimination in undergraduate admissions at Harvard University. The DOJ advised that they intend to investigate complaints they received that Harvard University is discriminating against Asian Americas in its admissions and similar allegations brought in the *Students for Admissions, Inc. v. Presidents and Fellows of Harvard College (Harvard Corporation)* litigation that is being addressed under this Claim number.

The DOJ indicated they expected full cooperation with the investigation and that Harvard University will allow access by the DOJ to sources of information and facilities that may be pertinent to ascertain compliance with Title VI.

The DOJ concluded the letter by stating that they will send a request for information shortly.

*Policy*

National Union issued Educational Institution Risk Protector Policy no. 01-817-25-28 to Harvard, effective from November 1, 2014 to November 1, 2015 (the "Policy"). The Policy has a Twenty Five Million Dollar ($25,000,000.00) aggregate Limit of Liability which is subject to a Two Million Five Hundred Thousand Dollar ($2,500,000.00) self-insured retention.

Mark Frazier
Manager of Claims & Loss Prevention
Harvard University
1033 Massachusetts Avenue, Suite 360
Cambridge, MA 02138

8501095087US

October 27, 2017
Page 2 of 9

Z 001689

The self-insured retention must be exhausted before any defense and/or indemnity obligation exists. Relevant policy provisions are referenced below; please refer to the Policy for its complete terms and conditions.

*Coverage Analysis*

Solely with respect to Claims first made against an Insured during the Policy Period or the Discovery Period (if applicable) and reported to the Insurer pursuant to the terms of this policy, and subject to the other terms, conditions and limitations of this policy, this policy affords the following coverage:
…
(b)(i) *Organization Liability*: This policy shall pay the Loss of an Organization or any Plan arising from a Claim first made against such Organization or Plan during the Policy Period (or Discovery Period, if applicable) for any Wrongful Act of an Organization or Plan.

The DOJ Letter meets the Definition of Claim as that term is defined by Definition 1(c) of the General Terms and Conditions of the Policy as it alleges an Investigation Claim as that term is defined by Definition 2(pp) of the General Terms and Conditions of the Policy.

While the DOJ Letter is dated September 20, 2017, well after the expiration of the Policy Period, the DOJ Letter alleges Related Wrongful Acts to the *Students for Admissions, Inc. v. Presidents and Fellows of Harvard College (Harvard Corporation)* litigation as that term is defined by Definition 2(ppp) of the General Terms and Conditions of the Policy. Therefore, coverage for the DOJ Letter will be addressed under this Claim number.

We direct your attention to Definition 2(vv) of the Policy, Loss (other than Defense Costs) shall not include: (i) civil or criminal fines or penalties imposed by law; (ii) taxes, but solely with respect to an Investment Advisory Services Claim, only those taxes that are levied against an Insured; (iii) any amounts for which no Insured is financially liable, which are without legal recourse to any Insured or for which an Insured has not suffered any financial or economic loss or loss of other property; (iv) employment-related benefits, stock options, severance payments, golden parachutes, perquisites, deferred compensation or any other type of

Mark Frazier
Manager of Claims & Loss Prevention
Harvard University
1033 Massachusetts Avenue, Suite 360
Cambridge, MA 02138

8501095087US

October 27, 2017
Page 3 of 9

Z 001690

compensation other than salary, wages or bonus compensation, unless and to the extent that recovery of such amounts is based upon a covered Wrongful Act and is payable as a personal obligation of an Insured Person; (v) Benefits, or that portion of any settlement or award in an amount equal to and comprising such Benefits, unless and to the extent that recovery of such Benefits is based upon a covered Wrongful Act and is payable as a personal obligation of an Insured Person; (vi) overhead, over-charges or cost over-runs; (vii) an Insured's costs and expenses of complying with any injunctive or other form of equitable relief, including any costs or expenses incurred by any Insured to modify any building or property in order to make said building or property more accessible or accommodating to any disabled person and costs or expenses to conduct any educational sensitivity or other program or seminar; (viii) production costs or the cost of recall, reproduction, reprinting, return or correction of Material by any person or entity; (ix) any liability or costs incurred in connection with any educational, sensitivity or other program, policy or seminar; (x) the return or reimbursement of fees, commissions, donations, gifts or other remuneration, or that portion of any settlement or award in an amount equal to the return of such fees, commissions, donations, gifts or other remuneration; (xi) any amounts deemed uninsurable under the law pursuant to which this policy shall be construed; or ...

Notwithstanding anything in this definition of " Loss" to the contrary, Loss shall specifically include, subject to the other terms, conditions and exclusions of this policy, including, but not limited to, exclusions relating to profit or advantage, fraud or criminal acts: (i) punitive, exemplary and multiple damages (including the multiple or liquidated damages awards under the Age Discrimination in Employment Act and the Equal Pay Act); .... The enforceability of this paragraph shall be governed by such applicable law which most favors coverage for such penalties and punitive, exemplary and multiple damages. Loss shall also mean the reasonable fees and expenses of an independent fiduciary retained to review a proposed settlement of a covered Fiduciary Claim, including fees and expenses of any law firm hired by the independent fiduciary to facilitate a review of the proposed settlement....

