# Exhibit G



Douglas Willis

Marsh USA Inc.
20 Church Street
Hartford, CT 06103
+1 860 723 5600
www.marsh.com

Henry Chun
Senior Claims Counsel
Zurich North America - Management Solutions Group
PO Box 968041
Schaumburg, IL  60196-8041

November 17, 2017

**Subject:** Harvard - SFFA matter

Dear Mr. Chun:

This follows our telephone discussion Thursday morning with respect to the above matter.  We appreciate your time in agreeing to speak further with us on this case and we equally appreciate your further consideration of coverage.  Harvard has previously acknowledged Zurich's October 25, 2017 coverage letter and Harvard continues to reserve their rights under the policy and at law.

As discussed, Zurich has participated in the Harvard excess tower for several years and they sit excess of $25M primary AIG policy over Harvard's $2.5M SIR.  Harvard has always believed the insurance provided by the excess tower, and indeed the primary layer, to be catastrophic coverage.  The majority of claims are typical EPL claims that resolve well within the primary retention.  Harvard believes, and we concur, that the intent of the excess coverage is to follow the primary.  That is, to adopt the same coverage position as the primary.

The AIG policy has a provision in its Notice Clause which states that Harvard is required to provide notice of Claim to AIG when the Risk Manager or General Counsel reasonably estimate the total Loss might exceed 50% of the "applicable retention amount," a term that is not defined in the policy.  The AIG policy also contains a bordereau reporting provision, which Harvard does not currently utilize.  Rather, they prefer to report all claims on an individual basis to AIG.  Harvard's Risk Management Group and the Office of General Counsel (OGC) very closely monitor all claims and there is a good amount of dialogue with AIG on all reported matters, whether or not Harvard views the claims as having the potential to exceed $1.25M.  Harvard is extremely cooperative on all reported claims.

As we discussed, the SFFA matter triggered coverage afforded under the AIG policy.  After suit was filed, most of the legal work being done by Wilmer Hale was to prepare the Motion to Dismiss, which was filed in the fall of 2016.   Defense counsel advised that Harvard had a good chance of prevailing on the motion based on the results of the Supreme Court decision in Fisher vs. University of Texas.  In May 2017 Harvard had a meeting with defense counsel and their analysis

SOLUTIONS...DEFINED, DESIGNED, AND DELIVERED.



 MARSH

Page 2
November 17, 2017
Henry Chun
Zurich North America - Management Solutions Group

of the possible decision by the court had changed due to Harvard being a private school and
University of Texas a public school. Realizing the Motion to Dismiss may not succeed in totality,
Harvard made the decision to notify the excess tower.  The court decision was released on June
2, 2017 and some counts were dismissed and others were not.

So, while we understand Zurich's position on notice, we need to reiterate the following:

1.   The SFFA is a covered claim but for our disagreement on the notice provisions
2.   AIG has only expended $2.56M to date, with $22.44M remaining in the primary
3.   There has been no prejudice to Zurich.
4.   The SFFA litigation does not seek damages.  Claim is for defense costs only.
5.   Zurich and Harvard have a fairly long term business partnership ongoing.

Finally, as respects our disagreement on how the notice provisions apply to this claim, Zurich
seems to rely upon the provision in the AIG policy that that all Claims must be reported to the
Insurer no later than 90 days after the end of the AIG policy period. The AIG policy is a 150 page
policy with multiple terms, conditions, exclusions, definitions, etc. Zurich follows the AIG policy
and, as such, follows all of the same terms, conditions, exclusions, definitions, etc.  The insured
satisfied the requirement of notifying the Insurer no later than 90 days after expiration.  The term,
Insurer, is specifically defined in the AIG policy as National Union Fire Insurance Company of
Pittsburgh, PA.

The Zurich excess policy is a far more condensed version of the AIG policy.  That said, the Zurich
policy does have its own Reporting and Notice condition, that a claim should be reported in the
same manner required by the terms and conditions of the AIG policy.  One could argue that given
the 50% of applicable retention amount notice requirement discussed above, the insured could
reasonably interpret they are not required to notify Zurich until 50% of underlying primary limits are
reasonably expected to be impacted, an event that has not transpired even now.

Again, we certainly appreciate Zurich's further review of this matter.  We hope Zurich will give
careful consideration to the above arguments, which are not intended to be legal arguments or
exhaustive in nature, but simply a different interpretation of Zurich's initial position.  We look
forward to further discussion with Zurich.

Sincerely,

 MARSH & McLENNAN
COMPANIES

Z 001706



Page 3
November 17, 2017
Henry Chun
Zurich North America - Management Solutions Group

Douglas Willis

Copy:
Mark Frazier - Harvard

document2

MARSH & McLENNAN
COMPANIES

Z 001707