# Exhibit J



**HARVARD UNIVERSITY**
**Risk Strategy and Insurance Department**
1033 Massachusetts Avenue, Suite 360
Cambridge, Massachusetts 02138

March 10, 2021

Paul Lavelle
Chief Claims Officer
Zurich North America
Zurich American Insurance Company
1299 Zurich Way
Schaumburg, IL 60196

| | |
|---|---|
| Policyholder: | President and Fellows of Harvard College ("Harvard") |
| Insurance Co.: | Zurich American Ins. Co. ("Zurich") |
| Policy No.: | IPR 3792308-03 (the "Policy") |
| Policy Period: | November 1, 2014 – November 1, 2015 |
| Matter: | Students for Fair Admissions, Inc. ("SFFA") |
| Claim No.: | 9410562971 |

Dear Mr. Lavelle:

      I write regarding Harvard's above-referenced insurance claim seeking coverage with respect to the SFFA matter, a federal lawsuit captioned *Students for Fair Admissions, Inc. v. Presidents and Fellows of Harvard College (Harvard Corporation), et al.*, U.S.D.C. Mass., Case No. 1:14-cv-14176. As you know, Zurich has taken the position that it did not have timely notice of the SFFA matter within the policy period and reporting period and denied coverage on those grounds. Harvard respectfully requests that you reconsider the denial of Harvard's claim.

      There is good reason to believe that Zurich was cognizant of the SFFA matter within the policy period and reporting period of the Policy. To its credit, Zurich is a highly-regarded insurance company whose employees are good at their jobs – notably on the claims and underwriting side of the business. It is reasonable to expect, and Harvard's experience working with Zurich shows, that the Zurich personnel working on Harvard's account certainly would have been aware of such a well-publicized matter as the SFFA claim against Harvard.

      Specifically, the client representative and Global Relationship Leader on the Harvard account, Susan Fortin, was always knowledgeable with respect to what was happening at the University during the time Harvard worked with her - including in 2014, 2015, and 2016. Ms. Fortin was always well-prepared and informed about events involving Harvard, so much so that she frequently shared news reports about recent developments on her own and was well-informed about them in advance of meetings and conference calls.

      The filing of the SFFA lawsuit against Harvard in 2014 was prominently featured in major news outlets in 2014 and 2015, including The New York Times, Washington Post, Boston Globe, Reuters, CNN, Fox News and many others. Given Ms. Fortin's cognizance of matters involving Harvard discussed in the press, Ms. Fortin, and Zurich, surely knew about the SFFA lawsuit at or right around the time it was filed in 2014 and prior to the end of the reporting period in 2016. Others at Zurich involved with Harvard's account surely were aware from news reports about the SFFA lawsuit as well.

   Considering the notice that Zurich surely had of the SFFA matter, Harvard respectfully requests that Zurich reconsider and reverse its denial of this important insurance claim.  Should Zurich continue to stand by its denial, Harvard may be forced to initiate litigation, which likely would reveal evidence from Zurich's own files demonstrating that Zurich was aware of Harvard's claim during the policy period and reporting period.  Accordingly, please make certain that all documents in both paper and electronic form that relate to Harvard's account are preserved and none are destroyed.  Should it turn out that any relevant materials have been lost or destroyed – via automated or other means – please be advised that Harvard will seek appropriate remedies for such spoliation of evidence.

   Although you likely are aware of the status of the SFFA matter, following is a synopsis of recent events.  SFFA appealed the decision of the federal Massachusetts District Court – which was favorable for Harvard – to the United States Court of Appeals for the First Circuit.  On November 12, 2020, the First Circuit ruled in favor of Harvard and upheld the decision of the district court.  SFFA has made it clear its intention to appeal the First Circuit's decision to the United States Supreme Court, and has until April 2021 to do so.

   Harvard continues to believe that this this dispute with Zurich is best resolved outside of litigation.  The total defense costs expended to date exceed the limits of AIG's primary policy; we are aggressively pursuing payment of all remaining policy limits from AIG and expect to receive payment within the next few months. The time for Harvard and Zurich to resolve the dispute over the excess coverage is now.  Given Harvard's valued and longstanding business relationship with Zurich, and Zurich's acknowledgment that Harvard's claim would be covered but for Zurich's purported lack of timely knowledge of the claim, it is in both parties' best interests to arrive at an amicable resolution of this dispute.  Harvard appreciates that Zurich has entered into a tolling agreement so that we can work out our differences about the matter without the need for litigation.

   We are hopeful that Zurich will reconsider its denial on this important matter and look forward to your response.


Sincerely,

*Walter Pizzano*

Walter Pizzano
Director, Risk Strategy and Insurance


CC: Jill Berube, Marsh USA
   Marshall Gilinsky, Anderson Kill

HU0013939