# Exhibit A

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>      Plaintiff,<br><br>v.<br><br>ZURICH AMERICAN INSURANCE COMPANY,<br><br>      Defendant. | Civil Action No. 21-CV-11530-ADB |

**PLAINTIFF PRESIDENT AND FELLOWS OF HARVARD COLLEGE'S REPLY IN FURTHER SUPPORT OF HARVARD'S MOTION TO COMPEL AND ITS MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(d)**

NOW COMES Plaintiff President and Fellows of Harvard College ("Harvard") which hereby replies in further support of its Motion To Compel and its Motion Pursuant to Federal Rule of Civil Procedure 56(d) as follows:

**A. The Evidence Sought Is Discoverable**

Zurich misleads this Court when it says that under Massachusetts law, the evidence Harvard seeks is irrelevant and not discoverable. *See* MTC Opp. Br. (Dkt. 39) at p. 5 (claiming that Massachusetts law is clear that the discovery sought is "in no way relevant" here); Rule 56(d) Opp. Br. (Dkt. 40) at p. 7 (claiming that Massachusetts law clearly provides that the discovery sought is "irrelevant"). Contrary to these claims, none of the cases cited by Zurich involved the relevance or discoverability of evidence, and none held that the evidence Harvard seeks here is "irrelevant" or protected from discovery. Zurich's cases involve the merits of a late notice defense, not the discoverability of evidence, and none involved the factual situation here

where Zurich *did have actual notice* of the claim at issue.  *See* Harvard Summary Judgment Opp. Br. (Dkt. 47) at pp. 12-13; *see also* Harvard Local Rule 56.1 Statement (Dkt. 44) at ¶ 56.

Ultimately, the discovery Harvard seeks here is in line with controlling Massachusetts law since it goes to the purpose of claims-made notice provisions as described by the Supreme Judicial Court: to allow for post-loss rate setting by the insurance company's underwriters.  *See Tenovsky v. Alliance Syndicate, Inc.*, 424 Mass. 678, 680 (1997); *Chas. T. Main, Inc. v. Fireman's Fund Ins. Co.*, 406 Mass. 862, 865 (1990).

Zurich defies the rationale of Supreme Judicial Court's rulings when it argues that underwriting records are irrelevant because claims notices are to be addressed to Zurich's claims department.  Rule 56(d) Opp. Br. (Dkt. 40) at pp. 8-9.  Of course notice of a claim is sent to the claims department, but that does not change the *purpose* of the notice as twice explained by the SJC: to allow the *underwriters* to account for the claim in pricing policies going forward. *Tenovsky*, 424 Mass. at 680; *Chas. T. Main,* 406 Mass. at 865.  Here, Zurich's underwriters *did have notice* of the SFFA Action, and Zurich cannot be allowed to conceal that evidence using its cat-and-mouse game arguments.  The discovery of underwriting records that Harvard seeks is relevant and discoverable here.

      **B.**    **Zurich Is Using Its Own Discovery Abuses To Justify Concealment of Critical Evidence**

Zurich claims that it should not have to search the emails of relevant witnesses because Harvard supposedly has not identified by name the witnesses whose files should be searched. *See* Rule 56(d) Opp. Br. (Dkt. 40) at p. 8; MTC Opp. Br. (Dkt. 39) at p. 11.  But the only reason Harvard cannot identify the relevant witnesses by name is because Zurich refused to answer an interrogatory asking Zurich to identify the employees who worked on the Harvard account.  *See*

2

Motion to Compel (Dkt. 32) at pp. 9, 14-15; Zurich's Response to Harvard's First Set of Interrogatories (Dkt. 33-2) at Response Nos. 3 & 4.

Zurich misleadingly tells this Court that it "has already identified, pursuant to Rule 26(a), 'each individual likely to have discoverable information . . . .'" MTC Opp. Br. (Dkt. 39) at p. 9. But the truth is that Zurich's efforts to hide evidence run so deep that it has refused to identify even the name of the underwriter who evaluated the risk, set the premiums and underwrote the policies sold to Harvard during the years in question – 2014, 2015 and 2016. *See* Zurich's Rule 26 Initial Disclsoures (Dkt. 41-1); Zurich's Response to Harvard's First Set of Interrogatories (Dkt. 33-2) at Response Nos. 3 & 4; Motion to Compel (Dkt. 32) at pp. 9, 15. Surely the emails of Zurich employees like this are relevant and discoverable, and Zurich cannot conceal such evidence by refusing to identify its employees.

