UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE, | * * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 21-cv-11530-ADB |
| ZURICH AMERICAN INSURANCE COMPANY, | * * * | |
| Defendant. | * * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Plaintiff ("Harvard") filed this suit against Defendant ("Zurich") following Zurich's decision not to provide coverage in connection with an underlying lawsuit against Harvard ("SFFA Action") under an excess insurance policy issued by Zurich (the "Zurich Policy" or the "Policy"). For the following reasons, Zurich's motion for summary judgment, [ECF No. 28], is GRANTED.

The Zurich Policy was a "claims-made-and-reported policy" which covered claims: (1) made during the Policy period of November 1, 2014 to November 1, 2015 and (2) reported in writing to Zurich no later than 90 days after the end of the Policy period. [ECF No. 1-1 (Zurich Policy) at 8–10]; see also [ECF No. 29 ¶¶ 4–9; ECF No. 44 ¶¶ 4–9; ECF No. 1-2 at 68]. Thus, Harvard, as a "condition precedent" to coverage, had to give notice, in accordance with the Policy, to Zurich of any claim no later than January 30, 2016, 90 days after expiration of the Policy. [ECF No. 54 at 18; Zurich Policy at 10]. Here, it is undisputed that Harvard first gave

notice to Zurich of the relevant claim on May 23, 2017, well past the deadline. [ECF No. 29 ¶ 12; ECF No. 44 ¶ 12].

Massachusetts law is clear that (1) the unambiguous terms of an insurance policy must be strictly enforced and (2) an insured's failure to comply with the notice provision of a claims-made policy bars coverage. "A policy of insurance whose provisions are plainly and definitely expressed in appropriate language must be enforced in accordance with its terms." Cody v. Conn. Gen. Life Ins. Co., 439 N.E.2d 234, 237 (Mass. 1982) (citations omitted). Where a condition precedent is not fulfilled, "the contract, or the obligations attached to the condition, may not be enforced." Superior Mech. Plumbing & Heating, Inc. v. Ins. Co. of W., 965 N.E.2d 890, 895 (2012) (quoting Mass. Mun. Wholesale Elec. Co. v. Danvers, 577 N.E.2d 283 (Mass. 1991)). With regard to claims-made policies such as the one at issue here, notice within the policy period "is of the essence in determining whether coverage exists." Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 49 (1st Cir. 2009) (citing Chas. T. Main, Inc. v. Fireman's Fund Ins. Co., 551 N.E.2d 28, 30 (Mass. 1990)). Massachusetts law dictates that "[a]n insured's failure to notify his insurer of a claim against him within the policy period of a claims-made policy precludes coverage." Fanaras Enters. Inc. v. L. Offs. of Roger Allen Doane, No. 872612, 1993 WL 818902, at *3 (Mass. Super. Sept. 7, 1993), aff'd sub nom. Fanaras Enters. Inc. v. Doane, 666 N.E.2d 1003 (Mass. 1996); see also Tenovsky v. All. Syndicate, Inc., 677 N.E.2d 1144, 1146 (Mass. 1997) (affirming judgment for insurer where insured failed to provide prompt written notice of claim).

Prejudice and actual or constructive knowledge are not exceptions to the general rule. As to prejudice, it is well-settled "[t]hat the notice requirements in a claims made and reported policy is to be strictly enforced, without exception for lack of prejudice . . . ." Catlin Specialty

Ins. Co. v. Am. Superconductor Corp., No. 12-cv-2314, 2014 WL 840693, at *5 (Mass. Super. Jan. 29, 2014) (finding that, under the common law of Massachusetts, an insured's failure to notify insurer of the claim during the policy period in which it was received is fatal to its claims for indemnity and defense). "To require the insurer of a 'claims made and reported' policy to demonstrate prejudice from the insured's failure to report a claim within the relevant policy period 'would defeat the fundamental concept on which claims-made policies are premised . . . .'" Gargano, 572 F.3d at 51 (citing Chas. T. Main, Inc., 551 N.E.2d at 30).

Nor is an insurer's actual or constructive knowledge of a claim sufficient notice to trigger coverage obligations under such a policy. Even in cases where insureds directly provided information about a claim to an insurer's underwriters—not the case here—courts have still held that this was insufficient to be considered notice of a claim as required by the strict provisions of a claims-made policy. See Heritage Bank of Com. v. Zurich Am. Ins. Co., No. 21-cv-10086, 2022 WL 3563784, at *3 (N.D. Cal. Aug. 17, 2022); see also Atl. Health Sys., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 463 F. App'x 162, 167 (3d Cir. 2012) (explaining the special purpose of formal notice provisions in claims-made insurance policies as "coverage trigger[s]" that must be "strictly construed" and holding that an insured "must give notice of a purportedly covered claim at the address specified by the insurer to facilitate the claims-handling process" rather than expect an underwriting department to evaluate any potential claims in its materials to forward to the claims department).

It is thus clear that Zurich's lack of prejudice, or constructive, or even actual knowledge would not change Harvard's obligation to provide notice in full compliance with the terms of the Policy. Tenovsky, 677 N.E.2d at 1146; Chas. T. Main, Inc., 551 N.E.2d at 30. As Zurich aptly observes, courts "leave no 'wiggle room'" to excuse an insured's noncompliance with the notice

3

provisions of a claims-made policy. [ECF No. 54 at 9]. Harvard's arguments to the contrary are all unavailing, unsupported by case law, controlling or otherwise. Put simply, because an unambiguous insurance policy must be applied as written; the notice provision in a claims-made policy must be strictly construed; and Harvard's failure to satisfy a condition precedent vitiates coverage, Zurich's motion for summary judgment, [ECF No. 28], is therefore <u>GRANTED</u>.

**SO ORDERED.**

November 2, 2022                                    /s/ Allison D. Burroughs
                                                    ALLISON D. BURROUGHS
                                                    U.S. DISTRICT JUDGE