Loss shall also include fines or penalties, if insurable by law, arising out of any violation of any Specified Regulatory Legislation ; *provided, however*, it

Mark Frazier  
Manager of Claims & Loss Prevention  
Harvard University  
1033 Massachusetts Avenue, Suite 360  
Cambridge, MA 02138

is understood and agreed that the maximum aggregate limit of the Insurer's liability for all Loss (including Defense Costs) arising from all Claims alleging a violation of any Specified Regulatory Legislation combined shall be $2,000,000 ("hereinafter " Regulatory Fines and Penalties Sublimit of Liability"). This Regulatory Fines and Penalties Sublimit of Liability is part of and not in addition to the Limit of Liability, and shall in no way serve to increase the Limit of Liability. Notwithstanding anything in this definition of "Loss" to the contrary, Loss shall not include:

> (i) the return of funds which were received from any federal, state or local governmental agency and any interest, fines or penalties arising out of the return of such funds; *provided, however*, that with regard to Claims for Wrongful Acts arising out of the return, or request to return such funds, this policy shall pay Defense Costs up to an amount not to exceed $5,000,000 (" Government Funding Defense Costs Sublimit"). This Government Funding Defense Costs Sub-Limit of Liability is part of, and not in addition to, the Policy Aggregate Limit of Liability, and shall in no way serve to increase such Policy Aggregate Limit of Liability. With respect to any Defense Costs coverage afforded pursuant to this subparagraph, it is understood that: the Insurer shall be liable to pay 60% of such Defense Costs, excess of a retention in the amount of $2,500,000 , and subject to the Limit of Liability. It is a condition of this insurance that the remaining40% of such Defense Costs shall be carried by the Insureds at their own risk and be uninsured; or

> (ii) the return of funds which were received as donations from any third party (" Donated Funds"). *Provided, however*, that Loss shall include Defense Costs incurred with respect to Claims seeking the foregoing.

*Provided, however*, that Loss shall include Defense Costs incurred with respect to Claims seeking the foregoing.

Notwithstanding anything in this Policy to the contrary, with respect to judgments, amounts paid in settlements or other amounts in which punitive, exemplary or multiplied damages, fines or penalties are awarded or paid, the coverage provided by this Policy shall apply to the broadest extent

Mark Frazier
Manager of Claims & Loss Prevention
Harvard University
1033 Massachusetts Avenue, Suite 360
Cambridge, MA 02138

8501095087US

October 27, 2017
Page 5 of 9

Z 001692

permitted by law, and the availability of such coverage shall be determined by the law of any applicable jurisdiction, (including but not limited to the jurisdiction where (i) the policy is issued, (ii) a Wrongful Act is alleged to have occurred, (iii) the Insured is domiciled or incorporated, or (iv) the Insurer is domiciled or incorporated) that is most favorable to such coverage. Furthermore, if, based on the written opinion of independent counsel (i) a jurisdiction is determined to be applicable, and (ii), fines, penalties, punitive, exemplary, special or multiplied damages are insurable under such applicable law, the Insurer will not dispute such written opinion.

Should the DOJ receive or be awarded damages which are precluded by the above definition of Loss, the Policy will not provide coverage.

We also direct your attention to Exclusion 2.1(a), which provides that the Insurer shall not be liable to make any payment for Loss in connection with any Claim made against an Insured arising out of, based upon or attributable to the gaining any material personal profit or financial advantage by such Insured to which a final, non-appealable adjudication in any underlying action or proceeding other than an action or proceeding initiated to determine coverage under the policy establishes such Insured was not legally entitled; *provided, however*, that this exclusion shall not apply to Loss attributable to any actual or alleged violation of Section 11, 12 or 15 of the Securities Act of 1933.

We further direct your attention to Exclusion 2.1(c), which provides that the Insurer shall not be liable to make any payment for Loss in connection with any Claim made against an Insured arising out of, based upon or attributable to the committing by such Insured of any deliberate criminal or deliberate fraudulent act, or any willful violation of Employee Benefit Law, if any final, non-appealable adjudication in any underlying action or proceeding other than an action or proceeding initiated to determine coverage under the policy establishes that such deliberate criminal, deliberate fraudulent or willful violation of statute, rule or law was committed; *provided, however*, for acts or omissions which are treated as a criminal violation in a Foreign Jurisdiction that are not treated as a criminal violation in the United States of America, the imposition of a criminal sanction in such Foreign Jurisdiction will not, by itself, be conclusive proof that a deliberate criminal or deliberate fraudulent act occurred.