Especially given Zurich's strategic obfuscation, Harvard reasonably has identified the individuals whose emails need to be searched – the Zurich employees that worked on the Harvard account in 2014-2016 and their direct and indirect supervisors. *See* Motion to Compel (Dkt. 32) at p. 15. Zurich's multi-layered attempt to conceal basic facts do not render such evidence protected from discovery.

        **C.**        **Zurich's Is Actively Hiding Key Evidence**

Zurich tries to cover up its discovery abuses with claims of technological obstacles and undue expense. Scratch the surface, however, and it is clear that Zurich is acting strategically in refusing even to look for the evidence that it does not want Harvard or this Court to see.

        1.        <u>Zurich Is Misleading the Court About Its Strategically Truncated Search for Documents</u>

Zurich tells this Court that it only can access certain records because its current email system only came online in January 2016. *See* MTC Opp. Br. (Dkt. 39) at p. 11; Rule 56(d)

3

Opp. Br. (Dkt. 40) at p. 9.  But Zurich has not searched for or produced responsive documents starting in January 2016.  To the contrary, Zurich's strategically truncated search for documents only encompassed documents created after Zurich received "formal" notice of the SFFA Action in May 2017.  MTC Opp. Br. (Dkt. 39) at p. 3; Declaration of Andrew L. Margulis in Opposition to Plaintiff's Motion To Compel (Dkt. 41) at ¶ 6.  This Court must not be misled to believe that the scope of Zurich's document production is restricted by technological limitations.  Make no mistake, the *real* reason Zurich has not produced documents from November 2014 to January 2016 is that Zurich means to hide the evidence of its actual knowledge of the SFFA Action during that important time period.

2. <u>The Cost of Searching for Relevant Emails Is Proportional to the Needs of the Case</u>

Zurich admits that the cost to search for and review emails from the key time period is only about $50,000.  *See* MTC Opp. Br. (Dkt. 39) at p. 12; Rule 56(d) Opp. Br. (Dkt. 40) at p. 10; Declaration of Julye Frankland in Opposition to Plaintiff's Motion to Compel and Motion Pursuant to Rule 56(d) (Dkt. 42) at ¶ 13.  That $50,000 estimate is proportional to the needs of this case.

"Whether discovery is proportional to the needs of the case depends on, among other things, 'the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the expense of the proposed discovery outweighs its likely benefit.'"  *Gottlieb v. Amica Mut. Ins. Co.*, No. 20-cv-10509-DJC, 2021 WL 1839602, at *2 (D. Mass. May 7, 2021) (quoting Fed. R. Civ. P. 26(b)(1)).

All of these factors favor discovery of the evidence Harvard seeks about Zurich's actual knowledge of the SFFA Action and consequent ability to set Harvard's insurance premiums with the benefit of that knowledge:

- The evidence is central to the issues at stake in this action.

- The estimated $50,000 cost of retrieving that evidence is proportional to this dispute under a $15,000,000 insurance policy.

- The evidence at issue – about *Zurich's* knowledge and its setting of premiums with that knowledge – only can be obtained from Zurich.

Zurich is trying to hide the evidence that it knew about the SFFA Action before January 30, 2016 and had that knowledge when it set Harvard's insurance premiums going forward. None of Zurich's arguments exempt it from providing the basic discovery at issue.

## CONCLUSION

For the foregoing reasons, and those set forth in Harvard's moving papers (Dkts. 31-36), Harvard respectfully requests that the Court grant its Motion to Compel and its Motion Pursuant To Rule 56(d), together with such other relief as the Court deems just and proper.

Dated:  September 27, 2022            **ANDERSON KILL P.C.**

By: /s/ Marshall Gilinsky
Marshall Gilinsky, Esq. (BBO # 569181)
Ethan W. Middlebrooks, Esq. (*Pro Hac Vice*)
Jade W. Sobh, Esq. (*Pro Hac Vice*)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 278-1000
            (617) 221-5445
E-mail:  mgilinsky@andersonkill.com
E-mail:  emiddlebrooks@andersonkill.com
E-mail:  jsobh@andersonkill.com

*Attorneys for Plaintiff President and Fellows of Harvard College*