Mark Frazier
Manager of Claims & Loss Prevention
Harvard University
1033 Massachusetts Avenue, Suite 360
Cambridge, MA 02138

Finally, we direct your attention to Exclusion 2.1(m), which provides that the Insurer shall not be liable to make any payment for Loss in connection with any Claim made against an Insured arising out of, based upon or attributable to any actual or alleged contractual liability of an Organization under any express contract or agreement, including any liability for liquidated damages, setoffs or amounts assumed in the form of a hold harmless or indemnity agreement; *provided, however,* that this exclusion does not apply to any: i. liability which would have attached in the absence of such contract or agreement; ii. obligation to prevent a Security Failure or a Privacy Event or, with respect to a Privacy Event, the liability or obligation under a confidentiality or non-disclosure agreement; iii. Employment Practices Claim; iv. the performance of, or failure to perform, Investment Advisory Services or v. Non-Indemnifiable Loss of an Insured Person.

### *Allocation*

Clause 6 of Coverage Part A of the Policy provides that if a Claim made against an Insured includes both covered and uncovered matters or if a Claim is made against an Insured and others who are not Insureds, the Insureds and the Insurer agree to exert their best efforts to agree upon a fair and proper allocation between insured Loss and uninsured loss.

### *Effective Association*

Clause 5 of Coverage Part A of the Policy provides that although the Insurer assumes no duty to defend and that it has the right, but not the obligation to effectively associate with the Insured in the defense of any Claim that appears reasonably likely to involve the Insurer. Further, the Insured shall not admit or assume any liability, enter into any settlement agreement, stipulate to any judgment, or incur any Defense Costs without the prior written consent of the Insurer. Only those settlements, stipulated judgments and Defense Costs which have been consented to by the Insurer shall be recoverable as Loss under the terms of this Policy. Accordingly, only those Defense Costs incurred subsequent to September 20, 2017 shall be considered as Loss under the Policy and erode the retention, unless insurance provided under any other policy provides coverage for such Defense Costs.

Mark Frazier
Manager of Claims & Loss Prevention
Harvard University
1033 Massachusetts Avenue, Suite 360
Cambridge, MA 02138

*Panel Counsel*

Pursuant to Clause 7 Coverage Part A of the Policy, the Insured shall select Panel Counsel to defend this matter. You may locate a list of Panel Counsel firms at www-238.aig.com, Endorsement #6 and Endorsement #14.

Kindly forward panel counsel a copy of the attached Litigation Management Guidelines, which they should abide by, and advise them that we also request quarterly status reports (more often as significant litigation events arise). We also note that National Union requires that panel counsel forward monthly bills which are itemized and in $1/10^{th}$ of an hour increments.

*Other Insurance*

Except in the case of personal liability insurance maintained by an Insured Person, and any insurance contract providing coverage that is specifically excess of this policy, all Loss payable under this policy will be specifically excess of, and will not contribute with, any other valid and collectible insurance paid to or on behalf of an Insured, including but not limited to any insurance under which there is a duty to defend, unless such other insurance is written to be specifically excess of this policy.

Coverage as is afforded by this policy shall be specifically excess of any: (i) valid and collectible indemnification paid to any Insured Person; and (ii) any other valid and collectible insurance actually paid to any Insured.

If you have any other insurance policies which may respond to this claim asserted, you should report this matter to the issuing carrier[s] immediately. Please confirm whether notice of this matter has been provided to any other carrier and, if so, please provide a copy of such carrier's coverage position as soon as practicable.

*Request for Information*

1) Current Status;
2) Panel counsel selected and panel counsel invoices;

Mark Frazier
Manager of Claims & Loss Prevention
Harvard University
1033 Massachusetts Avenue, Suite 360
Cambridge, MA 02138

October 27, 2017
8501095087US
Page 8 of 9

Z 001695

3) The coverage position and policy of any other carrier noticed about the instant claim, including but not limited to any general liability or professional liability policies.

*Reservation of Rights*

National Union's coverage position is based on the information presently available to us. This letter is not, and should not be construed as, a waiver of any terms, conditions, exclusions or other provisions of the policy, or any other policies of insurance issued by National Union or any of its affiliates. National Union expressly reserves all of its rights under the policy, at law or in equity, including the right to assert additional defenses to any claims for coverage, if subsequent information indicates that such action is warranted.

Should you have any additional information that you feel would either cause us to review our position or would assist us in our investigation or determination, we ask that you advise us as soon as possible. Also, if you are served with any additional demands or amended complaints or pleadings, please forward them to us immediately, so that we can review our coverage position.

In closing, allow me to reiterate that we value you as a customer and encourage you to contact us should you have any questions or concerns regarding the contents of this letter. Thank you for your cooperation in this matter.

Regards,

*Talis Knets*

Talis Knets
Complex Claims Director
Employment Practices
Enclosure

cc:   yvette.l.markwitz@marsh.com
      douglas.j.willis@marsh.com

Mark Frazier
Manager of Claims & Loss Prevention
Harvard University
1033 Massachusetts Avenue, Suite 360
Cambridge, MA 02138

October 27, 2017
8501095087US
Page 9 of 9

Z 001696